UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 19-CR-00018 (ABJ) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **ROGER JASON STONE, JR.,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(ii), and (B)(iv), to designate the above-captioned case as complex, and also to exclude time from the speedy trial clock on the basis that the ends of justice served by taking such action (permitting the reasonable time necessary for effective trial preparation) outweigh the interest of the public and defendant in a speedy trial. Defense counsel has advised the government that the defense does not oppose this motion. In support of its motion, the government states as follows:

### FACTUAL BACKGROUND

On January 24, 2018, a grand jury in the District of Columbia retuned a seven count indictment charging defendant Roger Jason Stone, Jr., with one count of Obstruction of Proceedings, in violation of 18 U.S.C. §§ 1505 and 2; five counts of False Statements, in violation of 18 U.S.C. §§ 1001(a)(2) and 2, and one count of Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1). Agents from the Federal Bureau of Investigation ("FBI") arrested the defendant on January 25, 2019. This Court arraigned the defendant on January 29, 2019. The defendant

1

pled not guilty to the charges in the indictment.

Upon the entry of a protective order, the government intends to begin providing defense counsel with discovery.  This discovery in both voluminous and complex.  It is composed of multiple hard drives containing several terabytes of information consisting of, among other things, FBI case reports, search warrant applications and results (e.g., Apple iCloud accounts and email accounts), bank and financial records, and the contents of numerous physical devices (e.g., cellular phones, computers, and hard drives).  The communications contained in the iCloud accounts, email accounts, and physical devices span several years.  The government also intends to produce to the defense the contents of physical devices recently seized from his home, apartment, and office.  Those devices are currently undergoing a filter review by the FBI for potentially privileged communications.

## ARGUMENT

### I.  Legal Standard

The Court may exclude time from the 70-day speedy trial period on its own motion or at the request by either party by granting a continuance on the basis of the Court's findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

The Court may consider the following non-exhaustive factors in making the ends/interests of justice finding under Section 3161(h)(7)(B)(ii):

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

The Court may also consider the following under Section 3161(h)(7)(B)(iv):

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Given its importance, the need for reasonable time necessary for effective preparation is a proper basis to exclude the time under the Speedy Trial Act.  *United States v. Harris*, 660 F.3d 47, 51 (1st Cir. 2011) (citation omitted); *see also United States v. Hudson*, 462 Fed. Appx. 357, 358-59 (4th Cir. 2010) (no error where trial court specifically found that counsel needed the continuance to prepare for trial, *citing* 18 U.S.C. §3161(h)(7)(B)(iv)); *United States v. Jacoby*, 2012 WL 3068794, slip op. at 2-3 (D. Colo. July 26, 2012) (tolling speedy trial clock under both (B)(ii) and (B)(iv) in fraud cases involving 30,000 pages of documents), *affirmed sub. nom. United States v. Zar,* 790 F.3d 1036 (10th Cir. 2015).

Even in cases with less voluminous discovery than here, courts have found it appropriate to toll the speedy trial clock in the interests of justice in order to permit reasonable time necessary for effective trial preparation.  *See, e.g., United States v. Bran*, 2012 WL 4507903, slip op. at 2 (E.D. Va. Sept. 28, 2012) (finding case sufficiently complex where it involved "over 1,000 pages

3

of written discovery, extensive witness interviews, and . . . additional [forthcoming] discovery"); *Lionetti v. United States*, 2011 WL 5828503, slip op. at 3 (D.N.J. Nov. 18, 2011) (where complex tax evasion case involved 12,000 pages of documents in discovery, court held that request for an extension of time is precisely the type of request envisioned under 18 U.S.C. § 3161(h)(7)(B)(iv)).

Such an interests of justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

## II. The Instant Case is Complex.

Given that this matter involves voluminous discovery records, including terabytes of electronic records and data, the Court in its discretion should find this case "so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" of the Speedy Trial Act, and thus toll that time in the interests of justice.  18 U.S.C. § 3161(h)(7)(B)(ii).   In addition, the Court should in its discretion should find this that the interests of justice would be served by excluding "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv).

In addition, the filing of this motion to exclude time is a pretrial motion under 18 U.S.C. § 3161(h)(1)(D) which automatically excludes the period from the filing of any such motion through its prompt disposition.   Under 18 U.S.C. § 3161(h)(1)(D), the "periods of delay [which] shall be excluded . . . in computing the time within which the trial of any [indicted] offense must commence" includes "[a]ny period of delay . . . resulting from any pretrial motion, from the filing

of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." That period of delay includes the time during which parties prepare and file their briefs. *United States v. Hemphill*, 514 F.3d 1350, 1356-7 (D.C. Cir. 2008) (government's filing of a motion to exclude time under the Speedy Trial Act itself tolls the clock, holding that a government motion to exclude time and obtain a continuance gives rise to an excludable period of delay).

Government counsel notified the defense of the filing of this motion, and they consent to the motion.

WHEREFORE, the government respectfully requests that this Court grant the motion to have this case declared complex and exclude time under the Act as the Court deems appropriate to allow for reasonable and effective trial preparation.

Respectfully submitted,

ROBERT S. MUELLER III  
Special Counsel

JESSIE K. LIU  
U.S. Attorney for the District of Columbia

By:  /s/ Michael J. Marando  
Jonathan Kravis  
Michael J. Marando  
Assistant United States Attorneys  
555 4th Street NW  
Washington, D.C. 20530

Jeannie S. Rhee  
Aaron Zelinsky  
U.S. Department of Justice  
Special Counsel's Office  
Washington, D.C. 20530  
950 Pennsylvania Avenue NW  
Washington, D.C. 20530

Dated: January 31, 2018

CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2019 a copy of the foregoing Government's Motion and proposed Order was sent via electronic case filing to counsel for the defendant.

                                                     /s/ Michael J. Marando
                                                   Michael J. Marando
                                                   Assistant United States Attorney