IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER J. STONE, JR.,[1]

    Defendant.

_____

**ROGER STONE'S OBJECTIONS TO THE NOTICE OF RELATED CASE AND MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTIONS**

Defendant, Roger J. Stone, Jr., objects under Local Criminal Rule 57.12 to assignment of this case as being related to *United States of America v. Netyksho, et al.* (1:18-cr-00215-ABJ), and respectfully requests that the Court find that this case is not related to *Netyksho*, and Order that this case be randomly reassigned consistent with Local Criminal Rule 57.10.

## **INTRODUCTION**

Random assignment of criminal cases is required in this District pursuant to Local Criminal Rule 57.10. Random assignment supports fairness and an appearance of fairness by avoiding the perception that the government is shopping for a preferred district judge. The local rule supports an essential element of due process to which every defendant is entitled – a fair trial by a randomly selected and impartial judge.

The government has designated Roger Stone's case as related to *United States v. Netyksho et. al.* No. 18-cr-215 (ABJ). The representation of the government in regards to the relationship of Stone's case to the *Netyksho* case, made under Local Criminal Rule 57.12 is: 1)

---

[1]    Roger Stone's middle name is Joseph, not Jason.

there is a common search warrant; and, 2) there are activities which are a part of the same alleged criminal event or transaction. (*See* Exhibit 1 – "Notice of Related Case").

At first blush and without the benefit of discovery, there is nothing about these cases that suggests they are suitably related, other than they are both brought by the Office of Special Counsel. The notice served on defense counsel requires an objection to the designation be filed within ten days of the arraignment. As a result of this constraint of a timely objection, the government should be required to disclose all evidence and reasoning used to support its requested designation since the goal of the local rule is to safeguard the honor of the district court and protect the rights of defendants like Roger Stone. An analysis of the allegedly "related" indictments clearly demonstrates there is no nexus of any kind between the two cases. Consequently, Defendant Stone objects to the designation and requests that he be accorded the same constitutionally guaranteed due process rights and protections afforded to all criminal defendants, and that he be randomly assigned a district judge as dictated under the local rules.

## FACTUAL ANALYSIS

On July 13, 2018, the Office of Special Counsel filed an indictment against a dozen Russian nationals alleging conspiracy to commit an offense against the United States. As the Court's docket in that case reflects, no proceedings have taken place subsequent to the filing of the indictment. All of the defendants are alleged to be, or have been, employed by the Main Intelligence Directorate of the General Staff ("GRU") of the Russian Federation who conspired to "'hack'[ ] into the computers of U.S. persons and entities involved in the 2016 U.S. presidential election." (*United States v. Netyksho, et al.* (1:18-cr-00215-ABJ) (ECF No. 1, Indictment, ¶ 2.)). The *Netyksho* indictment outlines how such hacking took place, alleging that

2

the defendants collectively used, "[t]he online persona Guccifer 2.0" (*Id.* ¶ 42) and that they "launched the public website dcleaks.com." (*Id.* ¶ 35).

The Office of Special Counsel further alleged that "on or about August 15, 2016, the [Russian defendants] posing as Guccifer 2.0, wrote to a person who was in regular contact with senior members of the presidential campaign of Donald J. Trump, 'thank u for writing back...do u find anyt[h]ing interesting the docs I posted? ... The person responded, '[p]retty standard'." (*Id.* ¶ 44). Later, it was also alleged that some 20,000 stolen emails were transmitted by Guccifer 2.0 to "Organization 1."

It is not alleged that the named Russians had any interest or involvement with the "Person 1" or the "Person 2" identified in Stone's indictment. None of the defendants in *Netyksho* are on the government's sealed witness list in the case against Roger Stone, nor have there been any allegations indicating a conspiracy between the *Netyksho* defendants and Defendant Stone. Furthermore, there are no accusations of similar criminal conduct, there are activities which are a part of the same alleged criminal event or transaction, or that the two cases have a "common search warrant." *See* Exhibit – 1.

