```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


    United States of America,      ) Criminal Action
                                   ) No. 19-CR-018
                  Plaintiff,       )
                                   ) STATUS CONFERENCE
    vs.                            )
                                   ) Washington, DC
    Roger Jason Stone, Jr.,        ) February 1, 2019
                                   ) Time:  2:11 p.m.
                  Defendant.       )
    _____

                  TRANSCRIPT OF STATUS CONFERENCE
                           HELD BEFORE
              THE HONORABLE JUDGE AMY BERMAN JACKSON
                  UNITED STATES DISTRICT JUDGE
    _____

                        A P P E A R A N C E S

    For the Plaintiff: Michael John Marando
                       Jonathan Ian Kravis
                       U.S. ATTORNEY'S OFFICE FOR THE
                         DISTRICT OF COLUMBIA
                       555 Fourth Street, NW
                       Washington, DC 20530
                       (202) 252-7068
                       Email:  Michael.marando@usdoj.gov
                       Email:  Jonathan.kravis3@usdoj.gov
                       Jeannie Sclafani Rhee
                       Aaron Simcha Jon Zelinsky
                       U.S. DEPARTMENT OF JUSTICE
                       Special Counsel's Office
                       950 Pennsylvania Avenue, NW
                       Washington, DC 20530
                       (202) 616-0800
                       Email:  Jsr@usdoj.gov
                       Email:  Asjz@usdoj.gov

    For the Defendant: Robert C. Buschel
                       BUSCHEL & GIBBONS, P.A.
                       One Financial Plaza
                       100 S.E. Third Avenue
                       Suite 1300
                       Ft. Lauderdale, FL 33394
                       (954) 530-5301
                       Email:  Buschel@bglaw-pa.com
```

```
 1     For the Defendant:  Tara A. Campion
                           LAW OFFICE OF BRUCE S. ROGOW, P.A.
 2                         100 NE 3rd Avenue
                           Suite 1000
 3                         Fort Lauderdale, FL 33301
                           (954) 767-8909
 4                         Email:  Tcampion@rogowlaw.com

 5     Also present:       FBI Case Agent Michelle Taylor
                           FBI Case Agent Curtis Heide
 6     _____

 7     Court Reporter:     Janice E. Dickman, RMR, CRR
                           Official Court Reporter
 8                         United States Courthouse, Room 6523
                           333 Constitution Avenue, NW
 9                         Washington, DC  20001
                           202-354-3267
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                Okay.  You guys can be seated.  I have a couple more
2     issues I want to raise.  This is a case that's already received
3     and is going to continue to receive a great deal of public
4     attention.  I expect the lawyers to familiarize themselves with
5     Local Criminal Rule 57.7(b) that talks about the conduct of
6     attorneys in criminal cases, and to comply with its provisions.
7                One provision, 57.7(b)(1), provides that it's the
8     duty of the lawyer or law firm not to release or authorize the
9     release of information or opinion which a reasonable person
10    would expect to be disseminated by means of public
11    communication in connection with a pending or imminent criminal
12    litigation with which the lawyer or lawyer firm is associated,
13    if there's a reasonable likelihood that such dissemination will
14    interfere with a fair trial or otherwise prejudice the due
15    administration of justice.  And this goes for both sides,
16    obviously.
17               Rule 57.7(c) contains specific guidance for what
18    should be done in widely publicized cases.  In this case, I'm
19    sure it's no surprise to anyone, that I've noticed that there's
20    already been considerable publicity, fueled in large part by
21    extrajudicial statements of the defendant himself.  I recognize
22    that the arrest and indictment were public and the defendant
23    may have justifiably felt the need to get his story out.  But
24    there's no question that at this point he certainly had that
25    opportunity.

1                    And since this is a criminal proceeding and not a
2     public relations campaign, and since it's incumbent upon me to
3     ensure the fairness and the dignity of these proceedings, and I
4     need to take into consideration the interest and the safety of
5     the government, the defendant, the witnesses, the jurors, the
6     court personnel, and the public, I believe that it behooves
7     counsel and the parties to do their talking in this courtroom
8     and in their pleadings and not on the courthouse steps or on
9     the talk show circuit.
10                   And so to that end, I am considering -- I have not
11    yet decided -- that in light of my obligation to safeguard the
12    defendant's right to a fair trial, and also to ensure that we
13    will have the ability to seat a jury that has not been tainted
14    by pretrial publicity in this matter, of issuing a written
15    order, pursuant to Local Rule 57.7(c).  It would require all
16    parties and counsel for both sides to, quote, refrain from
17    making further statements to the media or in public settings
18    that are substantially likely to have a materially prejudicial
19    effect on the case, close quote.  It would not be directed at
20    one side or the other, it would be directed to both.
21                   It would not be a bar on all public relations,
22    activities or press communications, but only those related to
23    this case.  A party could discuss foreign relations,
24    immigration or Tom Brady as much as they wanted.  I would be
25    happy to hear from either side right now if you wanted to note

1   any objections on the record at this time.  But that will not
2   be necessary because I'm going to give you each an opportunity
3   to tell me what your position is in writing.  And if you're
4   opposed, to provide me the reasons why I shouldn't do this in
5   writing.  And those submissions will be due next Friday,
6   February 8.
7           As you consider what your position might be, there
8   are a few things that I would encourage everyone to think
9   about.  First, I think it's important that the defendant should
10  be aware that to the extent any of his public pronouncements
11  turn out to be inconsistent with each other or bear on the
12  facts of the case in any way, the Office of Special Counsel
13  will be free to introduce any of them as evidence against him
14  at trial.
15          Also, I want to recognize and I think it's important
16  that this defendant has a legitimate interest in exercising his
17  First Amendment rights.  But he's also affirmed that he has an
18  interest in exercising his constitutional right to have a trial
19  and to put the government to its proof.  And it's my
20  responsibility to ensure that he has a fair trial.  Right now,
21  notwithstanding the fact that the defendant may be well known
22  within certain circles, I believe that we will be able to seat
23  an unbiased jury, that doesn't have an opinion about the
24  allegations in this case.
25          But the problem is, while Mr. Stone may wish to be

1       free to disseminate his response to those allegations in his
2       public appearances, every time he does the media outlets may
3       feel constrained to reiterate in detail what the allegations
4       are in the indictment in response.
5                 And so the upshot of treating the pretrial
6       proceedings in this case like a book tour could be that we end
7       up with a much larger percent of the jury pool that's been
8       tainted by pretrial publicity than we have now, and that's what
9       it's my job to balance here.  I want to say, again, I haven't
10      heard from both sides, I haven't made up my mind.  And I will
11      read and seriously consider anything either side submits.  But
12      that's what I'm looking to be enlightened about.
13                But now having heard all of that, I've covered every
14      issue I wanted to cover.  Is there anything that the government
15      wants to add or that I need to take up today?
16                MR. MARANDO:  Court's indulgence, Your Honor.
17                THE COURT:  All right.
18                (Pause.)
19                MR. MARANDO:  Thank you, Your Honor.  The only thing
20      that I can think of that is left, to have a formal speedy trial
21      determination made on the record.
22                THE COURT:  I think I said I granted your motion,
23      that this is a complex case.
24                MR. MARANDO:  Thank you, Your Honor.  That is all.
25      Thank you.