**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 19-CR-00018 (ABJ)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **ROGER JASON STONE, JR.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S FILING REGARDING**
**IMPOSITION OF ORDER PURSUANT TO LOCAL CRIMINAL RULE 57.7(C)**

The United States of America responds as follows to the Court's request for its position

regarding the imposition of an order pursuant to Local Criminal Rule 57.7(c) in this case.

At a status hearing held on February 1, 2019, the Court asked the parties to state their

positions on whether the Court should issue an order pursuant to Local Criminal Rule 57.7(c).

Rule 57.7(c) provides in relevant part, "In a widely publicized or sensational criminal case, the

Court, on motion of either party or on its own motion, may issue a special order governing such

matters as extrajudicial statements by parties, witnesses and attorneys likely to interfere with the

rights of the accused to a fair trial by an impartial jury."  The Court explained that it was

considering an order that would require all parties and counsel to "refrain from making further

statements to the media or in public settings that are substantially likely to have a materially

prejudicial effect on the case."  Feb. 1, 2019 Tr., at 17:16-19.

The government does not oppose a narrowly-tailored order in this case restricting

extrajudicial statements of the parties and attorneys that are substantially "likely to interfere with

the rights of the accused to a fair trial by an impartial jury."  Local Crim. R. 57.7(c).  Further,

should the Court decide to issue such an order, the government submits that the order would be

supported by a finding that there is a substantial likelihood that extrajudicial comments by trial participants will undermine a fair trial.

The Supreme Court has recognized that "[t]he courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences," and "[n]either prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function." *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966); *see Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991). In *Gentile*, the Court held that the First Amendment did not prohibit a state bar rule imposing discipline on an attorney who made statements that the attorney knew or should have known created a substantial likelihood of prejudice to his client at trial. The Court explained that "[t]he outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding." *Id.* at 1070. "Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial and *ex parte* statements by counsel giving their version of the facts," said the Court, "obviously threaten to undermine this basic tenet." *Id.* For this reason, "the speech of *those participating before the courts*" can be "limited" based on a lesser showing than that required to limit speech about pending litigation by those who are not participants. *Id.* at 1072 (emphasis in original). The Court concluded that Nevada's "'substantial likelihood of material prejudice' standard constitute[d] a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials." *Id.* at 1075. The Court noted that "[f]ew, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right." *Id.*

While *Gentile* involved a restriction on the speech of lawyers participating in litigation, the courts have applied *Gentile* to uphold orders restricting the speech of "trial participants" including both lawyers and the parties themselves where the order is supported by a "'substantial likelihood'…that extrajudicial commentary by trial participants will undermine a fair trial" and "is also narrowly tailored and the least restrictive means available." *United States v. Brown*, 218 F.3d 415, 428 (5th Cir. 2000).[1]   In *Brown*, the Fifth Circuit upheld the district court's order prohibiting attorneys, parties, or witnesses "from discussing with 'any public communications media' anything about the case 'which could interfere with a fair trial,' including statements 'intended to influence public opinion regarding the merits of this case,' with exceptions for matters of public record and matters such as assertions of innocence." *Id.* at 418.  The court of appeals concluded that the standard set forth in *Gentile* should be applied to restrictions on extrajudicial statements by parties and lawyers because "the problem the district court sought to avoid depended in no way on the identity of the speaker as either a lawyer or a party." *Id.* at 428.

Applying this standard, the Fifth Circuit upheld the district court's order.  The court of appeals noted that the case "had attracted intense and extensive media attention." *Id.*  In this context, the appellate court concluded that the district court's order was supported by its finding that the parties had "already demonstrated a desire to manipulate media coverage to gain favorable attention," thereby threatening to taint the jury pool. *Id.* at 429.  The appellate court

---

[1] Some courts in pre-*Gentile* opinions have phrased the standard to be applied to restrictions on extrajudicial statements by participants to litigation in terms of a "reasonable likelihood" of prejudicing a fair trial, rather than a "substantial likelihood." *E.g., Application of Dow Jones & Co., Inc.*, 842 F.2d 603, 610 (2d Cir. 1988); *In re Russell*, 726 F.2d 1007, 1010 (4th Cir. 1984); *United States v. Tijerina*, 412 F.2d 661, 666-67 (10th Cir. 1969).  The Court need not decide between these two standards in this case because, for the reasons set forth below, the facts of this case would support a restriction on extrajudicial commentary under the arguably higher standard of a substantial likelihood of material prejudice.

