IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ROGER J. STONE, JR.,

       Defendant.
_____/

## ROGER STONE'S MOTION REQUESTING A SHOW CAUSE ORDER

Defendant Roger J. Stone, Jr., requests a show cause order to determine whether the Court's Order sealing the indictment of Roger J. Stone until his arrest, was violated by the premature release of a draft copy of the sealed indictment, enabling news media to attend and witness Stone's 6 a.m. arrest.

## FACTUAL BACKGROUND

Roger Stone has been charged with lying to Congress and witness tampering under 18 U.S.C. §§ 1001, 1505, 1512 and 18 U.S.C. §2. On January 24, 2019, after securing Mr. Stone's indictment by the grand jury, the government moved to seal the court files and proposed an order granting its request. (ECF No. 2). The Court granted the motion and sealed the documents, including the indictment, until Mr. Stone was "in custody." *See* Order sealing, ECF No.3, January 24, 2019. Thus, the Court ordered that the indictment was not to be a matter of public record until *after* Mr. Stone was arrested, taken into custody by the government, and the Court

notified, so that the Court could instruct that the actual indictment be unsealed and placed on the public docket.

The FBI arrested Roger Stone at 6:06 a.m. on January 25, 2019. At that time the indictment remained subject to the Court's Order sealing it from public disclosure. At 4:58 a.m. a news crew and truck arrived at Mr. Stone's residence and set up a camera on the street in front of Mr. Stone's house, obviously awaiting his arrest. The FBI arrived while the camera crew was on the street. At 6:11 a.m., prior to Mr. or Mrs. Stone calling counsel, a reporter for the same news outlet as the camera crew called counsel and informed him that Mr. Stone had been arrested. At 6:22 a.m., the same reporter sent counsel a text message attaching a draft copy of the still sealed indictment. (*See* Exhibit 1). The copy of the unsigned indictment provided by the reporter appears to have come from the Special Counsel's Office. (*See* Exhibit 2). The reporter offered that the copy had been received from the Special Counsel's Office.

The "draft" indictment contained no PACER designation across the top of any page. The metadata of the "draft" indictment, which was in PDF (portable document format), indicates that the last "modification" of the document was on January 23, 2019, at 11:04 p.m., "author[ed]" by "AAW" from "Company: JCON," which appears to be a reference to the Justice Consolidated Office Network. (*See* Exhibit 3).[1] The metadata does not establish that "AAW" sent the "draft" of the sealed indictment to the reporter who texted it to Mr. Stone's counsel on January 25, minutes after the arrest. But it does mean that a person with privileged access to a "draft" of Roger Stone's Indictment, identical to that which had been filed under seal and which was stamped "sealed" in red, with the appropriate PACER markings, had – in violation of the Court's

---

[1] Metadata describes and gives information about other data. A document's metadata contains facts relating to the author, the computer and network on which it was created, the time it was created, etc. Metadata travels with a document unless a program is used to strip it out of the document.

Order – publicly distributed the Indictment prior to its release from the sealing ordered by the Court.

According to the PACER docket entry, the Indictment was unsealed and entered onto the public docket on January 25, 2019, without a notation as to time, and contained only the initials of the person who created the entry, "zvt." The Clerk's office informed counsel for Mr. Stone that the Indictment's entry into the docket was made on January 25 at 8:55 a.m., more than two-and-a-half-hours *after* the news reporter sent the "draft" Indictment to counsel, and four hours *after* the news organization's camera crew arrived at Mr. Stone's house to film his arrest on the sealed Indictment.

The Court's order sealing the Indictment stated:

> IT IS FURTHER ORDERED that the government shall inform the Court as soon as the defendant named in the Indictment is in custody so that the foregoing materials can be unsealed and entered on the public docket.

That Stone's 6:06 a.m. arrest preceded, by three hours, the Court being informed, is par for the course. What is not par for the course is that a news crew knew the time and place of the arrest, and was "staked out" to watch the arrest unfold, having been provided an unfiled, draft copy of the indictment the Court had ordered sealed.

