UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 19-0018 (ABJ) |
| ROGER J. STONE, JR., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

At the status conference held in this case on February 1, 2019, the parties were invited to file submissions by February 8, 2019 setting forth any reasons why the Court should not enter an order pursuant to Local Criminal Rule 57.7(c) requiring all interested parties, in particular, counsel for both sides, to refrain from making further statements to the media or in public settings that are "substantially likely to have a materially prejudicial effect" on this case. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1076 (1991).

The Court has received submissions from both sides, as well as a filing from a non-party in the form of an *amicus curiae* submission, and it has reviewed and considered them all. *See* Roger Stone's Resp. to the Court's Opportunity to Respond to the Possibility of the Entry of an Order Under Local Criminal Rule 57.7(b) & (c) [Dkt. # 28]; Gov't's Filing Regarding Imposition of Order Pursuant to Local Criminal Rule 57.7(c) [Dkt. # 29]; *Amici Curiae* Br. of Dr. Jerome Corsi [Dkt. # 35].

"Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceeding." *Gentile,* 501 U.S. at 1074. Thus, the Rules of this Court provide:

> It is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

LCrR 57.7(b)(1).

Rule 57.7(b)(1) applies to any case in this district.  Local Criminal Rule 57.7(c) goes on to set forth specific guidance for widely publicized cases, and it gives the Court authority "[i]n a widely publicized or sensational criminal case, . . . [to] issue a special order governing such matters as extrajudicial statements by parties, witnesses and attorneys likely to interfere with the rights of the accused to a fair trial by an impartial jury."  LCrR 57.7(c).  As the Supreme Court has noted:

> The limitations are aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found.  Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by "impartial" jurors, and an outcome affected by extrajudicial statements would violate that fundamental right.

*Gentile,* 501 U.S. at 1075.  For these reasons, given the widespread media coverage this case has already received, the Court will impose a limitation on public communications by lawyers at this time.

In addition, the Court has particular concerns about the potential impact of public statements made in the District of Columbia, directed at individuals who may be members of the venire from which the jury will be drawn.  And, in light of the size and vociferousness of the crowds that have already been attracted to these proceedings, and the risk that public pronouncements by the participants may inflame those gatherings, the Court is persuaded that a narrowly tailored order governing the conduct of participants in the matter while they are at the courthouse is necessary to advance the Court's legitimate interest in maintaining the order and

decorum that is essential to court proceedings and the fair administration of justice. *See Cox v. Louisiana,* 379 U.S. 559, 562 (1965) ("[I]t is of the utmost importance that the administration of justice be absolutely fair and orderly. . . . A State may adopt safeguards necessary and appropriate to assure that the administration of justice at all stages is free from outside control and influence.");[1] *see also Hodge v. Talkin,* 799 F. 3d 1145, 1163–64 (D.C. Cir. 2015), *reh'g en banc denied* (recognizing the significance of the "interest in maintaining suitable decorum in the area of a courthouse" and emphasizing the continuing "vitality" of the "genuine" and "compelling" "interest in preserving public confidence in the integrity of the judicial process").

Therefore, in order to safeguard the defendant's right to a fair trial; to ensure that the Court has the ability to seat a jury that has not been tainted by pretrial publicity; to maintain the dignity and seriousness of the courthouse and these proceedings; and to protect the safety and security of parties, witnesses, jurors, attorneys, court personnel, and members of the public seeking access to the building to conduct court business and attend these and other public proceedings, the following orders are now in effect in this case:

It is hereby **ORDERED** that

> Counsel for the parties and the witnesses must refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case; and

it is **FURTHER ORDERED** that

---

1   *See also Shepard v. Maxwell,* 384 U.S. 333, 358 (1966) ("[T]he courtroom and the courthouse premises are subject to the control of the court."); *id.* at 362–63 ("Due process requires that the accused receive a trial by an impartial jury free from outside influences. . . . The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences.  Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function."); *Cox,* 379 U.S. at 562 ("The constitutional safeguards relating to the integrity of the criminal process attend every stage of a criminal proceeding . . . . [t]here can be no doubt that they embrace the fundamental conception of a fair trial, and that they exclude influence or domination by either a hostile or a friendly mob.").

all interested participants in the matter, including the parties, any potential witnesses, and counsel for the parties and the witnesses, must refrain, when they are entering or exiting the courthouse, or they are within the immediate vicinity of the courthouse, from making statements to the media or to the public that pose a substantial likelihood of material prejudice to this case or are intended to influence any juror, potential juror, judge, witness or court officer or interfere with the administration of justice.

There will be no additional restrictions imposed on the defendant's public statements or appearances at this time, although this order may be amended in the future consistent with Local Criminal Rule 57.7(c) if necessary. This order should not be interpreted as modifying or superseding the condition of the defendant's release that absolutely prohibits him from communicating with any witness in the case, either directly or indirectly. Nor does this order permit the defendant to intimidate or threaten any witness, or to engage or attempt to engage in any conduct in violation of 18 U.S.C. §1512.

Finally, while it is not up to the Court to advise the defendant as to whether a succession of public statements would be in his best interest at this time, it notes that one factor that will be considered in the evaluation of any future request for relief based on pretrial publicity will be the extent to which the publicity was engendered by the defendant himself.

**SO ORDERED.**

_/s/ Amy B. Jackson_

AMY BERMAN JACKSON
United States District Judge

DATE: February 15, 2019