UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ROGER STONE, JR.,

Defendant.

Crim. No. 19-CR-18 (ABJ)

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO NOTICE OF DESIGNATION OF PENDING RELATED CRIMINAL CASE

The United States of America respectfully responds as follows to defendant Roger Stone, Jr.'s objections to the notice of related case. For the reasons set forth below, this case was properly related to *United States v. Netyksho et al.*, Case No. 18-CR-00215 (ABJ), under Local Criminal Rule 57.12, and therefore the defendant's request that this case be sent for random assignment should be denied.

### PROCEDURAL BACKGROUND

On January 24, 2019, a grand jury sitting in the District of Columbia returned the present seven-count indictment against the defendant. Dkt. No. 1. The indictment alleges that, beginning in approximately the summer of 2016, the defendant claimed publicly and privately to have been in communication with the head of Organization 1 about future releases of information damaging to the U.S. presidential campaign of Hillary Clinton. *Id.*, ¶¶ 5, 13. The indictment further alleges that the defendant subsequently obstructed a congressional investigation "into Russian interference in the 2016 U.S. presidential election, which included investigating [the defendant's] claims of contact with Organization 1." *Id.* ¶ 7. The defendant's obstructive activity included false statements in congressional testimony about his remarks and private communications pertaining to Organization 1. *Id.*, ¶¶ 20, 21. At the time of the docketing of the indictment, the government

designated this case as related to *United States v. Netyksho*, 1:18-CR-00215 (ABJ).

In *Netyksho*, eleven Russian military officers are charged by indictment with, *inter alia*, conspiring to hack into the computers of U.S. persons and entities involved in the 2016 U.S. presidential election, steal documents from those computers, and stage releases of the stolen documents to interfere with the 2016 U.S. presidential election. Indictment ¶¶ 2, 4-6, *United States v. Netyksho*, 1:18-CR-215 (D.D.C. July 13, 2018) Dkt. No. 1.[1] As part of their efforts to stage the release of the stolen documents for purposes of election interference, the *Netyksho* indictment alleges that the defendants arranged to release through Organization 1 some of the documents they stole, including documents from the Democratic National Committee ("DNC") and the personal emails of the Clinton campaign chairman. *Id.* ¶ 7. Certain *Netyksho* defendants, through a fictitious online persona they created, Guccifer 2.0, also interacted directly with Stone concerning other stolen materials posted separately online. *Id.* ¶ 44.

## ARGUMENT

Local Criminal Rule 57.12 requires the United States Attorney to notify the clerk of the existence of a related case upon returning an indictment. Local Cr. R. 57.12(b)(1). Local Criminal Rule 57.12(a)(1) provides that criminal cases are related "when (i) a superseding indictment has been filed, or (ii) more than one indictment is filed or pending against the same defendant or defendants, or (iii) prosecution against different defendants arises from a common wiretap, search warrant, or activities which are a part of the same alleged criminal event or transaction." *Id*. at 57.12(a)(1). The purpose of Rule 57.12 is to effectuate the principle that, "[a]s a matter of court management and efficiency, the assignment of related matters to a single judge is preferred."

---

[1] A twelfth individual was charged with conspiring to hack into the computers of U.S. persons and entities responsible for the administration of the 2016 U.S. elections. *Id.* ¶ 69.

2

*Clifford v. United States*, 136 F.3d 144, 148 (D.C. Cir. 1998) (citing former Local. Cr. R. 405, which was identical to the current Local Cr. R. 57.12(a)(1)).

The government related this case to the earlier indictment returned in *United States v. Netyksho* pursuant to Local Criminal Rule 57.12(a)(1)(iii) as a prosecution against a different defendant that "arises from a common . . . search warrant" and from "activities which are a part of the same alleged criminal event or transaction." In particular, evidence in this case was found in accounts that were subject to search warrants executed in *Netyksho*. Moreover, the alleged obstructive conduct in this case was directed at a congressional investigation into conduct that formed the basis for the criminal charges in *Netyksho*.

**A. This Case and *Netyksho* Arise from Common Search Warrants.**

This case is properly related to *Netyksho* because both cases "arise[] from . . . common . . . search warrant[s]." Local Cr. R. 57.12(a)(1)(iii).

