IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>　　　　　　Defendant. | Criminal No. 19-cr-18-ABJ |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A SHOW CAUSE ORDER

The United States of America respectfully opposes the motion of defendant Roger Stone, Jr., for an order to show cause regarding the public release of the indictment. Dkt. No. 31. The government publicly released the indictment after the defendant was arrested, in accordance with the Court order unsealing the indictment when the defendant was in custody, and therefore no order to show cause is warranted.

## FACTUAL BACKGROUND

On January 24, 2019, a grand jury sitting in the District of Columbia returned the present seven-count indictment against the defendant. Dkt. No. 1. At the time the indictment was returned, the government moved to seal the indictment "until the defendant named in the indictment is in custody" and attached a proposed order to seal. Dkt. No. 2.[1] Magistrate Judge Robinson issued the proposed order sealing the indictment and related documents "until the defendant named in the Indictment *is in custody*, at which time the foregoing materials *shall be unsealed*." Dkt. No. 3 (emphasis added); *accord United States v. Manafort*, 17-cr-201-ABJ (ordering that the indictment in that case remain sealed until "at least one of the defendants named in the Indictment is in

---

[1] The order also called for delaying entry on the public docket, as well as sealing the warrant and instant motion, matters not at issue in this proceeding.

custody, at which time the foregoing materials shall be unsealed"). Judge Robinson further ordered that the Government notify the Court "as soon as the defendant named in the Indictment is in custody so that the foregoing materials can be unsealed and entered on the public docket." Dkt. No. 3.

At approximately 6:00AM on January 25, 2019, Special Agents with the Federal Bureau of Investigation arrested Stone at his residence in Florida. By 6:10AM, Special Agents had taken Stone into custody. Per Judge Robinson's order, the indictment was unsealed at that time. Consistent with its regular practice, within a few minutes of receiving confirmation of the defendant's arrest, the Special Counsel's Office ("SCO") posted the charging document on the SCO website and notified press outlets of the arrest and that the indictment was available online. *See* Dkt. No. 31 Ex. 1 ("We got a press release from SCO[.] https://www.justice.gov/file/1124706/download").[2] Once the Clerk's Office opened later that morning and the Court was notified of the arrest, the indictment was entered onto the public docket and a copy of the docketed indictment was made available to the public via PACER.

---

[2] By minute order entered on February 15, 2019, the Court requested that the government provide information concerning the precise timing and content of the "press release from SCO" referenced in this exhibit. At the time the SCO posted the indictment on its website, the SCO also posted the following text: "Roger Jason Stone, Jr., 66, of Fort Lauderdale, Florida, was arrested in Fort Lauderdale on Jan. 25, 2019, following an indictment by a federal grand jury on January 24, 2019, in the District of Columbia. The indictment, which was unsealed upon arrest, contains seven counts: one count of obstruction of an official proceeding, five counts of false statements, and one count of witness tampering." The government sent the same text in an email (except "Jan. 25, 2019" was replaced with "today"), noted an initial appearance would take place later that day, and included a link to the SCO website. The link in the message referencing a "press release" in Exhibit 31-1 is a link to the indictment on the SCO website.

## ARGUMENT

## THE DEFENDANT'S MOTION TO SHOW CAUSE SHOULD BE DENIED

The government's public release of the indictment shortly after the defendant's arrest was consistent with the order sealing the indictment "until the defendant named in the Indictment is in custody." Dkt. No. 3. Therefore, the defendant has not established a violation of the sealing order or Federal Rule of Criminal Procedure 6(e).

Federal Rule of Criminal Procedure 6(e) generally prohibits "an attorney for the government" and federal law enforcement officials from "disclos[ing] a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B)(vi)-(vii) & (e)(3)(A)(ii). Here, the indictment was not a "matter occurring before the grand jury" at the time of its public release because the magistrate judge to whom the indictment was returned issued an order providing that the indictment would be unsealed when the defendant was in custody. *See* Fed. R. Crim. P. 6(e)(4) ("The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial.").

The defendant argues that the public release of the indictment shortly after the defendant's arrest establishes a *prima facie* violation of Rule 6(e) because the Court's sealing order required "that the indictment was not to be a matter of public record until *after* Mr. Stone was arrested, taken into custody by the government, and the Court notified, so that the Court could instruct that the actual indictment be unsealed and placed on the public docket." Dkt. No. 31, at 1-2. But that is not what the order says. The order does not state, as many unsealing orders do, that the indictment shall remain sealed until further order of the Court. Rather, the order conditioned the unsealing of the indictment on one event: the defendant's arrest. Once that condition was satisfied

at approximately 6:00AM on January 25, 2019, the indictment was no longer sealed for the purposes of the Court's order and was no longer covered by the secrecy provisions of Rule 6(e).[3]

The defendant further suggests (without evidence) that the government publicly released the indictment before the defendant's arrest thereby "enabling news media to attend and witness Stone's 6 a.m. arrest." Dkt. No. 31, at 1.  This argument is without merit.  As set forth above, and as reflected in the defendant's own exhibits, the indictment was not publicly released until after the defendant was arrested.  Dkt. No. 31, at 2 ("At 6:11 a.m. . . . . a reporter . . . called counsel and informed him that Mr. Stone had been arrested.  At 6:22 a.m., the same reporter sent counsel a text message attaching a draft copy of the still sealed [sic] indictment.") (citing Dkt. No. 31 Ex. 1).[4]  Thus, the defendant's own motion refutes his unfounded assertion that the media received a copy of his indictment before his arrest.[5]

---

[3] The Order also provided that the government "shall inform the Court as soon as the defendant named in the Indictment is in custody so that the foregoing materials can be unsealed and entered on the public docket."  The government notified the Court of Stone's arrest and the full docket was therefore unsealed in the PACER system later that morning once the Clerk's office had opened. *See* Docket Note Unsealing Case, Jan. 25, 2019.  By the plain text of the order, the purpose of notifying the Court of the defendant's arrest was to authorize the posting of the indictment on PACER.  The indictment was unsealed when the defendant was arrested several hours earlier.

[4] To the extent the defendant argues that the presence of reporters outside his home is itself evidence of a *prima facie* violation, he provides no information to contradict the public statements of the same media organization that it had no advance knowledge of the indictment and had sent crews to multiple potential locations that day.  *See* CNN Business, *Debunking Roger Stone's Anti-CNN Conspiracy Theory*, Feb. 13, 2019, available at https://www.cnn.com/2019/02/13/media/roger-stone-cnn-conspiracy-theory/index.html.  The Special Counsel's Office is aware of no information indicating that reporters were given any advance knowledge of a possible indictment from the Special Counsel's Office.

[5] Insofar as the defendant contends that the presence of metadata in the document is relevant, metadata merely shows when the document was created, not when the document was released.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

| | |
|---|---|
| ROBERT S. MUELLER III<br>Special Counsel | JESSIE K. LIU<br>U.S. Attorney for the District of Columbia |
| By: /s/<br>Jeannie S. Rhee<br>Aaron S.J. Zelinsky<br>U.S. Department of Justice<br>Special Counsel's Office<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530 | By: /s/<br>Jonathan Kravis<br>Michael J. Marando<br>Assistant United States Attorneys<br>555 4th Street NW<br>Washington, D.C. 20530 |

Dated: February 22, 2019