UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.        )<br>)<br>ROGER J. STONE, JR.,      )<br>)<br>Defendant.    )<br>) | Crim. Action No. 19-0018 (ABJ) |

**ORDER**

Defendant's motion asking the Court to order the Office of the Special Counsel ("OSC") to show cause why it did not violate the order sealing the indictment in this case will be denied. The exhibits defendant attached to his motion supplied no reason to believe that any contempt of court had occurred, and the record as a whole, including defendant's motion and exhibits ("Def.'s Mot.") [Dkt. # 31], the government's response ("Gov't Resp.") [Dkt. # 44], defendant's reply to the government's response [Dkt. # 45] ("Def.'s Reply"), and the government's response to the Court's minute order dated February 22, 2019 and the exhibits attached thereto [Dkt. # 46] ("Gov't Notice"), demonstrates that there is no basis for the issuance of the requested order.

It is important to note that it was the OSC that asked that the indictment, which ordinarily would have been a public document from the start, be sealed in the first place. On January 24, 2019, the grand jury returned the indictment in this case. Indictment [Dkt. # 1]. At that time, the Office of Special Counsel asked the court to keep the indictment under seal on its docket for a short period of time: until the defendant could be placed under arrest. *See* Mot. for Sealing of the Indictment, Warrants, the Instant Mot. and to Delay Entry on the Public Docket of the Filing of

this Mot. to Seal and All Related Matters [Dkt. # 2] ("Mot. to Seal Case"). The prosecution advanced one reason for seeking the order:

> Law enforcement believes that publicity resulting from disclosure of the Indictment and related materials on the public record prior to arrest will increase the risk of the defendant fleeing and destroying (or tampering with) evidence. It is therefore essential that any information concerning the pending indictment in this district be kept sealed prior to the defendant's arrest.
>
> Accordingly, the government submits that under *Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest that justifies not only the sealing of the Indictment and all other pleadings, warrants, records, and files in this case, but also a short delay in the public docketing of these sealed pleadings and the accompanying order until the defendant's arrest.

Mot. to Seal Case at 1–2.

The Magistrate Judge assigned to the matter at the time granted the motion and ordered "that the Indictment, Warrant, the Instant Motion and the entry on the public docket of the filings . . . be delayed until the defendant named in the Indictment is in custody, at which time the foregoing materials shall be unsealed." Order, Jan. 24, 2019 [Dkt. # 3]. The government was further ordered to inform the Court as soon as the defendant was in custody so that the documents could be unsealed and entered on the public docket. *Id.* In other words, the court ordered the OSC to let *it* know as soon as the indictment could be unsealed on *its docket*.

The defendant was arrested the next day at 6:06 a.m. *See* Gov't Notice. This is not disputed. *See* Def.'s Mot. at 2 ("The FBI arrested Roger Stone at 6:06 a.m. on January 25, 2019."); *see also* Def.'s Timeline for the Morning of January 25, 2019, Ex. 4 to Def.'s Mot. [Dkt. # 31-4] ("Def.'s Timeline").

After receiving confirmation of the defendant's arrest, OSC made the fact of defendant's indictment and arrest public. A copy of the indictment was posted on the Department of Justice

website, and at 6:16 a.m., an email was transmitted to the press by the spokesperson for the Special Counsel's Office. Email of Jan. 25, 2019, Ex. C to Gov't Notice [Dkt. # 46-3]. It stated that defendant had been arrested, and it provided a link to the website where the court documents could be found. *Id.* Thus, according to even the defendant's own timeline, the indictment was not disseminated to the public until after the defendant had been arrested, and the sole basis for OSC's request that it be sealed on the public docket had evaporated. Therefore, while it appears that a news crew was indeed already at the house before the FBI arrived, there is nothing in the record to substantiate the central allegation in defendant's motion that "a news crew knew the time and place of the arrest . . . having been provided with an unfiled, draft copy of the indictment the Court had ordered sealed." Def.'s Mot. at 3.[1] Thus, no hearing on a motion to show cause is necessary.

---

1    The motion and the timeline represent that a reporter called counsel for the defendant at 6:11 a.m. to inform him that defendant had been arrested before counsel had even been contacted by his client. There is no evidence provided to support this assertion, but assuming it is accurate, the call was placed after the defendant had already been arrested and walked outside. *See* Def.'s Timeline. Exhibit 1 to defendant's motion reflects that a reporter sent a text message to counsel further discussing the fact of defendant's arrest at 6:13 a.m., and it was at some unidentified point later in the text exchange that the reporter stated, "[w]e got a press release from SCO." Ex. 1 to Def.'s Mot. [Dkt. # 31-1]. (Exhibit C to the Government's Notice reflects that the press release was emailed at 6:16 a.m. Email of Jan. 25, 2019, Ex. C to Gov't Notice [Dkt. # 46-3].) Thereafter, the reporter attached a link to the indictment that had been posted on www.justice.gov. Ex. 1 to Def.'s Mot. Defendant's motion states that the indictment was transmitted by the reporter at 6:22 a.m., Def.'s Mot. at 2, but the precise time is not evident from the text exchange. In any event, defendant's recitation of the events reflects nothing more than the fact that the reporter had the indictment in hand after the defendant was arrested, and there is no evidence that the reporter had it earlier.

   Defendant's Exhibit 2 is the copy of the indictment transmitted to counsel by the reporter. Ex. 2 to Def.'s Mot. [Dkt. # 31-2]. Defendant calls it a "draft" since it is unsigned, and makes the unremarkable observation that the metadata related to this document generated by the OSC suggests that it was created by an attorney working for the OSC. *See* Def.'s Mot. at 2. But that does not demonstrate that the reporter received an advance copy. It was also an unsigned version that was posted on the Department of Justice website and made publicly available at 6:11:45 that morning. *See* https://www.justice.gov/file/1124706/download; Ex. B to Gov't Notice [Dkt. # 46-2]. (The Court's docket reflects that the document originally filed as Dkt. # 1 on January 24, 2019, the indictment, was replaced on January 25 with a signed copy.)

Defendant appears to have recognized this after his motion was filed, and so in his reply, he emphasizes a different ground for his allegation that the OSC violated a court order: the fact that it published the indictment before the order unsealing the indictment on the court's docket had been entered. *See* Def.'s Reply; *see also* Gov't Resp. at 2 ("At approximately 6:00AM on January 25, 2019, Special Agents with the Federal Bureau of Investigation arrested Stone at his residence in Florida. By 6:10AM, Special Agents had taken Stone into custody. Per Judge Robinson's order, the indictment was unsealed at that time. Consistent with its regular practice, within a few minutes of receiving confirmation of the defendant's arrest, the Special Counsel's Office ("SCO") posted the charging document on the SCO website and notified press outlets of the arrest and that the indictment was available online. . . . Once the Clerk's Office opened later that morning and the Court was notified of the arrest, the indictment was entered onto the public docket and a copy of the docketed indictment was made available to the public via PACER.").

The defendant misapprehends the clear purpose and the intent of the sealing order. The OSC's publication of the indictment after the defendant's arrest was not unauthorized, and the Court concludes that no order to show cause is warranted in this case based on these facts. Accordingly, defendant's motion [Dkt. # 31] is DENIED.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: February 27, 2019