IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER J. STONE, JR.,

    Defendant.
_____/

**ROGER J. STONE'S RESPONSE TO THE COURT'S ORDER
OF MARCH 5, 2019 [DKT. # 56]**

(1)      The March 1, 2019 Motion to Clarify (Dkt. # 51) *was not* "intended to serve as a means to generate additional publicity for the book." Order of March 5, 2019 (Dkt. # 56), p. 2 n. 1. It was intended to address the fact that the "new" introduction was, after the February 21, 2019 hearing, recognized to be a potential problem. *See* Exhibit A, email exchange of February 21, 2019 at 6:33 p.m. We regret that the Court drew a contrary impression.

(2)      That the New Introduction "had been sent to a publisher in January and was scheduled for release in February" (Order, p. 3, n. 2), is now certain. *See* Composite Exhibit B. There was confusion. We apologize for the confusing representation about publication. But, the February 8 representation that "'[t]hat first wave of publicity surrounding the indictment . . . will subside. To be sure, the interest in this case will continue, but nothing compels the conclusion that the Court's present expressed confidence in seeking an unbiased jury will, in months hence, be compromised by the press or Mr. Stone as we move forward.'" (Order at 3, n. 2, quoting February 8 submission), is still true. The Court views the New Introduction as "entirely

inconsistent with the assurances," but those "assurances" were not made in an effort to conceal anything. They reflected a belief in both waning publicity and the ability of the Court to seat a jury. That opinion still holds.

(3)     That the lawyers who submitted the Notice of Apology, and who condemned the posting which prompted it, "did not seek an exception for a recently revised introduction to a book that was in the hands of retailers as he spoke" (Opinion at 3-4) is true. But any suggestion that not doing so was intended to mislead, is not true.  Even if it had crossed counsel's mind to raise the new introduction (and it did not), it seems a bit awkward to have sought to introduce the New Introduction at that very moment during argument. As the 6:33 p.m. February 21, 2019 email exchange  reflects, reading for the first time the New Introduction, while waiting for a plane back to Fort Lauderdale, brought the issue home and led to the Motion to Clarify.

We address below the Court's specific requests:

DEFENDANT MUST PRODUCE ANY RECORDS, INCLUDING THE DECEMBER 18, 2018 AGREEMENT REFERENCED IN THE DECLARATION OF ANTHONY LYONS [DKT. # 55-1] ¶4, AND ANY OTHER CONTRACTS, LETTERS, EMAILS OR OTHER COMMUNICATIONS WITH THE PUBLISHER, DETAILING THE TERMS AND SCHEDULE FOR THE RELEASE OF THE NEW EDITION OF THE BOOK WITH THE JANUARY 2019 INTRODUCTION, INCLUDING ALL RECORDS REFLECTING WHEN RETAILERS COULD BEGIN OFFERING THE BOOK FOR SALE AND RECORDS REFLECTING THE DATE WHEN THE BOOK WOULD BE FIRST OFFERED FOR SALE BY ONLINE VENDORS SUCH AS AMAZON.COM AND GOOGLE BOOKS.

**Response:**

*See* attached, Composite Exhibit B.

DEFENDANT MUST INFORM THE COURT OF THE EXACT DATE THE BOOK WAS FIRST MADE AVAILABLE FOR PURCHASE ONLINE, AND THE INTRODUCTION WAS MADE AVAILABLE FOR VIEWING, AT AMAZON.COM AND GOOGLE BOOKS OR ANY OTHER ONLINE VENDOR.

**Response:**

As provided by the Publisher, the exact date the book was first made available for purchase online, and the Introduction was made available for viewing to Amazon.com and Google books or any other online vendor was on January 18, 2019. They could choose to make them publicly available any time after they received them.

DEFENDANT MUST INFORM THE COURT WHETHER AND WHEN HE BECAME AWARE OF: THE FACT THAT THE NEW EDITION OF THE BOOK HAD BEEN PRINTED BY THE PUBLISHER; THE FACT THAT COPIES OF THE BOOK HAD BEEN SHIPPED FROM THE PRINTER; THE FACT THAT COPIES WERE AVAILABLE AT BOOKSTORES; THE FACT THAT RETAIL BOOKSTORES WERE SELLING THE BOOK; AND THE FACT THAT THE BOOK WAS AVAILABLE FOR PURCHASE OR VIEWING ONLINE.

**Response:**

1) Mr. Stone became aware of the fact that the New Edition of the book had been printed in early February, exact date unknown, when an acquaintance of Mr. Stone reached out to him to say he had purchased and had in-hand a copy of the book.

2) Mr. Stone knew books had been shipped from the printer as late as February 18, when Mr. Stone received two boxes of approximately 30 books each at his home delivered to him by the publisher which he began giving to friends and family. *See also*, Composite Exhibit B.

3) Mr. Stone does not have any recollection of when he specifically knew they were available at bookstores.

4) Mr. Stone does not have any recollection of when he specifically knew they were being sold at retail bookstores.

5) Mr. Stone does not recall when he learned that the book was available for purchase or viewing online.

DEFENDANT MUST SPECIFY THE DATE AND CONTENT OF ANY INSTAGRAM OR SOCIAL MEDIA POSTS, INCLUDING DELETED POSTS, OR OTHER PUBLIC STATEMENTS HE MADE FROM JANUARY TO THE PRESENT CONCERNING OR PUBLICIZING THE RELEASE OF THE BOOK, INCLUDING ANY STATEMENTS ANNOUNCING THE DATE THE BOOK WOULD BE PUBLISHED OR AVAILABLE FOR PURCHASE.

