

**United States Government Accountability Office**
**Washington, DC  20548**

B-302582

September 30,  2004

The Honorable Ted Stevens
Chairman
Committee on Appropriations
The Honorable Robert C. Byrd
Ranking Minority Member
Committee on Appropriations
United States Senate

The Honorable C.W. Bill Young
Chairman
Committee on Appropriations
The Honorable David Obey
Ranking Minority Member
Committee on Appropriations
House of Representatives

Subject:  *Special Counsel and Permanent Indefinite Appropriation*

The Government Accountability Office (GAO) is required to audit twice a year the
expenditures by independent counsels and certain special counsels paid from the
permanent indefinite appropriation.[1]  In the course of auditing independent counsel
expenditures for the period ending March 31, 2004, we learned that the Department of
Justice was using the permanent indefinite appropriation to pay the expenses of the
investigation by Special Counsel Patrick J. Fitzgerald.  Mr. Fitzgerald continued to
perform his duties as a U.S. Attorney after his appointment as Special Counsel.  This
is the first time that the expenses of an investigation by a United States Attorney

---

[1] The independent counsel law expired in July 1999, although it continues in effect
with respect to matters pending before previously appointed independent counsels.
28 U.S.C. § 599, as amended by Pub. L. No. 103-270, § 2, 108 Stat. 732 (June  30, 1994).
Section 596(c) of title 28 of the United States Code requires covered independent
counsels to report on their expenditures on a semiannual basis and requires GAO to
audit these statements.  In addition, the permanent indefinite appropriation
established by Pub. L. No. 100-202, § 101(a), title II, 101 Stat. 1329, 1329-9 (1987), 28
U.S.C. § 591 note (2000), requires us to perform semiannual financial reviews of the
expenditures from the permanent indefinite appropriation.

appointed to serve as Special Counsel who continues to serve as a United States Attorney have been paid from the permanent indefinite appropriation.  In addition, Department of Justice regulations at 28 C.F.R. Part 600 (2003) provide that Special Counsels shall be selected from outside the government.

Given our responsibility to audit the fund, the use of the account to finance Special Counsel Fitzgerald's activities, and the provisions of 28 C.F.R. Part 600 (2003), we initiated inquiries with the Department of Justice to assure ourselves of the availability of this account to defray his expenses.[2]  In considering this matter, we requested and received the written views of the Department of Justice.  We also met with officials of the Department to discuss their views and obtained additional comments and information.  Finally, we reviewed the laws and their legislative histories, regulations, court decisions, and past practices of the Department of Justice, as they relate to this matter.

For the reasons discussed below, we do not object to the use of the permanent indefinite appropriation to fund Special Counsel Fitzgerald's expenses. Unlike the expired independent counsel law, the permanent indefinite appropriation does not require that a Special Counsel be appointed from outside the government.  The Department, in appointing Special Counsel Fitzgerald under "other law", has afforded him independence by delegating all of the Attorney General's authority with respect to the investigation and instructing him to exercise that authority independent of the control of any officer of the Department.  Finally, the Part 600 regulations are not substantive and may be waived by the Department.

**Background**

On December 30, 2003, Deputy Attorney General James B. Comey, acting in his capacity as Acting Attorney General, appointed Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, as Special Counsel to investigate the alleged unauthorized disclosure of a CIA employee's identity.  Special Counsel Fitzgerald's delegation reads as follows:

> "By the authority vested in the Attorney General by law, including 28 U.S.C. §§ 509, 510, and 515, and in my capacity as Acting Attorney General pursuant to 28 U.S.C. § 508, I hereby delegate to you all the authority of the Attorney General with respect to the Department's investigation into the alleged unauthorized disclosure of a CIA employee's identity, and I direct you to exercise that authority as Special Counsel independent of the supervision or control of any officer of the Department."[3]

---

[2] The Government Accountability Office is authorized by 31 U.S.C. § 3526 (2000) to settle the accounts of the government and may take exception to illegal, improper, or unauthorized payments.

[3] Letter from James B. Comey, Acting Attorney General, to Patrick J. Fitzgerald, United States Attorney, Dec. 30, 2003.

