**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Case No.: 1:19-CR-00018-ABJ**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROGER J. STONE, JR.,

        Defendant.

_____/

## MOTION TO COMPEL COMPLETE REPORT OF THE SPECIAL COUNSEL

The Special Counsel drafted a Report regarding his investigation into any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump, and any matters that directly arose from that investigation.[1] Roger Stone has been indicted by the Special Counsel pursuant to the appointment by the Deputy Attorney General who authorized the investigation.  Roger Stone, through counsel, has a right to review the Special Counsel's full Report. Roger Stone is the only person with a compelling case for standing to demand the Report and his demand is pursuant to the Fifth and Sixth Amendments. His lawyers must be allowed to review the Report in its entirety because it contains the government's evidence and conclusions on matters essential to Stone's defense. Starting with the base assumptions by the Special Counsel that Russians hacked the Democratic National Committee, Democratic Congressional Campaign Committee, and Clinton Campaign email databases (*see* Indictment, ¶¶ 1-3, 7, 18, 20, 39); and ending with decisions why others were selectively *not* prosecuted for overtly committing similar offenses, and who are likely

---

[1] Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters. Attached as Exhibit 1.

witnesses in the case (*see* Indictment, ¶¶ 9, 13, 14, 28, 30, 32, 33, 34, 37 – "Person 1," and *passim,* "Person 2"). To be clear, Stone is not requesting the Report be disclosed to the world – only to his counsel so that it may aid in preparing his defense.

The limited disclosure of the Report to defense counsel will likely support Stone's constitutional argument that there was no referral from Congress to the Department of Justice. Argued in a companion motion contemporaneously filed, Congress did not refer Stone's case to the Department for investigation. Because there was no referral from Congress, the Special Counsel's investigation was a violation of the separation of powers, particularly since a proactive, self-initiated investigation violates the Appointment Order as well as the Constitution. Furthermore, without a referral from Congress and without the presentation of any witness present in the House Committee room when Stone appeared, no one testified to the Grand Jury that Stone's testimony was material to the House Committee's investigation. Indeed, the Special Counsel would have to prove at trial that a conspiracy existed to interfere with the 2016 presidential election and that it involved the Russian government, *before* Stone could be charged with obstructing an investigation into that Russian conspiracy. In fact, the Attorney General stated as much in a memo he wrote: ". . . the President's motive . . . could not have been 'corrupt' unless the President and his campaign were actually guilty of illegal collusion." (Memorandum, Bill Barr to Deputy Attorney General Rosenstein, June 8, 2018 at 3) (attached as Exhibit 2). Therefore, the entire theory of obstruction is "*entirely dependent* on first finding collusion. . ." *Id.*  Either the Special Counsel's Report provides the answer to these questions or it does not; either way, the Report will provide evidence necessary to prepare a defense for trial or provide evidence to support motions to dismiss.

Furthermore, Jerome Corsi and Randy Credico are witnesses for the prosecution. They both could have been charged with lying to the FBI or the grand jury. Neither was charged with any crime. Indeed, Corsi disclosed to the world a draft of an Indictment, Statement of Facts, and Plea Agreement sent to him by the Special Counsel's Office for his signature. Certainly there must be an explanation for that sequence of events. The Report would likely explain why those documents and criminal charges were not pursued. Stone would be entitled to know why the Special Counsel's position changed *vis a vis* Corsi and why it allowed Credico to remain in a state of grace. *See Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States,* 405 U.S. 150, 154 (1972); *Napue v. Illinois,* 360 U.S. 264, 269 (1959); *United States v. Bagley,* 473 U.S. 667, 675 (1985); *Kyles v. Whitley,* 514 U.S. 419 (1995).

The law in this Circuit comes from review of the Independent Counsel statute. In those cases, the courts considered whether the Independent Counsel reports should be disclosed to the public. *See In re North*, 16 F.3d 1234 (1994) (Iran-Contra). *North* required the Special Counsel to provide a closing report which he completed. *See* 28 C.F.R. § 600.8(c). Most prosecutions do not provide a report during an investigation and trial, but the SCO was required to create one (they are now required to produce them to criminal defendants). The Independent Counsel was appointed by the judiciary. *North,* 16 F.3d at 1239. The Special Counsel, however, was not. The Court, therefore, should not be concerned whether the public would consider the Report as having the *imprimatur* of the judiciary. *See Id.* at 1240.

