**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Case No.: 1:19-CR-00018-ABJ**

UNITED STATES OF AMERICA,


v.

ROGER J. STONE, JR.,

       Defendant.

_____/

## ROGER STONE'S MOTION TO ENJOIN HIS PROSECUTION

Defendant, Roger J. Stone, Jr., moves for an injunction to end the prosecution against him. The Appropriations Clause of the United States Constitution, ("No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law. . .") has been violated by a prosecution initiated by a public official whose function was not funded by Congress. U.S. Const. Art. I, § 9 cl. 7. Such a violation requires that Stone's prosecution be enjoined. That violation is present here.

Defendant, Roger Stone, has been charged with obstruction, lying to Congress, and witness tampering under 18 U.S.C. §§ 1505, 1001, and 1512(b)(1), 2. He is not charged with aiding or conspiring with Russian agents in order to hack, steal, or disseminate emails of the Democratic National Committee, the Democratic Congressional Campaign Committee, or Hillary Clinton's campaign chairman, John Podesta. On March 24, 2019, the Attorney General issued a summary report of the Special Counsel's Office investigation ("Report"), in which he confirmed that *no American*, including the President of the United States (or Roger Stone), conspired with any Russian agent to influence the 2016 presidential election.  Attached as an Exhibit, Attorney General's March 24, 2019 letter to Judicial Committees.

Robert Mueller was an appointed Special Counsel. His Special Counsel's Office was not funded by monies approved by Congress; rather, the Department of Justice has been funding the investigation from an unlimited account established in 1987 to fund *independent* counsels. In 1999 Congress, and the Department of Justice, specifically replaced the installing and empowering of independent counsels, with *special* counsels, in order for the Attorney General to have greater control over the investigations and to provide fiscal oversight of the budget by Congress.

A key element of fiscal oversight is specified funds from a congressionally approved budget. Special Counsels are materially different from Independent Counsels, and the Independent Counsel fund is not available to Special Counsels. This is not a technical detail. The Constitution grants Congress spending power for a reason. By forcing Special Counsel to seek congressional approval for its funding, Congress ensures that their investigations are necessary, limited, and fair.

The Special Counsel's Office that indicted Stone did not operate with congressionally approved budget and funding. Therefore, its funding was in violation of Article I, §9, cl. 7. Since the Special Counsel's investigation of Roger Stone violated a fundamental clause of the Constitution, the Special Counsel's office lacked authority to investigate and prosecute Roger Stone. The case against Stone should be enjoined. In the alternative, as argued in a companion motion contemporaneously filed, the Indictment against him should be dismissed.

The Appropriations Clause, U.S. Const. Art. I, § 9, cl. 7, prohibits the payment of money from the Treasury unless it has been approved by an act of Congress. *United States v. McIntosh,* 833 F.3d 1163, 1174–75 (9th Cir. 2016):

> [I]f DOJ were spending money in violation of § 542, it would be drawing funds from the Treasury without authorization by statute and thus violating the Appropriations Clause. That Clause constitutes a separation-of-powers limitation that Appellants can invoke to challenge their prosecutions.

Thus, because here, the Department of Justice has been spending money in a manner not authorized by the Constitution, the Appropriations Clause was violated. This separation of powers violation can be raised by a defendant to challenge the act of prosecution. *Id.* An injunction is warranted because Stone's prosecution violates the Constitution.

The Special Counsel's Office should not have investigated Stone nor presented witnesses to a grand jury *sans* an appropriation which complied with the Constitution. Even if the District's United States Attorney's Office is now sponsoring the prosecution against Stone, the Special Counsel's unapproved/unfunded actions so taint the continuing case, that an injunction is warranted. The investigators, support staff, and lawyers who were all assigned to the Special Counsel, were paid by a fund that was not authorized by Congress. The irreparable injury to the Appropriations Clause, the constitutionally protected separation of powers, and the due process right to not be prosecuted except in accordance with law, supports the remedy of a permanent injunction.

## <u>CONCLUSION</u>

The prosecution of Roger Stone should be enjoined.

Respectfully submitted,

By: */s/*_____

L. PETER FARKAS                   BRUCE S. ROGOW

HALLORAN FARKAS & KITTILA, LLP     FL Bar No.: 067999

DDC Bar No.: 99673                       TARA A. CAMPION

1101 30th Street, NW                     FL Bar: 90944

Suite 500                               BRUCE S. ROGOW, P.A.

Washington, DC 20007                  100 N.E. Third Avenue, Ste. 1000

Telephone: (202) 559-1700             Fort Lauderdale, FL  33301

Fax: (202) 257-2019                     Telephone: (954) 767-8909

pf@hfk.law                              Fax: (954) 764-1530

                                      brogow@rogowlaw.com

                                      tcampion@rogowlaw.com

                                          *Admitted pro hac vice*

ROBERT C. BUSCHEL                  GRANT J. SMITH

BUSCHEL GIBBONS, P.A.            STRATEGYSMITH, PA

FL Bar No.: 006436                     DDC Bar No.: FL00036

One Financial Plaza, Suite 1300       401 East Las Olas Boulevard

100 S.E. Third Avenue                Suite 130-120

Fort Lauderdale, FL 33394             Fort Lauderdale, FL 33301

Telephone: (954) 530-5301             Telephone: (954) 328-9064

Fax: (954) 320-6932                   gsmith@strategysmith.com

Buschel@BGlaw-pa.com

                   *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2019, I electronically filed the foregoing with the

Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all

counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by

CM/ECF.

By: */s/ Robert Buschel*
Robert C. Buschel

| *United States Attorney's Office for the District of Columbia* | *United States Depart of Justice Special Counsel's Office* |
| --- | --- |
| MICHAEL JOHN MARANDO<br>JONATHAN IAN KRAVIS<br>**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**<br>555 Fourth Street, NW<br>Washington, DC 20530<br>Telephone: (202) 252-6886<br>Fax: (202) 651-3393<br>michael.marando@usDepartment of Justice.gov<br>jonathan.kravis3@usDepartment of Justice.gov | AARON SIMCHA JON ZELINSKY<br>JEANNIE SCLAFANI RHEE<br>ANDREW DANIEL GOLDSTEIN<br>LAWRENCE RUSH ATKINSON<br>**U.S. Department of Justice**<br>**SPECIAL COUNSEL'S OFFICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 616-0800<br>Fax: (202) 651-3393<br>asjz@usDepartment of Justice.gov<br>jsr@usDepartment of Justice.gov<br>adg@usDepartment of Justice.gov<br>lra@usDepartment of Justice.gov |