**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER J. STONE, JR.,

    Defendant.
_____/

**ROGER STONE'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDUE 12(b)(3)(B)**

Defendant, Roger J. Stone, Jr., moves to dismiss the Indictment against him, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Roger Stone has been charged with obstruction, lying to Congress, and witness tampering under 18 U.S.C. §§ 1505, 1001, and 1512(b)(1), 2.

    **I.    CONGRESS DID NOT MAKE A REFERRAL TO THE DEPARTMENT OF JUSTICE.**

The Department of Justice does not proactively patrol for obstruction and perjury cases around the halls of Congress. Federal agents do not surf channels or watch television and say, "we ought to investigate that, Joe Smith said this – in front of that committee," as stated by then-Director of the FBI James Comey[1]. Instead, Director Comey testified that Congress needed to refer cases to the FBI in order for them to investigate. The alleged offenses committed by Roger Stone occurred nearly two years ago and there was no referral from the Committee before which

---

[1] Oversight of the State Dep't, Hearing Before the Comm. on Oversight and Reform, 114th Congress (2016) (statement of James B. Comey, Dir. Federal Bureau of Investigation).

1

the alleged false statements were made. Near the end of its investigation, with no findings of collusion, the Special Counsel proactively analyzed the testimony of Roger Stone before the House Permanent Committee on Intelligence, without a referral. It would appear that certain Minority members of the Committee told agents in the Department to request the testimony of Stone and investigate - yet this was not a formal request or allowed by the Committee rules. *See* STAFF OF H. COMM. ON ETHICS, 116TH CONG., RULES 12(a)(1) & (D) (Adopted Feb. 27, 2019) (entitled "Limit on Discussion of Classified Work of the Committee") (disclosure of substance of HPSCI hearing prohibited); *Yellin v. United States,* 374 U.S. 109, 114, 83 S.Ct. 1828, 1832 (1963) (the rules of Congress and its committees are judicially cognizable) (citations omitted).

Whatever made the Special Counsel's Office aware of Stone's testimony to Congress, or more precisely, characterized it as false and drew attention to it, amounts to a violation of the House rules because it was not formally and explicitly authorized by the Committee. *See* Rule 12(a)(1) & (D), *supra.* The Minority members' numerous public statements alone, claiming that Stone lied to or obstructed the Committee, would constitute *prima facie* evidence of a violation of the Committee's rules.[2] This is what the rules were promulgated to prevent. But since no one

---

[2] *See* Morning Joe, *Adam Schiff Discusses What House Intel Committee Learned from Roger Stone*, YOUTUBE (Sept. 27, 2017), https://www.youtube.com/watch?v=1y62cb8SyD0&feature=youtu.be&t=49; Congressman Eric Swalwell, *Rep. Swalwell on MSNBC discussing House Intelligence Committe's* [sic] *Interview of Roger Stone,* YOUTUBE (Sept. 26, 2017), https://www.youtube.com/watch?v=6lUEGgLfuX0; Congressman Eric Swalwell, *Rep. Swalwell on CNN discussing House Intelligence Committee's interview of Roger Stone,* YOUTUBE (Sept. 26, 2017), https://www.youtube.com/watch?v=TfOMMniTC0s; Adam Schiff, *Rep. Schiff Discusses Russian Ads on Facebook and Roger Stone's Interview on CNN*, YOUTUBE (Sept. 27, 2017), https://www.youtube.com/watch?v=KvFkuM-lnr0; Jackie Speier, *Rep Speier talks to CNN about Roger Stone's House Intelligence Interview,* YOUTUBE (Sept. 26, 2017), https://www.youtube.com/watch?v=r3rCyq_D5Z4; Jackie Speier, *Rep Speier talks to Stephanie Ruhle, Ali Velshi about Roger Stone,* YOUTUBE (Sept. 27, 2017),

on the Committee admitted to it, the element of materiality and proof of obstruction become a legal issue.

