**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Case No.: 1:19-CR-00018-ABJ**

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

       Defendant.

_____/

**DEFENDANT ROGER STONE'S MOTION FOR DISCOVERY
REGARDING SELECTIVE PROSECUTION**

Defendant, Roger Stone, requests that this Court issue an order compelling discovery on the issue of selective prosecution. Roger Stone is being selectively prosecuted because he has exercised his First Amendment right to associate with, and through speech, support Donald J. Trump, the President of the United States.

**THE LAW ON SELECTIVE PROSECUTION**

The Special Counsel's prosecutorial discretion is subject to constitutional limitations including the equal protection component of the Fifth Amendment's Due Process Clause, which prohibits prosecutorial decisions based on race, religion, or other arbitrary classifications, including the exercise of protected constitutional rights. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Wayte v. United States*, 470 U.S. 598, 608 (1985). Federal courts have long "recognized that it is unconstitutional to administer the law 'with an evil eye and an unequal hand so as practically to make unjust and illegal discrimination between persons in similar circumstances . . . .'" *United States v. Napper*, 574 F. Supp. 1521, 1523 (D.D.C. 1983) (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886)). To obtain discovery on a selective-

prosecution claim, a defendant must put forth "some evidence tending to show the existence of the essential elements of a selective prosecution claim." *Armstrong*, 517 U.S. at 470 (internal citations omitted). These elements are: (1) that the defendant was singled out for prosecution from others similarly situated, and (2) that the prosecution was motivated by a discriminatory purpose. *See United States v. Palfrey*, 499 F. Supp. 2d 34, 39 (D.D.C. 2007); *United States v. Blackley,* 986 F.Supp. 616, 618 (D.D.C. 1997). To establish a claim sufficient to warrant discovery, the defendant must provide something more than mere speculation or personal conclusions based on anecdotal evidence. Rather, the standard "necessarily is lower than the 'clear evidence' standard required for dismissal of the indictment." *United States v. Hsia*, 24 F. Supp. 2d 33, 49 (D.D.C. 1998) (citing *Armstrong,* 517 U.S. at 470) (*reversed in part and appeal dismissed*, 176 F.3d 517 (D.C. Cir. 1999)).

With respect to the first element, "[a] similarly situated offender is one outside the protected class who has committed roughly the same crime under roughly the same circumstances but against whom the law has not been enforced." *United States v. Khanu*, 664 F. Supp. 2d 28, 32 (D.D.C. 2009) (internal citations omitted); *see also Armstrong*, 517 U.S. at 469. With respect to the second element: "[d]iscriminatory purpose implies more than intent as awareness of consequences. It implies that the decision maker selected or affirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Wayte,* 470 U.S. at 610 (internal citations omitted).

A party seeking discovery on a selective prosecution claim is not required to produce direct evidence of intent. *United States v. Washington*, 705 F.2d 489, 494-95 (D.C. Cir. 1983) (recognizing that the district court ordered discovery on discriminatory intent based on indirect evidence of statistics regarding "how many passport frauds were detected since 1975, how many

detected frauds were prosecuted and how many frauds detected or prosecuted involved [a particular group]" and was thus uniquely in the government's possession); *see also Branch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 17 (D.D.C. 1997) (noting that indirect evidence of bias or discriminatory motive may be sufficient in civil case alleging selective prosecution by Internal Revenue Service applying the same test for selective prosecution as that used in criminal cases, and noting that application of civil, as opposed to criminal discovery rules did not affect the outcome of the case). "If discovery is ordered, the Government must assemble from its own files documents which might corroborate or refute the defendant's claim" of selective prosecution. *Armstrong*, 517 U.S. at 468. This may include information demonstrating how many instances of the crime were detected, how many were prosecuted, and how many involved individuals or entities of the defendant's nationality. *Washington*, 705 F.2d at 494-95. In the context of an investigation when the Special Counsel was tasked with determining if any American conspired with any Russian agent to influence the 2016 presidential election, and a determination was made that there was none, Roger Stone can meet the threshold and is entitled to discovery.

## **ROGER STONE IS BEING SELECTIVELY PROSECUTED**

The reason for the Special Counsel's targeted investigation and prosecution of Roger Stone is obvious: Roger Stone is being punished for supporting and maintaining political support for President Donald Trump. The appointment of the Special Counsel was limited to "the Russian government's efforts to interfere in the 2016 presidential election," and "links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump."[1] Going to great lengths to exclude Americans from actions involving

---

[1] Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters. (Attached as Exhibit 1).

