```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA


   United States of America,       ) Criminal Action
                                    ) No. 19-CR-018
                  Plaintiff,        )
                                    ) STATUS CONFERENCE
   vs.                              )
                                    ) Washington, DC
   Roger Jason Stone, Jr.,          ) April 30, 2019
                                    ) Time:  11:00 a.m.
                  Defendant.        )
   _____

              TRANSCRIPT OF STATUS CONFERENCE
                      HELD BEFORE
          THE HONORABLE JUDGE AMY BERMAN JACKSON
                UNITED STATES DISTRICT JUDGE
   _____


                  A P P E A R A N C E S


   For the Plaintiff: Jonathan Ian Kravis
                      Aaron Simcha Jon Zelinsky
                      Michael John Marando
                      Adam Jed
                      U.S. ATTORNEY'S OFFICE FOR THE
                        DISTRICT OF COLUMBIA
                      555 Fourth Street, NW
                      Washington, DC 20530
                      (202) 252-7068
                      Email:  Jonathan.kravis3@usdoj.gov
                      Email:  Asjz@usdoj.gov
                      Email:  Michael.marando@usdoj.gov


   For the Defendant: Bruce S. Rogow
                      LAW OFFICE OF BRUCE S. ROGOW, P.A.
                      100 NE 3rd Avenue
                      Suite 1000
                      Fort Lauderdale, FL 33301
                      (954) 767-8909
                      Email:  Brogow@rogowlaw.com
```

```
1    For the Defendant:    Robert C. Buschel
                           BUSCHEL & GIBBONS, P.A.
2                          One Financial Plaza
                           100 S.E. Third Avenue
3                          Suite 1300
                           Ft. Lauderdale, FL 33394
4                          (954) 530-5301
                           Email:  Buschel@bglaw-pa.com
5                          Grant J. Smith
                           STRATEGYSMITH, P.A.
6                          401 East Las Olas Boulevard
                           Suite 130-120
7                          Fort Lauderdale, FL 33301
                           (954) 328-9064
8                          Email:  Gsmith@strategysmith.com

9    _____

10   Court Reporter:       Janice E. Dickman, RMR, CRR, CRC
                           Official Court Reporter
11                         United States Courthouse, Room 6523
                           333 Constitution Avenue, NW
12                         Washington, DC  20001
                           202-354-3267
13
                                  *   *   *
```

1           THE COURTROOM DEPUTY: Your Honor, we have criminal
2    case No. 19-18, United States of America v. Roger Stone.
3    Mr. Stone is present in the courtroom, Your Honor.
4           Will counsel for the parties please approach the
5    lectern and identify yourself for the record.
6           MR. KRAVIS: Good morning, Your Honor. Jonathan
7    Kravis on behalf of the United States.
8           THE COURT: Good morning.
9           MR. KRAVIS: With me at counsel table are Michael
10   Marando, Aaron Zelinsky, and Adam Jed, all with D.C.
11   U.S. Attorney's Office.
12          THE COURT: Good morning.
13          MR. ROGOW: Good morning, Your Honor. Bruce Rogow,
14   Rob Buschel, and Grant Stone for Mr. Stone.
15          THE COURT: Good morning. And I note that Mr. Stone
16   is present.
17          I set the status conference back at our last status
18   conference, really just to have an opportunity to get everybody
19   together and take your temperature and find out if there's
20   anything we need to resolve. It looks like things are moving
21   smoothly, motions are being filed when motions need to be
22   filed.
23          I only have one issue that I think we need to talk
24   about. I don't think there's that much to do this morning,
25   notwithstanding that everybody came a long way to be here. But