Defendant Stone has been charged with lying to Congress and witness tampering under 18 U.S.C. §§ 1505, 1001, 1512(b)(1), 2. There is no mention of hacking, stealing, or involvement with Russia or the *Netyksho* defendants. In contrast, the *Netyksho* indictment reads as follows:

> "Count One alleges a criminal conspiracy to commit an offense against the United States through cyber operations by the GRU that involved the staged release of stolen documents for the purpose of interfering with the 2016 president election;
>
> Counts Two through Nine charge aggravated identity theft for using identification belonging to eight victims to further their computer fraud scheme;

> Count Ten alleges a conspiracy to launder money in which the defendants laundered the equivalent of more than $95,000 by transferring the money that they used to purchase servers and to fund other costs related to their hacking activities through cryptocurrencies such as bitcoin; and;
>
> Count Eleven charges conspiracy to commit an offense against the United States by attempting to hack into the computers of state boards of elections, secretaries of state, and US companies that supplied software and other technology related to the administration of elections."
>
> *United States v. Netyksho, et al.* (1:18-cr-00215-ABJ) (ECF No. 1, Indictment).

Indeed, the Department of Justice stated in its press release regarding the Russian indictment: "There is no allegation in the indictment that any American was a knowing participant in the alleged unlawful activity or knew they were communicating with Russian intelligence officers. There is no allegation in the indictment that the charged conduct altered the vote count or changed the outcome of the 2016 election." (Exhibit 2 - DOJ, Office of Public Affairs, *Grand Jury Indicts 12 Russian Intelligence Officers for Hacking Offenses Related to the 2016 Election,* July 13, 2018).

The indictment in the Stone case alleges that the servers of the Democratic National Committee were hacked by unspecified "Russian government actors" (ECF No. 1, *Stone* Indictment, ¶ 2). It also claims that Defendant Stone was a political consultant employed by the Trump campaign until August 2015 (*Id.* ¶ 4), and that "[d]uring the summer of 2016. . .[he] spoke to senior Trump Campaign officials about Organization 1 and information it might have had that would be damaging to the Clinton Campaign." (*Id.* ¶5). The indictment further alleges that Defendant Stone was "claiming both publicly and privately to have communicated with

Organization 1" (*Id.* ¶ 6), and that "[a]fter the 2016 U.S. presidential election, the U.S. House of Representatives Permanent Select Committee Intelligence opened investigations into Russian interference in the 2016 U.S. presidential election." (*Id.* ¶ 7). A section entitled "Other Relevant Individuals" is set forth identifying "Person 1" and "Person 2" (*Id.* ¶¶ 8-9). A long "background" section is presented where Defendant Stone is alleged to have made many public and private communications about "Organization 1." The indictment then turns to the investigation of House and Senate committees, "[i]n or around 2017." (*Id.* ¶18).

Roger Stone's alleged conduct is not connected to any of the "Russian activities" outlined in the *Netyksho* indictment. Neither indictment alleges Stone had any communications or dealings with any of the defendants named in the *Netyksho* indictment. The conduct charged in the Stone indictment occurred more than a year *after* the acts charged in the *Netyksho* case. Finally, Stone is not alleged to have had actual knowledge, at the time, about the stolen emails, only that Stone was trying, unsuccessfully, to get such information from Person 1 and/or Person 2.

## OBJECTIONS TO THE ASSIGNMENT

**A.   Violates the Local Rule**

There is a dearth of case law on Local Rule 57.12. The case law regarding the local civil rule offers some guidance to the Court since there is a similarity between "grow out of the same event or transaction. . ." under Local Civil Rule 40.5(a)(3) and "activities which are part of the same alleged criminal event or transaction," under Local Criminal Rule 57.12(a)(1)(iii). "The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of President,* 196 F.R.D. 201, 202 (D.D.C.2000). The party

seeking to avoid the random assignment bears the burden of showing the cases are related under the appropriate rule. *See Dale v. Executive Office of the President,* 121 F. Supp.2d 35, 37 (D.D.C. 2000). In this case, it is the government that must overcome that presumption.

The "fundamental rationale" for random assignment is "to ensure greater public confidence in the integrity of the judicial process" by "guarantee[ing] fair and equal distribution of cases to all judges, avoid[ing] public perception or appearance of favoritism in assignments, and reduc[ing] opportunities for judge-shopping." *Tripp,* 196 F.R.D. at 202. A party's suggestion of a designation of related case is the exception. *See United States v. Volvo Const. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). The goal of joining two related cases by conserving judicial resources only occurs by having a district judge familiar with the facts and legal issues of the original case. *See United States v. Smith*, CRIM.A.90-023501RCL, 1990 WL 91611, at *2 (D.D.C. June 19, 1990) (unpublished). This is balanced against the reality or perception that a party is "judge shopping," a practice which has been for the most part universally condemned. *See United States v. Haldeman*, 559 F.2d 31, 134 n. 297 (D.C. Cir. 1976).