further concluded that the district court's order was "sufficiently narrow to eliminate substantially only that speech having a meaningful likelihood of materially impairing the court's ability to conduct a fair trial," *id.*, and that the order "provide[d] sufficient guidance regarding the nature of the prohibited comments," *id.* at 430.  Finally, the appellate court decided that less restrictive alternatives, such as "change of venue, jury sequestration, 'searching' voir dire, and 'emphatic' jury instructions," would be "inappropriate or insufficient to adequately address the possible deleterious effects of enormous pretrial publicity."  *Id.* at 431; *see also Application of Dow Jones & Co., Inc.*, 842 F.2d 603, 611-12 (2d Cir. 1988) (affirming district court order restraining trial participants from speaking with the press on the ground that "failure to restrain the trial participants would add 'fuel to an already voracious fire of publicity' and create 'a real and substantial likelihood that some, if not all, defendants might be deprived of a fair trial'" and that less restrictive alternatives would not be effective).

Here, should the Court decide to impose an order under Local Criminal Rule 57.7(c), the order would be supported by a substantial likelihood that extrajudicial commentary by trial participants will undermine a fair trial.  As the Court has observed, this case has already received "considerable publicity, fueled in large part by extrajudicial statements of the defendant himself," Feb. 1, 2019 Tr., at 16:19-21, creating the risk that the defendant will use media coverage of this case to "gain favorable attention," *Brown*, 218 F.3d at 429.[2]  Continued

---

[2] The defendant's statements to the media have included commentary on the merits of the charges, the nature of the evidence, the identity and credibility of possible trial witnesses, and the motives of the prosecution.  See, e.g., "'This Week' Transcript 1-27-19," ABC News, available at https://abcnews.go.com/beta-story-container/Politics/week-transcript-27-19-roger-stone-rep-adam/story?id=60646526 (stating that any "failure of memory" was "without intent [and] would be [im]material"; speculating on the identity of one witness and stating that he "believe[s]" the witness "is seeking a reduction in his sentence"; and claiming that communications described in the indictment were "a humorous exchange," taken "out of context," and "mischaracterized"); "Roger Stone:  I'm Being Targeted Because They Want To Silence Me," Fox News, available at

extrajudicial statements about this case would create a substantial risk that "a much larger percent of the jury pool" will be "tainted by pretrial publicity" than has currently been exposed to it.  Feb. 1, 2019 Tr., at 19:7-8; *see Gentile*, 501 U.S. at 1075 (noting that the "interest in fair trials" is aimed at limiting "comments that are likely to prejudice the jury venire").  Like the order in *Brown*, the Court's proposed order addresses the concern that these statements are likely to affect the jury pool without restricting more speech than necessary to achieve that end.  By definition, the order would restrict only speech that is substantially likely to have a materially prejudicial effect on the case, leaving the defendant and counsel's free speech rights on other matters intact.  *See* Feb. 1, 2019 Tr., at 17:21-23 ("It would not be a bar on all public relations, activities or press communications, but only those related to this case.").  Finally, as in *Brown*, in light of the substantial national media attention the case has received, which is likely to persist and increase as trial approaches, and the defendant's efforts to use that attention to his own advantage, less restrictive alternatives such as a change of venue, voir dire, sequestration, and jury instructions are insufficient to address the Court's concerns.  *See Brown*, 218 F.3d at 431 (finding it to be "good judicial practice for district courts to explicitly set forth on the record their consideration" of alternatives).

Respectfully submitted,

ROBERT S. MUELLER III                    JESSIE K. LIU
Special Counsel                          U.S. Attorney for the District of Columbia

By: /s/_____            By: /s/_____

---

https://www.foxnews.com/transcript/roger-stone-im-being-targeted-because-they-want-to-silence-me (stating that he had been charged to "silence me.").  These statements support a finding that the defendant "ha[s] already demonstrated a desire to manipulate media coverage to gain favorable attention," thus supporting the conclusion that "allowing further extrajudicial statements by the parties would materially prejudice the court's ability to conduct a fair trial." Brown, 218 F.3d at 429.

Jeannie S. Rhee
Aaron Zelinsky
U.S. Department of Justice
Special Counsel's Office
Washington, D.C. 20530
950 Pennsylvania Avenue NW
Washington, D.C. 20530

Jonathan Kravis
Michael J. Marando
Assistant United States Attorneys
555 4th Street NW
Washington, D.C. 20530

Dated: February 8, 2019