## MEMORANDUM OF LAW

The Court has inherent authority to enforce its own orders. Title 18 U.S.C. §401 provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as – (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) misbehavior of any of its officers in their official transactions; (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Furthermore, "Federal Rule of Criminal Procedure 6(e)(2) prohibits public disclosure by Government attorneys of 'matters occurring before the grand jury' except in certain specified circumstances." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 795 (1989). The Indictment in this case was not a "specified circumstance" at, or before, Roger Stone's arrest. In fact, the court files were sealed and should have remained sealed, until unsealed by instruction of the Court to the Clerk. The Indictment's selective disclosure prior to the Court instructing that Mr. Stone's court docket be unsealed was a clear violation of Rule 6.

A *prima facie* case of a violation of Rule 6(e)(2) is made when "the media reports disclosed information about 'matters occurring before the grand jury' and indicated that the sources of the information included attorneys and agents of the Government." *Barry v. United States*, 865 F.2d 1317, 1319 (D.C. Cir. 1989) (citations omitted). Roger Stone has presented a *prima facie* case of a Rule 6(e) violation. Only the government had access to the indictment prior to the Court unsealing the court files. Yet, a reporter had a draft of the Indictment prior to its unsealing at 8:55 a.m. on January 25, 2019.

> Once a *prima facie* case is shown, the district court must conduct a "show cause" hearing to determine whether the Government was responsible for the pre-indictment publicity and whether any information disclosed by the Government concerned matters occurring before the grand jury. At this hearing, the burden shifts to the Government to come forward with evidence to negate the *prima facie* case. If after such a hearing the trial court determines that remedial action is warranted, it may order the Government to take steps to stop any publicity emanating from its employees.

*Id.* at 1321.

Available relief under Rule 6(e) may include contempt sanctions and equitable relief, *i.e.,* based upon the nature of the violation. *Id.* "A knowing violation of Rule 6 may be punished as a contempt of court." Fed.R.Crim.P. 6(e)(2). The public release of a grand jury

Indictment document sealed by the Court prior to Roger Stone's arrest, directly and willfully violated a lawful order of the Court and compromised the secrecy of grand jury proceedings in violation of Rule 6(e) of the Federal Rules of Criminal Procedure.

The metadata on the "draft" indictment provided by a reporter while Stone was being arrested, established that it came from an "AAW" author or computer. That a member of the Special Counsel's office has the initials "AAW," supports a reasonable inference that that office is responsible for the unlawful public disclosure of a grand jury document sealed by order of the Court.

## CONCLUSION

Therefore, Roger Stone, by counsel, requests a show cause order directed to the Office of the Special Counsel to show cause why contempt did not occur.

Respectfully submitted,

By: */s/ L. Peter Farkas*
L. PETER FARKAS
**HALLORAN FARKAS & KITTILA, LLP**
DC Bar No.: 52944
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (202) 257-2019
pf@hfk.law

By: */s/Bruce S. Rogow*
BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
**BRUCE S. ROGOW, P.A**.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL 33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

ROBERT C. BUSCHEL
**BUSCHEL GIBBONS, P.A.**
FL Bar No.: 006436
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com
*Admitted pro hac vice*

GRANT J. SMITH
**STRATEGYSMITH, PA**
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com
*Admitted pro hac vice*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13th, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

*United States Attorney's Office for the District of Columbia*

MICHAEL JOHN MARANDO
JONATHAN IAN KRAVIS
**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393
michael.marando@usdoj.gov
jonathan.kravis3@usdoj.gov

*United States Depart of Justice Special Counsel's Office*

AARON SIMCHA JON ZELINSKY
JEANNIE SCLAFANI RHEE
ANDREW DANIEL GOLDSTEIN
LAWRENCE RUSH ATKINSON
**U.S. DEPARTMENT OF JUSTICE SPECIAL COUNSEL'S OFFICE**
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 616-0800
Fax: (202) 651-3393
asjz@usdoj.gov
jsr@usdoj.gov
adg@usdoj.gov
lra@usdoj.gov