As alleged in the *Netyksho* indictment, in 2016, the *Netyksho* defendants stole documents from the DNC, the Democratic Congressional Campaign Committee, and the Clinton campaign chairman. Those defendants then released many of the stolen documents, including through a website maintained by Organization 1. In the course of investigating that activity, the government obtained and executed dozens of search warrants on various accounts used to facilitate the transfer of stolen documents for release, as well as to discuss the timing and promotion of their release. Several of those search warrants were executed on accounts that contained Stone's communications with Guccifer 2.0 and with Organization 1. Evidence obtained from those search warrants resulted in the allegations that the *Netyksho* defendants hacked and stole documents for release through intermediaries, including Organization 1, and that Stone lied to a congressional committee investigating, among other things, the activities of Organization 1 regarding those

stolen documents. The relevant search warrants, which are being produced to the defendant in discovery in this case, are discussed further in a sealed addendum to this filing.

### B. This Case and *Netyksho* Involve Activities That Are Part of the Same Alleged Criminal Event or Transaction.

This case is properly related to *Netyksho* for the additional reason that the cases "arise[] from . . . activities which are a part of the same alleged criminal event or transaction." Local Cr. R. 57.12(a)(1)(iii).

Local Criminal Rule 57.12(a)(1)(iii) provides that criminal cases are related when "prosecution against different defendants arises from . . . activities which are a part of the same alleged criminal event or transaction." Cases may be related under Local Criminal Rule 57.12(a)(1)(iii) regardless of whether the related activities are charged in both cases. *See, e.g.*, *United States v. Smith*, Crim. No. 90-023501 (RCL), 1990 WL 91611, at *1 (D.D.C. June 19, 1990) ("The court interprets Rule 405," the predecessor to Local Rule 57.12, "as allowing a related case designation when the prosecution 'arises from' activities which are part of the same criminal event or transaction, whether or not the related activities are charged.").

As discussed above, the *Netyksho* case concerns the theft of documents, some of which were then released through a website maintained by Organization 1. This case concerns the defendant's efforts to obstruct a congressional investigation into that conduct. As alleged in the indictment, the defendant made false statements, withheld documents, and tampered with a witness in connection with the efforts of a congressional committee to assess whether any U.S. person or campaign coordinated in or had advance knowledge of the releases of stolen documents.

In other words, the criminal conduct alleged in *Netyksho* was a central focus of the congressional investigation that the defendant is alleged to have obstructed, and therefore the activities underlying the crimes charged in that case are part of the same activities underlying the

4

crimes charged in this case. The defendant's false statements did not arise in a vacuum: they were made in the course of an investigation into possible links between Russian individuals (including the *Netyksho* defendants), individuals associated with the dumping of materials (including Organization 1), and U.S. persons (including the defendant).

Defendant's argument that this case is not properly related to *Netyksho* "since no American actors are alleged in that case to have engaged in wrongdoing," Dkt. No. 27, at 6, misses the mark because Local Rule 57.12(a)(1)(iii) applies *only* where the two cases have no common defendant. *See Smith*, 1990 WL 91611, at *1 (rejecting defendant's contention that cases were not related because there was no common defendant, noting that the local rule only applies where there is no defendant in common). Moreover, defendant's claim that his case is not related to *Netyksho* because "[t]he *Netyksho* case alleges a theft not involving Mr. Stone, who, instead is alleged to have lied about issues" before Congress, Dkt. No. 27, at 6, is similarly unavailing because the same criminal activities need not be charged in the indictments for both cases to be related under Local Rule 57.12. *See, e.g.*, *Smith* 1990 WL 91611, at *1 (noting that cases may be related whether or not the same criminal activity is charged in both).

Finally, defendant's contention that relating this case to *Netyksho* pursuant to Local Rule 57.12 violates his due process rights is without merit. As the courts have recognized, "[t]he assignment of cases does not give or deny any litigant any due process rights." *Bd. of Sch. Dirs. of Milwaukee v. Wis.*, 102 F.R.D. 596, 598 (E.D. Wis. 1984); *see also United States v. Keane*, 375 F. Supp. 1201, 1204 (N.D. Ill. 1974) (concluding that "a defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge").

For the reasons set forth above, this case was properly related to *Netyksho*, and therefore

the defendant's request to have this case randomly assigned should be denied.

Respectfully submitted,

| | |
|---|---|
| ROBERT S. MUELLER III<br>Special Counsel | JESSIE K. LIU<br>U.S. Attorney for the District of Columbia |
| By: /s/<br>Jeannie S. Rhee<br>Aaron S.J. Zelinsky<br>U.S. Department of Justice<br>Special Counsel's Office<br>Washington, D.C. 20530<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530 | By: /s/<br>Jonathan Kravis<br>Michael J. Marando<br>Assistant United States Attorneys<br>555 4th Street NW<br>Washington, D.C. 20530 |

Dated: February 15, 2019