**Response**:

Beginning after the completion and approval of the New Introduction and the creation of possible covers, Mr. Stone composed and posted the attached Instagram and Instagram Stories. There were a total of 6, all of which are attached, that spanned from January 16 through February 18. To the best of Mr. Stone's knowledge or records, he made no public statements regarding the publication of the book from January 15th to the present. *See* Composite Exhibit C.

DEFENDANT MUST DESCRIBE ALL STEPS HE TOOK, OR COMMUNICATIONS HE HAD WITH THE PUBLISHER OR ANY RETAILER, IF ANY, CONCERNING THE RELEASE OR SALE OF THE BOOK BETWEEN THE ENTRY OF THE ORDER ON FEBRUARY 21, 2019 AND MARCH 1, 2019, AND HE MUST PRODUCE ANY RECORDS REFLECTING THOSE COMMUNICATIONS.

**Response**:

Immediately following the February 21 hearing, Mr. Stone reminded counsel about the existence of the New Introduction which covered topics now subject to restriction and that it could be construed as being written after the date for the February 21 Order because the various platform and location releases were not immediately known to him, although he had knowledge they had been printed and that there had been at least one commercial sale. Mr. Stone instructed Mr. Smith to send the new introduction to the others on his team for review.

Mr. Stone did not have any direct communications with the publisher or any retailer between February 21 and March 1, all communications were indirect through counsel. To be completely transparent, Mr. Stone has authorized counsel to provide these communications to the Court.

On the morning of February 22, Mr. Smith sent an email to the publisher requesting, in light of the Court's Order, a detailed explanation of where the books stood in the release/publishing process.

On February 26th, in preparation for the March 1 filing by Defendant, Mr. Smith requested additional information from the publisher to be able to accurately represent the status of the book to the Court. As is reflected in this email exchange, Mr. Stone no longer had a "joint-venture" with the publisher and the publisher viewed the information Mr. Stone was requesting to be proprietary as Mr. Stone neither participated in setting the schedule or any printing or distribution decisions. The publisher ultimately provided the information requested in preparation for the Defendant's filing.

The Defendant also asks the Court to take notice of the immediacy with which this was addressed by Mr. Stone and that the serious tone in the emails reflects the seriousness with which Mr. Stone took the Court's February 21 order. *See* Composite Exhibit D.

## **CONCLUSION**

There was/is no intention to hide anything. The new introduction, post February 21, 2019, presented a question we tried, obviously clumsily, to address. Having been scolded, we seek only to defend Mr. Stone and move ahead without further ado.[1]

---

[1] Bruce Rogow may not be able to attend the March 14, 2019 status conference because he is under a physician's care for a temporary disorder impeding his ability to travel.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Robert C. Buschel* <br> ROBERT C. BUSCHEL <br> **BUSCHEL GIBBONS, P.A.** <br> FL Bar No.: 006436 <br> One Financial Plaza, Suite 1300 <br> 100 S.E. Third Avenue <br> Fort Lauderdale, FL 33394 <br> Telephone: (954) 530-5301 <br> Fax: (954) 320-6932 <br> Buschel@BGlaw-pa.com <br> *Admitted pro hac vice* | By: */s/Bruce S. Rogow* <br> BRUCE S. ROGOW <br> FL Bar No.: 067999 <br> TARA A. CAMPION <br> FL Bar: 90944 <br> **BRUCE S. ROGOW, P.A**. <br> 100 N.E. Third Avenue, Ste. 1000 <br> Fort Lauderdale, FL  33301 <br> Telephone: (954) 767-8909 <br> Fax: (954) 764-1530 <br> brogow@rogowlaw.com <br> tcampion@rogowlaw.com <br> *Admitted pro hac vice* |
| By: */s/ L. Peter Farkas* <br> L. PETER FARKAS <br> **HALLORAN FARKAS + KITTILA LLP** <br> DC Bar No.: 52944 <br> 1101 30th Street, NW <br> Suite 500 <br> Washington, DC 20007 <br> Telephone: (202) 559-1700 <br> Fax: (302) 257-2019 <br> pf@hfk.law | By: /s/ *Grant J. Smith* <br> GRANT J. SMITH <br> **STRATEGYSMITH, PA** <br> FL Bar No.: 935212 <br> 401 East Las Olas Boulevard <br> Suite 130-120 <br> Fort Lauderdale, FL 33301 <br> Telephone: (954) 328-9064 <br> gsmith@strategysmith.com <br> *Admitted pro hac vice* |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 11, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

*United States Attorney's Office for the District of Columbia*

MICHAEL JOHN MARANDO
JONATHAN IAN KRAVIS
**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393
michael.marando@usdoj.gov
jonathan.kravis3@usdoj.gov

*United States Department of Justice Special Counsel's Office*

AARON SIMCHA JON ZELINSKY
JEANNIE SCLAFANI RHEE
ANDREW DANIEL GOLDSTEIN
LAWRENCE RUSH ATKINSON
**U.S. DEPARTMENT OF JUSTICE SPECIAL COUNSEL'S OFFICE**
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 616-0800
Fax: (202) 651-3393
asjz@usdoj.gov
jsr@usdoj.gov
adg@usdoj.gov
lra@usdoj.gov

      By: */s/ Robert C. Buschel*
      ROBERT C. BUSCHEL