In February 2004, Acting Attorney General Comey clarified Special Counsel Fitzgerald's delegation of authority to state that the authority previously delegated to him is plenary.  It also states, "Further, my conferral on you of the title of 'Special Counsel' in this matter should not be misunderstood to suggest that your position and authorities are defined and limited by 28 CFR Part 600."[4]

Following his appointment as Special Counsel, Mr. Fitzgerald continued to perform his duties as United States Attorney.  As a result of our activities in connection with the audit of the Independent Counsel expenditures for the six-month period ending March 31, 2004, we learned that the Department of Justice was charging the expenses of Special Counsel Fitzgerald to the permanent indefinite appropriation established " . . . to pay all necessary expenses of investigations and prosecutions by independent counsels appointed pursuant to the provisions of 28 U.S.C. 591 *et seq.* or other law . . ."[5]  In the following section we discuss two issues: whether the permanent indefinite appropriation is available to fund Special Counsel Fitzgerald's expenses and whether the Part 600 regulations, which among other things require the appointment of Special Counsel from outside the government, can be waived.

**Discussion**

As you are aware, the authority to appoint independent counsels pursuant to the provisions of 28 U.S.C. §§ 591 *et seq.* expired on June 30, 1999.  However, the permanent indefinite appropriation remains available to pay the expenses of an independent counsel (1) who was appointed by the Special Division of the United States Court of Appeals for the District of Columbia pursuant to the provisions of 28 U.S.C. §§ 591 *et seq.* whose investigation was underway when the law expired[6] or

---

[4] Letter from James B. Comey, Acting Attorney General, to Patrick J. Fitzgerald, United States Attorney, Feb. 6, 2004.  The Department of Justice adopted 28 C.F.R. Part 600 (64 Fed. Reg. 37038, July 9, 1999), to replace the procedures of the expired Independent Counsel Reauthorization Act of 1994.  While the Part 600 procedures provide that a Special Counsel appointed by the Attorney General (or in cases when the Attorney General is recused, by the Acting Attorney General) is to be selected from outside the government, the delegation clearly states that Special Counsel Fitzgerald is not a Special Counsel whose appointment is subject to Part 600.

[5] Pub. L. No. 100-202, § 101(a) [title II], 101 Stat. 1329, 1329-9 (1987).

[6] The law continues in effect with respect to matters pending before an independent counsel until the independent counsel determines that such matters have been completed.  28 U.S.C. § 599 (2000).

(2) who was appointed under "other law."[7]  Under the expired law, a person appointed as an independent counsel could not hold "any office of profit or trust under the United States, 28 U.S.C. § 593(b)(2) (2000)."[8]  The purpose of the qualification was to avoid the public perception of an actual or apparent conflict of interest existing between the investigator and those being investigated for alleged violations of law.[9]

The permanent indefinite appropriation is available to pay all necessary expenses of investigations of independent counsels appointed under other law.  However, the term "independent counsel" is not defined in the permanent indefinite appropriation. About the time the independent counsel law was being considered for reauthorization in 1987, legal challenges were underway regarding the constitutionality of the procedure followed to appoint independent counsels.  Consequently, to avoid interruption of ongoing investigations should the law be ruled unconstitutional by a court, the Attorney General appointed the same persons to serve as independent counsels under the statutory authority that was relied upon to appoint Special

---

[7] The Department has at different times in various regulations characterized individuals appointed under other law (to investigate individuals who may have been proper subjects for investigation under the expired independent counsel law) as independent counsels or special counsels.  *Compare* Justice's current regulation at 28 C.F.R. Part 600—General Powers of Special Counsel (July 1, 2003) with the regulation it replaced at 28 C.F.R. Part 600—General Powers of Independent Counsel (July 1, 1999).  *See* 28 U.S.C. Parts 601 through 603 (July 1, 2003) relating to the Jurisdiction of the three Independent Counsels appointed under other authority for *Iran/Contra*, *In re Franklyn Nofziger* and *In re Madison Guaranty Savings & Loan Association*. Independent and special counsels are sometimes referred to as regulatory independent counsels