*North* is guiding here: "[u]pon reflection on all the arguments brought before us, and on all the things and matters of record, we conclude that it is in the public interest that this matter of extended national controversy be afforded as full a conclusion as possible. Therefore, rather than

extend the controversy over the supposed, reported, or suspected contents of the Report, we have determined that the public interest will be served by actual disclosure." *Id.* at 1246.

Generally, the concern would be that innocent witnesses or others might suffer a reputational attack if they are exposed as being investigated or mentioned in a Report. *See In re Cisneros*, 426 F.3d 409, 412 (D.C. Cir. 2005). That would not be the situation here because Stone is requesting private disclosure to his defense team for review. Since *North,* the Courts have consistently disclosed Reports produced by the Independent Counsel. *In re Espy*, 259 F.3d 725, 730 (D.C. Cir. 2001); *In re Special Proceedings*, 842 F. Supp. 2d 232, 236 (D.D.C. 2012) (Sen. Ted Stevens). The Court has a Protective Order in place regarding discovery that would apply in full force and effect to the Special Counsel's Report. (Dkt. # 22).

## CONCLUSION

The Court should grant Roger Stone's motion to compel the Office of Special Counsel's Report. The Report would be reviewed by defense counsel subject to the Protective Order currently in place and any references to the Report would be made under seal.

Respectfully submitted,

By: */s/*_____

L. PETER FARKAS                    BRUCE S. ROGOW
HALLORAN FARKAS & KITTILA, LLP     FL Bar No.: 067999
DDC Bar No.: 99673                 TARA A. CAMPION
1101 30th Street, NW               FL Bar: 90944
Suite 500                          BRUCE S. ROGOW, P.A.
Washington, DC 20007               100 N.E. Third Avenue, Ste. 1000
Telephone: (202) 559-1700          Fort Lauderdale, FL  33301
Fax: (202) 257-2019                Telephone: (954) 767-8909
pf@hfk.law                         Fax: (954) 764-1530
                                   brogow@rogowlaw.com
                                   tcampion@rogowlaw.com
                                            *Admitted pro hac vice*


ROBERT C. BUSCHEL                  GRANT J. SMITH
BUSCHEL GIBBONS, P.A.              STRATEGYSMITH, PA
FL Bar No.: 006436                 DCC Bar No. FL00036
One Financial Plaza, Suite 1300    FL Bar No.: 935212
100 S.E. Third Avenue              401 East Las Olas Boulevard
Fort Lauderdale, FL 33394          Suite 130-120
Telephone: (954) 530-5301          Fort Lauderdale, FL 33301
Fax: (954) 320-6932                Telephone: (954) 328-9064
Buschel@BGlaw-pa.com               gsmith@strategysmith.com
         *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2019, I electronically filed the foregoing with the

Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all

counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by

CM/ECF.

By: */s/ Robert Buschel*
Robert C. Buschel

| *United States Attorney's Office for the District of Columbia* | *United States Depart of Justice Special Counsel's Office* |
|---|---|
| MICHAEL JOHN MARANDO<br>JONATHAN IAN KRAVIS<br>**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**<br>555 Fourth Street, NW<br>Washington, DC 20530<br>Telephone: (202) 252-6886<br>Fax: (202) 651-3393<br>michael.marando@usDepartment of Justice.gov<br>jonathan.kravis3@usDepartment of Justice.gov | AARON SIMCHA JON ZELINSKY<br>JEANNIE SCLAFANI RHEE<br>ANDREW DANIEL GOLDSTEIN<br>LAWRENCE RUSH ATKINSON<br>**U.S. Department of Justice**<br>**SPECIAL COUNSEL'S OFFICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 616-0800<br>Fax: (202) 651-3393<br>asjz@usDepartment of Justice.gov<br>jsr@usDepartment of Justice.gov<br>adg@usDepartment of Justice.gov<br>lra@usDepartment of Justice.gov |