Without a referral and without a presentation of any witness in the Committee room when Stone testified, no one testified before the Grand Jury that Stone's testimony was material to the House Committee's investigation. Indeed, the Special Counsel would have to prove at trial that a conspiracy to interfere with the 2016 presidential election involving the Russian government before Stone could be charged with lying about or obstructing an investigation into that Russian conspiracy. Indeed, the Attorney General stated as much in a memo in which he wrote: "As things stand, obstruction laws do not criminalize just any act that can influence a 'proceeding.' *See* Memorandum from Bill Barr on Mueller's "Obstruction" Theory to Deputy Att'y Gen. Rod Rosenstein and Assistant Att'y Gen. Steve Engel (June 8 2018), at 1 (Exhibit 1). Barr critiques Special Counsel's interpretation of Section 1512(c)(2), as "*exclusively* confined to acts of evidence of impairment, a new unbounded interpretation." (*Id.* at 2). Furthermore, ". . . the President's motive . . . could not have been 'corrupt' unless the President and his campaign were actually guilty of illegal collusion." *Id.* at 3. The entire theory on obstruction is "entirely dependent on first finding collusion. . ." *Id.*

The Government turned over nine tera-bytes of data to the defense; none of the FBI's 302

---

https://www.youtube.com/watch?v=kVyGCv2cbEE; MSNBC, *Dem: I Expect Roger Stone To Be Indicted For Lying To Congress*, YOUTUBE (Dec. 6, 2018), https://www.youtube.com/watch?v=gq2RpJG5cic&feature=youtu.be&t=84; Carol D. Leoning, Ellen Nakashima, Rosalind S. Helderman, and Manuel Roig-Franzia, *Mueller seeks Roger Stone's testimony to House intelligence panel, suggesting special counsel is near end of probe of Trump advisor*, THE WASHINGTON POST (Dec. 19, 2018), https://www.washingtonpost.com/politics/mueller-seeks-roger-stones-testimony-to-house-intelligence-panel-suggesting-special-counsel-is-near-end-of-probe-of-trump-adviser/2018/12/19/ac5c3ee6-0226-11e9-b5df-5d3874f1ac36_story.html?noredirect=on&utm_term=.550b5cb37cc4.

interviews were with any member of Congress. The Government turned over transcripts of witnesses' grand jury testimony; none was a witness who offered evidence about Stone testifying, or about the materiality of the investigation in Congress. The Department might have imagined what the House committee's investigative goals were, but the House Committee published a report, and Roger Stone committing perjury or obstruction was not one of the findings or stated goals. No one testified how Stone obstructed the Committee's goals.

The Special Counsel who presented the case to the Grand Jury had limited investigative and prosecutorial goals outlined in the Special Counsel's Appointment Order.[3] The investigation did not reveal a conspiracy between the Russian government and any American.

Stone's testimony was not material to the link between Russian government actors and the presidential election because no conspiracy was proven. Stone's testimony was brought to the attention of the Department in violation of congressional rules because there was no proper vote and referral to the Department. The Special Counsel did not have the authority to investigate perjury or obstruction of another branch's investigation only its own. *See* 28 C.F.R. § 600.4(a). The Government in this case is interpreting the obstruction statute too broadly because it is assuming acts that did not destroy or alter evidence are included as a "catch all" provision. *See* Barr Memo at 5-6 (citing *United States v. Volpendesto,* 746 F.3d 273 (7th Cir. 2014) (soliciting tips from corrupt cops to evade surveillance); (*United States v. Phillips,* 583 F.3d 1261 (10th Cir. 2009) (disclosing identity of undercover agent to subject of grand jury drug investigation). It is too broad of an interpretation and cannot support the charge of obstruction. Stone cannot be charged with obstruction because he did not destroy or alter any evidence.

---

[3] Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters. Exhibit 2.

## II.    STONE CANNOT BE CHARGED WITH OBSTRUCTION FOR FAILING TO TURN OVER DOCUMENTS.

This motion attacks one allegation embedded in a clause of Count One – obstruction of Congress. In Count One, Stone is accused, among several clauses, of obstructing Congress for failing to "turn over" documents the House Permanent Committee on Intelligence ("HPSCI") requested. Stone was not subpoenaed by Congress to appear – he was invited. Since there was no pending enforcement or compulsion process in place at the time Stone appeared and responded to the House Permanent Committee on Intelligence, he could not obstruct by failing to provide documents that were voluntarily requested.

"In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (quoting *United States v. Sharpe,* 438 F.3d 1257, 1263 (11th Cir.2006)). *See* 18 U.S.C. §1505.