Russians, the Special Counsel indicted only Russians who will never appear in a U.S. courtroom. *See United States v. Netyksho et. al.* No. 18-cr-215 (ABJ). Indeed, the only Americans who were indicted by the Special Counsel were those who allegedly committed crimes for activities outside the Russian collusion investigation, and those who allegedly lied to the Special Counsel, or, allegedly, to Congress. The only conclusion that can be drawn is that Roger Stone is being prosecuted for obstructing a different branch of government's investigation into a conspiracy the Special Counsel has announced did not exist.

The Appointment Order for the Special Counsel is dated May 17, 2017. As set forth below, much of the public reporting regarding efforts by foreign nationals to interfere with the 2016 election came to light in late 2016 and early 2017. Nevertheless, the Special Counsel was limited to focus solely on activities by Russians in support of President Trump, despite existing reports regarding other efforts to interfere on behalf of multiple presidential candidates including Donald Trump, Hillary Clinton, and Bernie Sanders. Furthermore, despite plenty of evidence that other witnesses have testified and lied in front of Congress, the Special Counsel has prosecuted Roger Stone, and without a referral to do so.

Congress did not refer a potential criminal matter to the Department of Justice. It is a separate, but not mutually exclusive claim, that the Special Counsel was not authorized to accept such a referral. Lying to or obstructing Congress would not fall within the "any links" paragraph (b)(i) of the Appointment Order vesting power in the Special Counsel. Stone's alleged crime was a snapshot in time. Indeed, any obstruction or lying to Congress charge committed by Stone would be well after the 2016 presidential campaign, and no time before.

Section 600.4 only authorizes the Special Counsel to the jurisdiction established by the Attorney General – the Order of Appointment of Special Counsel. The Special Counsel is limited

by the "specific factual statement of the matter to be investigated." Order No. 3915-2017. "The jurisdiction of a Special Counsel shall also include the authority to investigate and prosecute federal crimes <u>committed in the course of</u>, and with intent to <u>interfere with, the Special Counsel's investigation, such as perjury, obstruction of justice, destruction of evidence, and intimidation of witnesses</u>; and to conduct appeals arising out of the matter being investigated and/or prosecuted." *Id.* (Emphasis added). This Court has held that the Special Counsel's authority is not limited by the federal regulation or the Order of Appointment, it nonetheless, demonstrates the Special Counsel endeavored well outside its authority and remarkably outside its branch of government to prosecute matters that Congress did not ask the Department to do, for crimes that did not, "interfere with, the Special Counsel's investigation."

Lying to or obstructing Congress is not "any links" in paragraph (b)(i) of the Appointment Order. This would not be any links and/or coordination. Any obstruction by Stone of Congress would be well after the 2016 presidential campaign, and no time before. What makes this prosecution particularly selective is that the Special Counsel had to act without a referral from Congress and act outside the limits of his appointment – prosecute obstruction of another branch of government. Said plainly, the Special Counsel was not asked to look into obstruction of Congress and the Special Counsel was not authorized to investigate it on its own.[2]

Jerome Corsi, a witness in the case against Stone, who admits to lying to the Special Counsel, published for the world to see, a draft of a Plea Agreement pushed on him by the

---

[2] *See* Morning Joe, *Adam Schiff Discusses What House Intel Committee Learned from Roger Stone*, YouTube (Sept. 27, 2017), https://www.youtube.com/watch?v=1y62cb8SyD0&feature=youtu.be&t=49
Congressman Eric Swalwell, *Rep. Swalwell on MSNBC discussing House Intelligence Committe's* [sic] *Interview of Roger Stone,* YouTube (Sept. 26, 2017) https://www.youtube.com/watch?v=6lUEGgLfuX0
Congressman Eric Swalwell, *Rep. Swalwell on CNN discussing House Intelligence Committee's interview of Roger Stone,* YouTube (Sept. 26, 2017), https://www.youtube.com/watch?v=TfOMMniTC0s
Adam Schiff, *Rep. Schiff Discusses Russian Ads on Facebook and Roger Stone's Interview on CNN,* YouTube (Sept. 27, 2017), https://www.youtube.com/watch?v=KvFkuM-lnr0
Jackie Speier, *Rep Speier talks to CNN about Roger Stone's House Intelligence Interview,* YouTube (Sept. 26, 2017),  https://www.youtube.com/watch?v=r3rCyq_D5Z4

Special Counsel, authorized his lawyer to sue the Special Counsel, and yet he was not charged. (Exhibits 2, 3, 4 ) (filed under seal).

In *Armstrong,* the Supreme Court ruled that a defendant's evidence of discriminatory effect was insufficient to support a selective prosecution claim where it did not identify similarly situated offenders—individuals of a different race who could have been prosecuted but were not. 517 U.S. at 470. Here, the Mueller report has the information Stone seeks. The Report advises who has been interviewed, who has been investigated, and why others were not prosecuted for obstruction or perjury. Indeed, they are "outside the protected class [and have] committed roughly the same crime under roughly the same circumstances but against whom the law has not been enforced." *Khanu*, 664 F. Supp. 2d at 32 (internal quotation marks omitted). Further discovery will make clear that others were given preferred treatment, *i.e.* not indicted, because they did not support Trump.