1   let me just start with where we are on discovery.
2           MR. KRAVIS:  Yes, Your Honor.  Rule 16 discovery is
3   complete.  The government has -- we've started producing *Jencks*
4   and *Giglio* material for our anticipated possible trial
5   witnesses, and we are continuing to do that.  I expect that
6   that process will be substantially completed in the next -- the
7   next four to six weeks.  But the Rule 16 discovery is complete.
8           THE COURT:  Okay.  Are there any issues that the
9   defendant wishes to raise with respect to discovery?
10          MR. ROGOW:  No, Your Honor.
11          THE COURT:  Okay.  Are there any issues that the
12  government thinks we need to take up today?
13          MR. KRAVIS:  Not at this time, Your Honor.
14          THE COURT:  Okay.  What about the defendant?
15          MR. ROGOW:  No, Your Honor.
16          THE COURT:  Okay.  Well, I had one thought, which
17  is -- and you can be seated, because I'm not sure who's going
18  to answer first -- Docket 70 is the motion to compel the
19  complete report of the Special Counsel.  Subsequent to the
20  filing of the motion, the report was made public in part.
21  There's aspects of it that are redacted.  But certainly you
22  have more of it than you had when you wrote the motion.
23          So, my question for the defendant is:  To what extent
24  do you believe the motion has been rendered moot by the
25  disclosure?

1           MR. ROGOW:  It is not because of the redacted
2    portions which are pertinent to us.  And we've not had a
3    response yet from the government on that aspect of our motion.
4    So at the moment, we don't know what the government's position
5    will be with regards to that.  We do not think it's moot.
6           THE COURT:  All right.  I think it's fair to say that
7    some portions that relate to this defendant in particular are
8    redacted from public view for largely appropriate reasons.  But
9    has the government provided or does it intend to provide that
10   portion of the report?  I'm not talking about the entire
11   report, but the section that deals with Mr. Stone that was
12   redacted.  I think it largely says harm to ongoing matter,
13   which I assume is this matter.
14           Are you planning to provide it to counsel for Mr.
15   Stone?
16           MR. KRAVIS:  Your Honor, the government does not
17   intend to provide that portion of the report to counsel for
18   Mr. Stone, absent an order of the Court to do so.
19           As the government will argue in our opposition to the
20   defendant's motion to compel, which we intend to file on
21   Friday, the portions of the report that are redacted that
22   relate to this matter, or even that relate to the -- I guess
23   I'll call them discovery requests that were filed in the
24   government's notice -- or, in the defendant's notice and
25   response to the Court order, we believe those materials are not

1    discoverable.  They relate to mental impressions and
2    conclusions of government attorneys.  They're specifically
3    exempted from disclosure under Federal Rule of Criminal
4    Procedure 16.
5            And the government has provided Mr. Stone, in the
6    course of discovery, any material gathered in the course of the
7    Special Counsel's investigation that relates to this case.
8    That includes information that could be relevant to the
9    credibility of government trial witnesses, and it also includes
10   any information that could be construed as favorable to the
11   defendant under *Brady versus Maryland*.  And that material, as
12   the Court directed at our last hearing, I believe, has been not
13   only provided, but also specifically identified by the
14   government in its discovery correspondence.
15           The government's view is that that process completes
16   the government's discovery obligations.  And so to the extent
17   that there is redacted material in the Special Counsel's report
18   that relates to this case, it is not subject to discovery by
19   the defendant.
20           THE COURT:  All right. So what you're saying is that
21   if there's information that bears on their credibility, such as
22   prior 302s or grand jury material, you have an obligation to
23   turn that over, but if the report contains an assessment of
24   their credibility, that you're not required to turn that over?
25   Essentially, the lawyers' views about it.

1           MR. KRAVIS:  Yes, that is correct.  And I would go a
2   step further than the Court described it.  To the extent that
3   there is material that was gathered in the Special Counsel's
4   investigation that would tend to bear on the credibility of any
5   witness the government intends to call at trial, the government
6   is producing that material to the defense in discovery in this
7   case, regardless of whether the subject matter of the
8   underlying material bears on the allegations in the indictment
9   or not.  That is, if there was information collected in the
10  Special Counsel's investigation suggesting -- that contradicts
11  something that a government witness may have said about another
12  matter, to the extent that material exists, we are providing it
13  in discovery, consistent with our obligations under *Brady* and
14  *Giglio*.
15          Because we are doing that, because we're providing
16  the material itself, as we would in any criminal case, the
17  government's position is we're not obligated to produce to the
18  defendant redacted versions of a report that summarizes or
19  describes or discusses or analyzes that material.
20          THE COURT:  Well, isn't some of that already public?
21  For instance, in the section of the report that we're talking
22  about there's a statement about an inability to corroborate
23  certain information that was provided by Mr. Corsi.  So that
24  is, kind of, a statement about the investigation that's right
25  there, already laid out for the public.