This case is not related to *United States v. Netyksho* since no American actors are alleged in that case to have engaged in wrongdoing.  Additionally, the activities in *Netyksho* ended a year before those allegedly undertaken by Mr. Stone even began.  They do not relate to a superseding indictment, nor is there more than one indictment that has been filed or pending against the same defendant.  The *Netyksho* case alleges a theft not involving Mr. Stone, who, instead is alleged to have lied about issues unrelated to the actions taken by the *Netyksho* defendants. These two cases are not likely to arise from a common wiretap, search warrant, or activities that are part of the same alleged criminal event or transaction.  They do not even involve the same issues or facts.

*See* L.Crim.R. 57.12. Consequently, this Court has not accumulated "institutional" knowledge over another. There is not one single fact alleged in either indictment about the facts in the other indictment, other than that the Russians stole emails that Stone, a year later, allegedly lied to Congress about regarding his failed efforts to find out about them. Thus not a single one of the three criteria exists that is necessary for relatedness to be found.

In addition, even if this were not true, no other proceedings have been held in the allegedly-related case, and we aver there never will be; and thus, there is absolutely no judicial interest served by relating these two cases. Furthermore, failure to sustain Defendant Stone's objection or grant his motion will result in a due process violation of his constitutionally protected rights.

B.      **Violates Due Process**

Criminal defendants are constitutionally guaranteed the right to due process. *See* U.S. CONST. amends. IV, V, and VI. Judge shopping necessarily violates these rights. In the present instance, without following the court's rules, Mr. Stone will be denied due process. In a case considering a rule of a different type, the Supreme Court has found that a party's rights are violated when the other party is advantaged when a tribunal declines to follow its own rules. *Ballard v. Commissioner of Internal Revenue*, 544 U.S. 40, 59 (2005) (tax court case). There is a due process element preserved by Local Rules 57.12 as well as the presumption of random assignment. Since there is no ostensible reason under the law to relate these two cases and recognizing that there has been no exchange of discovery yet, the government should be required to explain how it is not otherwise engaging in judge shopping. Judge shopping is completely contrary to the protects afforded to criminal defendants, and even worse creates an appearance of

impropriety and violates a defendant's due process rights without regard to the impartiality of the judge selected by a party. *See Haldeman,* 559 F.2d at 134 n. 297.

## CONCLUSION

For all of the foregoing reasons Defendant Stone's objection should be sustained, and this case should be sent to the Calendar and Case Management Committee for random assignment.

Respectfully submitted,

L. PETER FARKAS
**HALLORAN FARKAS & KITTILA, LLP**
DDC Bar No.: 99673
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (202) 257-2019
pf@hfk.law

By: *Bruce S. Rogow*
BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
**BRUCE S. ROGOW, P.A**.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL  33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

ROBERT C. BUSCHEL
**BUSCHEL GIBBONS, P.A.**
FL Bar No.: 006436
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com
*Admitted pro hac vice*

GRANT J. SMITH
**STRATEGYSMITH, PA**
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com
*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 8, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            BUSCHEL GIBBONS, P.A.

                                            ___/s/ Robert Buschel_____
                                              Robert C. Buschel

| *United States Attorney's Office for the District of Columbia* | *United States Depart of Justice Special Counsel's Office* |
|---|---|
| MICHAEL JOHN MARANDO<br>JONATHAN IAN KRAVIS<br>**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**<br>555 Fourth Street, NW<br>Washington, DC 20530<br>Telephone: (202) 252-6886<br>Fax: (202) 651-3393<br>michael.marando@usdoj.gov<br>jonathan.kravis3@usdoj.gov | AARON SIMCHA JON ZELINSKY<br>JEANNIE SCLAFANI RHEE<br>ANDREW DANIEL GOLDSTEIN<br>LAWRENCE RUSH ATKINSON<br>**U.S. DEPARTMENT OF JUSTICE SPECIAL COUNSEL'S OFFICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 616-0800<br>Fax: (202) 651-3393<br>asjz@usdoj.gov<br>jsr@usdoj.gov<br>adg@usdoj.gov<br>lra@usdoj.gov |