[8] A similar requirement was included in the independent counsel law as first enacted in 1978 and all subsequent reauthorizations.  *See* 28 U.S.C. § 593(d) (Supp. III 1979) as enacted by section 601 of the Ethics in Government Act of 1978, Pub. L. No. 95-521, 92 Stat. 1824, 1869 (Oct. 26, 1978); 28 U.S.C. § 593(d) (1982) as amended by section 2(a)(1)(A) of the Ethics in Government Act Amendments of 1982, Pub. L. No. 97-409, 96 Stat. 2039 (Jan. 3, 1983); 28 U.S.C. § 593(b)(2) (1988) as amended by section 2 of the Independent Counsel Reauthorization Act of 1987, Pub. L. No. 100-191, 101 Stat. 1293, 1298 (Dec. 15, 1987); and 28 U.S.C. § 593(b)(2) (1994) as amended by the Independent Counsel Reauthorization Act of 1994, Pub. L. No. 103-270, 108 Stat. 732 (June 30, 1994).

[9] *See*, for example, S. Rep. No. 95-170, accompanying S. 555, at 65-66 (1977) discussing the proposed language of 28 U.S.C. § 593(d).  Upon the enactment of S. 555 into law, it became known as the Ethics in Government Act of 1978.  *See also* the Conference Committee Report accompanying S. 555, H.R. Rept. 95-1756, 77 (1978) for discussion on the origin of title VI to the act enacting the special prosecutor provisions into law. The act was subsequently amended to change the name special prosecutor to independent counsel.

Counsel Fitzgerald.[10]  Thus, the independent counsels appointed under "other law" around the time that the Congress was considering the Department of Justice appropriation act for fiscal year 1988 (which enacted the permanent indefinite appropriation into law) were the independent counsels that also had been appointed in conformity with the requirements of the independent counsel law. [11]

In a meeting with Department of Justice officials,[12] the Department explained its view that use of the permanent indefinite appropriation to pay expenses of a U.S. Attorney appointed to serve as Special Counsel who continues to perform his duty as a U.S. Attorney is appropriate.  The alleged violation that Special Counsel Fitzgerald is investigating involves the rank and level of government official that clearly would have been within the scope of the expired independent counsel law and the investigation of which could have been funded by the permanent indefinite appropriation.  Additionally, the Department views the use of the permanent indefinite appropriation as important to facilitate Special Counsel Fitzgerald's investigation by freeing him from possible budget constraints that potentially might serve to limit his activities.

---

[10] *See* Offices of Independent Counsel; General Powers and Establishment of Independent Counsel—Iran/Contra, 52 Fed. Reg. 7270, Mar. 10, 1987, and Jurisdiction; Independent Counsel Offices; Regarding Franklyn C. Nofziger, 52 Fed. Reg. 22438, June 12, 1987, and *In re Sealed Case*, 829 F.2d 50, 52-53 (D.C. Cir. 1987), discussing the Attorney General's appointment of Lawrence Walsh as regulatory independent counsel under 28 C.F.R. Part 600 (1987) to mirror the appointment of Lawrence Walsh under the independent counsel law.  Unlike the court which considered the effect of the predecessor Part 600, we have been unable to identify support for the proposition that 28 C.F.R. Part 600 issued in 1999 was intended to mirror the requirements of the expired independent counsel law.

[11] Heretofore, persons appointed regulatory independent/special counsels whose expenses have been paid from the permanent indefinite appropriation were not officers or employees of the United States government, including the first regulatory special counsel appointed following the 1999 amendment to 28 C.F.R. Part 600.  They include Robert Fiske, appointed regulatory independent counsel on January 20, 1994, and John Danforth, appointed regulatory special counsel on September 9, 1999.

[12] Meeting on May 20, 2004, attended by Paul Colborn, Special Counsel, Office of Legal Counsel, Stuart Frisch, General Counsel, Justice Management Division, and Melinda Morgan, Acting Director of Finance, Justice Management Division, representing the Department of Justice, and Susan A. Poling, Associate General Counsel, Richard T. Cambosos, Senior Attorney, and Hodge Herry, Assistant Director, Financial Management and Assurance, representing GAO. *See also* letter from Paul R. Corts, Assistant Attorney General for Administration, Department of Justice, to Anthony H. Gamboa, General Counsel, GAO, April 1, 2004, p. 2.