Section 1505 contemplates the "due and proper exercise of the power of inquiry." The statute contemplates a duty to disclose material facts on the basis of "specific requirements for disclosure of specific information." *United States v. Safavian,* 528 F.3d 957, 964 (D.C. Cir. 2008) (citations omitted). The reason for demanding specificity relates to the due process provided in the Fifth Amendment. *Id.* A defendant is required to have fair notice of what conduct is forbidden and what a criminal statute clearly requires. *Id.* (citations omitted). In *United States v. White Eagle*, the Ninth Circuit underscored how proof of a violation of a specific legal duty to disclose equates criminal liability for non-disclosure with the fair notice requirement of Due

Process. 721 F.3d 1108 (9th Cir. 2013) (discussing § 1001 violation). The House Committee did not compel production of documents. Because it did not exercise the due and proper power of inquiry, and no law, rule, or policy subjected Stone to produce documents, he cannot be convicted of obstruction under the statute. *See Id.*

In *Safavian*, the concealment of information was related to failure to disclose testimony. 528 F.3d at 964-65. The clause in Stone's indictment which claims he failed to disclose documents cannot stand, for the same reason – he was not compelled to turn over any documents. If Stone was not compelled, he did not obstruct by failing to turn over the documents. The analogy of failing to testify and failing to produce all documents in the context of a voluntary appearance is exact. The act of producing documents can be considered testimonial because it suggests a person possessed and controlled the documents. *United States v. Hubbell*, 530 U.S. 27, 43, 120 S.Ct. 2037, 2047 (2000). The HPSCI did not subpoena Stone. Nor did it define the scope of its investigation or the production of documents in any meaningful way. *See* Exhibit 3, HPSCI Letter Re: Transmission of Sept. 26, 2017 Testimony Transcript to the DOJ. The language requesting voluntary compliance is imprecise and vague, and not legally specific enough to support an Indictment against Stone. The count regarding obstruction by way of failure to disclose documents is wholly unsupported by law and must be dismissed from the Indictment.

                Respectfully submitted,

                By: /s/ _____

| | |
|---|---|
| L. PETER FARKAS | BRUCE S. ROGOW |
| HALLORAN FARKAS & KITTILA, LLP | FL Bar No.: 067999 |
| DDC Bar No.: 99673 | TARA A. CAMPION |
| 1101 30th Street, NW | FL Bar: 90944 |
| Suite 500 | BRUCE S. ROGOW, P.A. |
| Washington, DC 20007 | 100 N.E. Third Avenue, Ste. 1000 |
| Telephone: (202) 559-1700 | Fort Lauderdale, FL 33301 |
| Fax: (202) 257-2019 | Telephone: (954) 767-8909 |
| pf@hfk.law | Fax: (954) 764-1530 |
| | brogow@rogowlaw.com |
| | tcampion@rogowlaw.com |
| | *Admitted pro hac vice* |
| ROBERT C. BUSCHEL | GRANT J. SMITH |
| BUSCHEL GIBBONS, P.A. | STRATEGYSMITH, PA |
| FL Bar No.: 006436 | DCC Bar No.: 00036 |
| One Financial Plaza, Suite 1300 | FL Bar No.: 935212 |
| 100 S.E. Third Avenue | 401 East Las Olas Boulevard |
| Fort Lauderdale, FL 33394 | Suite 130-120 |
| Telephone: (954) 530-5301 | Fort Lauderdale, FL 33301 |
| Fax: (954) 320-6932 | Telephone: (954) 328-9064 |
| Buschel@BGlaw-pa.com | gsmith@strategysmith.com |
| *Admitted pro hac vice* | |

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on April 12, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                By: */s/ Robert Buschel*
                   Robert C. Buschel

*United States Attorney's Office for the District of Columbia*

*United States Depart of Justice Special Counsel's Office*

MICHAEL JOHN MARANDO
JONATHAN IAN KRAVIS
**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393
michael.marando@usdoj.gov
jonathan.kravis3@usdoj.gov

AARON SIMCHA JON ZELINSKY
JEANNIE SCLAFANI RHEE
ANDREW DANIEL GOLDSTEIN
LAWRENCE RUSH ATKINSON
**U.S. DEPARTMENT OF JUSTICE SPECIAL COUNSEL'S OFFICE**
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 616-0800
Fax: (202) 651-3393
asjz@usdoj.gov
jsr@usdoj.gov
adg@usdoj.gov
lra@usdoj.gov