Another witness, Randy Credico lied about speaking to Assange and Assange's lawyer to federal agents. It is curious that the Special Counsel found one aspect of Credico's interactions with Stone so compelling that it made its way into Stone's Indictment.  In Paragraph 14(e) of the Indictment, the Special Counsel quotes the conversation between Stone and Credico from Credico's radio show of August 23, 2016.   Stone and Credico have a discussion regarding communications with the "head of Organization 1."  Yet, astonishingly, in Credico's testimony to the Grand Jury (DOJ-3500-RC-000111) Transcript Page 44, Lines 7-22, Credico tells the Grand Jury that on the very show they quote, Stone and Credico never discussed the head of Organization 1.  For unknown reasons and the precise reason why discovery is mandated in these situations, the Special Counsel elected not to charge Credico with lying to the Grand Jury, something expressly within their regulatory authority.

Later in his testimony, Credico says that prior to his interview with presidential candidate Gary Johnson on September 10, 2016, that he had never spoken to Stone about WikiLeaks or Assange.[3]  This is a demonstrated lie as according to the text messages between Stone and Credico that Stone voluntarily released, and the Special Counsel possessed. As early as August 19, 2016, Credico was bragging to Stone that he had a connection to Assange and that it was through Margaret Kunstler, Esq., an attorney represented to be on Julian Assange's legal team. There is no indication based on the initial review of discovery provided by the government that the Grand Jury was ever informed of Credico's lies regarding the August 23d radio interview.

In another example of the selective nature of the Stone prosecution, upon information and belief, an additional witness appeared to provide testimony to the Grand Jury about Stone and Credico. During that testimony the witness informed the Grand Jury that Randy Credico threatened to "put a hole" in [the witness's] head if the witness told investigators that Credico was in fact the person that provided Roger back-channel information on WikiLeaks.[4]

This is an instance where the very person Stone is accused of intimidating is actually intimidating other witnesses in the case.  The Special Counsel made a decision not to charge Credico with either lying or intimidation, something which makes him similarly situated to Stone and discovery is required to make clear that out of the two individuals, only Roger Stone supported President Donald Trump.

Of the hundreds of other witnesses in the House Permanent Select Committee on Intelligence investigation and the other committees of the House and the Senate, only two have been charged; arguably two of the closest people to the President, Michael Cohen and Roger Stone.  Michael Cohen was charged with lies that directly related to the Trump Organization and

---

[3] Credico, Grand Jury at 55-57. (filed under seal).

[4] https://dailycaller.com/2018/11/07/stone-mueller-grand-jury-credico/

its potential involvement with real estate transactions in Russia.  Contrast that with the allegations leveled against Roger Stone, that he allegedly lied to a co-equal and distinct branch of government, without a referral being made by that Constitutionally distinct branch, about having conversations with an American friend who was a journalist.  There is enough evidence of the selective nature of how the Special Counsel choose people to indict that discovery should be ordered.

Respectfully submitted,

By: */s/*_____

L. PETER FARKAS
HALLORAN FARKAS & KITTILA, LLP
DDC Bar No.: 99673
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (202) 257-2019
pf@hfk.law

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL  33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
FL Bar No.: 006436
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com
*Admitted pro hac vice*

GRANT J. SMITH
STRATEGYSMITH, PA
DDC Bar No.: 00036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Robert Buschel
Robert C. Buschel

| *United States Attorney's Office for the District of Columbia* | *United States Depart of Justice Special Counsel's Office* |
|---|---|
| MICHAEL JOHN MARANDO<br>JONATHAN IAN KRAVIS<br>**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA**<br>555 Fourth Street, NW<br>Washington, DC 20530<br>Telephone: (202) 252-6886<br>Fax: (202) 651-3393<br>michael.marando@usDepartment of Justice.gov<br>jonathan.kravis3@usDepartment of Justice.gov | AARON SIMCHA JON ZELINSKY<br>JEANNIE SCLAFANI RHEE<br>ANDREW DANIEL GOLDSTEIN<br>LAWRENCE RUSH ATKINSON<br>**U.S. Department of Justice**<br>**SPECIAL COUNSEL'S OFFICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 616-0800<br>Fax: (202) 651-3393<br>asjz@usDepartment of Justice.gov<br>jsr@usDepartment of Justice.gov<br>adg@usDepartment of Justice.gov<br>lra@usDepartment of Justice.gov |