1          So, if there are similar statements that are
2  redacted, I can understand why they might not be available to
3  the public.  But shouldn't they at least be provided to Stone
4  or to me to review in camera to determine whether they should
5  be provided to Stone?
6          MR. KRAVIS:  If the Court would like to see the
7  materials in camera, the government is certainly willing to
8  provide it.  But our view, in terms of our discovery
9  obligations in this case, is that if we are producing the
10 underlying material, including both material relevant to the
11 allegations in the indictment and material relevant to the
12 credibility of possible government witnesses, then the report
13 itself, the portions of the report that describe and analyze
14 that material is not also discoverable, just like a prosecution
15 or declination memorandum would not be discoverable.
16         The material discussed in those memos, obviously, may
17 be subject to discovery by the defendant, but the government's
18 reports, memoranda analyzing that material is not subject to
19 discovery by the defendant.
20         THE COURT:  Well, ordinarily not, but we're in a
21 situation where 500 pages of analysis has been made public.
22 We're in a situation where we have a Special Counsel who did
23 report and analyze and think, and it's public, largely.  So is
24 there a different standard that applies once that door is open?
25         MR. KRAVIS:  We don't think there is a different

standard that applies here.  Much of the material that is relevant to this case -- just about all of the material that is relevant to this case was redacted to comply with the Court's order and the local rules regarding extrajudicial statements.

But, the government's view is that the mere fact of the publication of the -- an unredacted -- I guess the redacted version of the Special Counsel's report, that does not itself create further discovery obligations as to the report.  The fact that the Special Counsel looked into other matters does create additional discovery obligations for the government; the discovery obligations that I outlined a moment ago, to identify and produce to the defense possible inconsistencies or contradictions in the accounts provided by possible government witnesses, the sort of standard fare for *Brady* and *Giglio*.  But, the government's view is it doesn't create an additional discovery obligation with respect to those portions of the report itself.

THE COURT:  Well, to the extent they're arguing that, well, I got prosecuted for lying and other people weren't truthful, how come they weren't prosecuted?  Does it go to -- some of the analysis go to whether there's anything to that?

MR. KRAVIS:  Well, I mean, as we will argue in the opposition to the selective prosecution motion that we'll file on Friday, before the defense -- even setting aside the existence or nonexistence of a Special Counsel's report, before

1  the defense would be entitled to any kind of information in
2  that area the defense has to make a high showing on -- they
3  have to make a colorable showing with respect to both prongs of
4  the selective prosecution test set forth in *Armstrong*.
5        The government's position is that the defense has not
6  come close to meeting either one of those prongs of the test,
7  let alone make a colorable showing on either of those prongs.
8  And so the government's view is that the defense is not
9  entitled to that information, wherever it resides, in a
10 redacted -- an unredacted version of the report, in a
11 prosecution memorandum, in internal government communications.
12 The defense hasn't made the showing that they're entitled to
13 that discovery, wherever it lies.
14       THE COURT: All right. And obviously everybody is
15 going to get a chance to brief this. I'm not going to rule on
16 this today. I thought if there was some way to cut to the
17 chase with respect to the issues related to the Special
18 Counsel's report today, that that might be worth doing. It
19 seems I need to see what you have to say in response; that a
20 lot of the underlying material that I believe they are entitled
21 to they're getting.
22       I think once we see what the government's response
23 is, the defense really needs to hone in, particularly, on why,
24 if you're getting the underlying material, the 302s and the
25 grand jury testimony of these witnesses who potentially have