Since the permanent indefinite appropriation is available for independent counsels, we looked for indicia of independence of Special Counsel Fitzgerald.  The parameters of his authority and independence are defined in the appointment letters which delegate to Special Counsel Fitzgerald all (plenary) the authority of the Attorney General with respect to the Department's investigation into the alleged unauthorized disclosure of a CIA employee's identity with the direction that he exercise such authority independent of the supervision or control of any officer of the Department.[13]  In addition, Department officials informed us that the express exclusion of Special Counsel Fitzgerald from the application of 28 C.F.R. Part 600, which contains provisions that might conflict with the notion that the Special Counsel in this investigation possesses all the power of the Attorney General, contributes to the Special Counsel's independence.[14]  Thus, Special Counsel Fitzgerald need not follow the Department's practices and procedures if they would subject him to the approval of an officer or employee of the Department.  For example, 28 C.F.R. § 600.7 requires that a Special Counsel consult with the Attorney General before taking particular actions.  The consulting requirement would seem to be inconsistent with the notion that Special Counsel Fitzgerald possesses the plenary authority of the Attorney General.   The Department also stated it would continue to provide the financial information for Special Counsel Fitzgerald as it has done with respect to other independent counsels appointed under "other law" whose expenses were paid from the permanent indefinite appropriation.[15]

Acting Attorney General Comey appointed Special Counsel Fitzgerald under 28 U.S.C. §§ 509, 510 and 515.[16]   The Department has relied upon such authority in the past to

---

[13] *See supra* notes 3 and 4.

[14] *See supra* note 12.

[15]The Department has instituted procedures to separately account for costs associated with Special Counsel Fitzgerald's investigation of the alleged unauthorized disclosure of the identity of the CIA operative that are charged to permanent indefinite appropriation. We audited the statement of expenditures for the Office of Special Counsel Fitzgerald and found that (1) the statement of expenditures was presented fairly, in all material respects, in conformity with U.S. generally accepted accounting principles, (2) the Special Counsel had effective internal control over financial reporting and compliance with laws and regulations, and (3) there was no reportable noncompliance with laws and regulations we tested.  Additional information on our audit of the Office of Special Counsel Fitzgerald can be obtained from our report, *Financial Audit:  Independent and Special Counsel Expenditures for the Six Months Ended March 31, 2004* (GAO-04-1014, Sept. 30, 2004).

[16] These statutes establish the Attorney General's overall responsibility for Department functions, his authority to delegate Department functions to other Department officers, and authority to direct an individual Department officer or any attorney specially appointed under law to conduct any kind of legal proceeding, civil

appear regulatory independent counsel from outside the government. In 1994, the Department first determined that it was authorized to finance the activity of a regulatory independent counsel who was appointed from outside the government pursuant to such authority from the permanent indefinite appropriation. We agree with the Department that the same statutory authorities that authorize the Attorney General (or Acting Attorney General) to delegate authority to a U.S. Attorney to investigate and prosecute high ranking government officials are "other law" for the purposes of authorizing the Department to finance the investigation and prosecution from the permanent indefinite appropriation. It should be noted that we have not objected to the use of the permanent indefinite appropriation to fund the expenses of regulatory independent counsels appointed from outside the government pursuant to such authority.[17]

The remaining issue is whether Part 600 can be waived by the Attorney General or acting Attorney General. We examined Part 600 and found it was issued in 1999 to replace the procedures of the expired Independent Counsel Reauthorization Act of 1994. In our view, Part 600 is not a substantive (legal) limitation on the authority of the Acting Attorney General to delegate departmental functions to Special Counsel Fitzgerald. First, 28 C.F.R. § 600.10 states that the regulations are "not intended to, do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law or equity, by any person or entity, in any matter, civil, criminal, or administrative." Further, in the supplemental information accompanying the issuance of Part 600, the Department explained that the effective date of the rule did not have to be delayed 30 days after publication because it was not a substantive rule, citing 5 U.S.C. §§ 553(d), 552(a)(1)(D). 64 Fed. Reg. 37038, at 37041 (July 9, 1999).

Finally, the only statute cited as authority for 28 C.F.R. Part 600 that expressly authorizes the Department to issue regulations is 5 U.S.C. § 301 (2000). It provides that the head of executive agencies may "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property…" The power conferred by 5 U.S.C. § 301 is administrative and not

---

or criminal, including grand jury proceedings whether or not he is a resident of the District in which the proceeding is brought.