1  credibility problems, why you're entitled to the redacted
2  portion of the report, if you've been given the raw material
3  for whatever cross-examination you might need.
4  　　　　　One of the issues the defendant says, in a related
5  motion, that since there was no congressional referral, no
6  witness in the grand jury testified as to materiality, now
7  there's a question, fundamental question, first of all, about
8  whether materiality is a question of fact or a question of law.
9  But has the grand jury testimony even been provided at this
10 point?  Would they even know whether there's testimony in the
11 grand jury as to materiality or not?
12 　　　　　MR. KRAVIS:  The grand jury testimony has largely
13 been provided to the defense at this point.  Some of those
14 transcripts were provided in discovery production that I handed
15 over today, and so they may not have -- they haven't had a
16 chance to review it yet.  But, the grand jury testimony, at
17 this point, has largely been provided; not only for the
18 government's anticipated trial witnesses, but for, I believe,
19 just about all of the civilian fact witnesses who testified in
20 the grand jury on any matter that in any way relates to this
21 case.  I think the only transcript that has not been provided
22 to the defense at this point is the testimony of the case agent
23 who testified before the grand jury.
24 　　　　　THE COURT:  All right. Okay. Thank you. That's all
25 I have for you today.

|     |     |
| --- | --- |
| 1   | MR. KRAVIS:  Thank you, Your Honor. |
| 2   | THE COURT:  Mr. Rogow, you can come up to the |
| 3   | lectern. |
| 4   | As I said, I'm not going to rule today, but if |
| 5   | there's something you want me to be thinking about in |
| 6   | connection with this particular issue, the redacted portions -- |
| 7   | I don't see that there's anything in your motion that would |
| 8   | entitle you to the redacted portions of the entire report.  But |
| 9   | the portions that relate to your client, in light of what |
| 10  | they're giving you, if there's anything you want to add about |
| 11  | why you should get it or why at least I should see it, I'm |
| 12  | happy to hear you right now. |
| 13  | MR. ROGOW:  I think we need to see the government's |
| 14  | response on Friday and then our reply, so we can focus in on |
| 15  | it, as Your Honor has pointed out. |
| 16  | THE COURT:  All right. Well, I'll await that.  I'm |
| 17  | not going to rule on anything until that happens.  As I said, |
| 18  | since circumstances have changed significantly since the time |
| 19  | you filed the motion, I thought it was at least useful to find |
| 20  | out if this is still something that needs to be ruled on, and |
| 21  | apparently it is. |
| 22  | MR. ROGOW:  It is.  Thank you. |
| 23  | THE COURT:  All right. Well, I don't have anything |
| 24  | else today.  Any other questions I have really relate to the |
| 25  | merits of the motions, and this isn't the motions hearing and |

1   the motions haven't been fully briefed.  So I want to have the
2   benefit of all that before we do that.
3           So unless either side has anything else that we need
4   to take up today, I think the next time we get together will be
5   at a motions hearing, unless someone lets me know that we think
6   we need a status conference in the interim.
7           MR. KRAVIS:  Your Honor, one final housekeeping
8   point, if I may.  I believe that because there are currently
9   motions pending before the Court, the Speedy Trial Act time is
10  excluded.  I just wanted to confirm that for the record.
11          THE COURT:  I think that's true.
12          MR. ROGOW:  Yes.  We agree.
13          THE COURT:  All right.  And we have an agreed trial
14  date, in any event.
15          MR. ROGOW:  November.
16          THE COURT:  Okay.  Thank you very much, everybody.
17                          *   *   *

1
2                CERTIFICATE OF OFFICIAL COURT REPORTER
3
4
5       I, JANICE DICKMAN, do hereby certify that the above
6  and foregoing constitutes a true and accurate transcript of my
7  stenograph notes and is a full, true and complete transcript of
8  the proceedings to the best of my ability.
9               Dated this 30th day of April, 2019.
10
11
12                        /s/_____
13                        Janice E. Dickman, CRR, RMR, CRC
                          Official Court Reporter
14                        Room 6523
                          333 Constitution Avenue NW
15                        Washington, D.C. 20001
16
17
18
19
20
21
22
23
24
25