[17] Department of Justice, Memorandum to Stephen R. Colgate, Assistant Attorney General for Administration, from Stuart Frisch, Acting General Counsel, *Availability of the Independent Counsel Appropriation to Pay Expenses of an Independent Counsel Appointed by the Attorney General*, Jan. 24, 1994. The determination related to the investigation by Robert B. Fiske, Jr., who was appointed by Attorney General Janet Reno on January 24, 1994, during a period between the expiration on December 15, 1992 and reauthorization on June 30, 1994, of the independent counsel law. *See,* GAO, *Financial Audit, Expenditures by Four Independent Counsels for the Six Months Ended March 31, 1994*, GAO/AIMD-95-112 (Washington, D.C.: March 31, 1995).

legislative.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 309 (1979); *United States v. George*, 228 U.S. 14, 21-22 (1914).  It follows that such regulations governing internal procedures issued under this statute do not have the force and effect of law.  <u>See</u> *Einhorn v. DeWitt*, 618 F. 2d 347 (5th Cir. 1980) (IRS procedural rules issued under 5 U.S.C. § 301 governing the internal affairs of the IRS do not have force and effect of law).  Thus, 28 C.F.R Part 600 does not act as a substantive limitation on the Attorney General's (or Acting Attorney General's) authority to delegate authority to a U.S. Attorney to serve as a Special Counsel to investigate high ranking government officials and it may be waived.  <u>See</u>  60 Comp. Gen. 208, 210 (1981) (an agency could waive its internal guidelines prescribing the specific evidence required to demonstrate a grantee's financial responsibility when the agency was otherwise satisfied that the government's interests were adequately protected).   The Department was not limited by 28 C.F.R. Part 600 when it exercised its authority under 28 U.S.C. §§ 508, 509, 510 and 515 and appointed Special Counsel Fitzgerald from within the Department to investigate the alleged unauthorized leak of a CIA employee' identity.

We also note that the Part 600 regulations contemplate an outside Special Counsel when "it would be in the public interest to appoint an outside Special Counsel to assume responsibility" for an investigation and that an investigation by the Department would present a conflict of interest or other extraordinary circumstance. 28 C.F.R. §600.1(b).  We defer to the Department's judgment in this regard.

**Conclusion**

Upon review and consideration, we do not object to the Department's determination that the permanent indefinite appropriation is available to pay the expenses of Special Counsel Fitzgerald's investigation.  Admittedly one might infer from events occurring around the time that the Congress was considering establishing the permanent indefinite appropriation that it was within the Congress' contemplation that the appropriation would be used to pay the expenses of an independent counsel possessing the degree of independence similar to that possessed by an independent counsel appointed under 28 U.S.C. §§ 591 *et seq*.  However, such an inference is insufficient to support our reading into the law a limitation on the use of the permanent indefinite appropriation to pay for investigations solely by Special Counsels appointed from outside the government.  The independence conferred by the delegation of authority to Special Counsel Fitzgerald from the Department of Justice is consistent with a fair reading of the independence required of an "independent counsel" appointed under "other law."  Finally, Part 600 regulations do not have the force and effect of law and may be waived by the Department.  Thus we do not view the payment of the expenses associated with Special Counsel Fitzgerald's investigation from the permanent indefinite appropriation to be improper or unauthorized simply because he was not appointed from outside the government and continues to serve as a United States Attorney.

Should you have any questions regarding this matter, you may contact Susan A. Poling, Associate General Counsel, on 202-512-2667 or Richard T. Cambosos, Senior Attorney, on 202-512-8263.


/SIGNED/

Anthony  H. Gamboa
General Counsel

cc:  Chairman and Ranking Minority Member
      Committee on Governmental Affairs
      United States Senate

      Chairman and Ranking Minority Member
      Committee on the Judiciary
      United States Senate

      Chairman and Ranking Minority Member
      Subcommittee on Commerce, Justice, State and the Judiciary
      Committee on Appropriations
      United States Senate

      Chairman and Ranking Minority Member
      Committee on Government Reform
      House of Representatives

      Chairman and Ranking Minority Member
      Committee on the Judiciary
      House of Representatives

      Chairman and Ranking Minority Member
      Subcommittee on Commerce, Justice, State,
         The Judiciary and Related Agencies
      Committee on Appropriations
      House of Representatives

B-302582