UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>              Defendant. | Crim. No. 19-CR-00018 (ABJ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED
OBJECTIONS TO THE NOTICE OF RELATED CASE**

The United States of America, by and through Jessie Liu, United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's renewed objections to the assignment and designation of this case as related to *United States v. Netyksho*, *et al.*, 1:18-cr-00215 (ABJ). Doc. 75. The defendant fails to provide any new facts justifying reconsideration of the Court's prior Order that this case was properly related to *Netyksho* under Local Criminal Rule 57.12, and therefore the motion should be denied.

**STATEMENT**

On January 24, 2019, a grand jury in the District of Columbia returned a seven-count indictment charging the defendant with Obstruction of Proceedings in violation of 18 U.S.C. §§ 1505 and 2, False Statements in violation of 18 U.S.C. §§ 1001(a)(2) and 2, and Witness Tampering in violation of 18 U.S.C. § 1512(b)(1). At the time of docketing the indictment, the government designated the defendant's case as related to *Netyksho* pursuant to Local Criminal Rule 57.12(a)(1)(iii) as a prosecution against a different defendant that "arises from a common . . . search warrant" and from "activities which are a part of the same alleged criminal act or transaction."

On February 8, 2019, the defendant filed an objection to the government's notice of designation, arguing that the government improperly related his case to *Netyksho*. Doc. 27. The government responded to the defendant's objections on February 15, 2019, explaining that his case arose out of a common search warrant in *Netyksho*, and that both cases concern activities that are part of the same alleged criminal event or transaction. Doc. 37, at 3-5. On February 15, 2019, the Court entered a Minute Order stating that it would "take no action regarding the current assignment of this case," which the Court noted "is consistent with Local Criminal Rule 57.12."

## ARGUMENT

The defendant's "renewed motion of objections to the notice of related case," Doc. 75, should be denied. The deadline for objections to the related case designation has passed, and in any event the defendant has not offered new information that would meet the standard for reconsideration of the Court's finding that this case is properly related to *United States v. Netyksho* under Local Criminal Rule 57.12(a)(1).

Rule 57.12(a)(1)(iii) provides that "[c]riminal cases are deemed related when . . . prosecution against different defendants arises from a common…search warrant, or activities which are part of the same alleged criminal event or transaction." Rule 57.12(b)(1) states that "[a]ny objection by the defendant" to the government's designation of a related case "shall be" filed "within 21 days after arraignment."

The window for litigating the relation of this case to *Netyksho* has closed. The defendant filed his objection to the related-case designation within the 21-day period, Doc. 27, the government responded, Doc. 37, and the Court denied the defendant's objection by minute order. Rule 57.12 contains no provision for reconsideration of an objection to a related case designation based on developments after the 21-day window. And for good reason. The purpose of the rule

for relating cases is to promote efficiency. *See Clifford v. United States*, 136 F.3d 144, 148 (D.C. Cir. 1998). That purpose would be undermined if defendants were permitted to repeatedly ask the Court to reassign criminal cases based on subsequent developments.

In any event, the defendant's arguments do not provide a basis for the Court to reconsider its decision that this case is properly related to *Netyksho*. While the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration of interlocutory orders, judges in this District have applied the Federal Rules of Civil Procedure to such motions, granting reconsideration if "justice requires." *See, e.g., United States v. Lieu*, No. 17-CR-0050 (RC), 2018 WL 5045335, at *2 (D.D.C. Oct. 17, 2018) (citing *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015)); *United States v. Slough*, 61 F. Supp. 3d 103, 107 (D.D.C. 2014).

To determine whether "justice requires" reconsideration, judges in this District generally consider whether the Court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not out of reasoning but out of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Lieu*, 2018 WL 5045335, at *3 (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)); *see also United States v. Hemingway*, 930 F. Supp. 2d 11, 12-13 (D.D.C. 2013); *Slough*, 61 F. Supp. 3d at 108. Ultimately, "[t]he burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *Hemingway*, 930 F. Supp. 2d at 13.

The defendant argues that this case no longer relates to *Netyksho* because the Special Counsel's report to the Attorney General states that the Special Counsel's investigation did not establish that members of the Trump Campaign conspired or coordinated with the Russian government in its election interference activities. The defendant's argument misses the mark. The

3

Special Counsel's conclusions do not change the fact that this case and *Netyksho* arise from common search warrants and are a part of the same alleged criminal event or transaction, which is the applicable legal standard. *See* Local Criminal Rule 57.12(a)(1)(iii). Indeed, the defendant does not does not offer any basis to reconsider the government's relation of this case to *Netyksho* based on a common search warrant, and his motion to reconsider should be denied on that basis alone. *See* Local Cr. R. 57.12(a)(1)(iii) (stating that criminal cases are related when "prosecution against different defendants arises from a common…search warrant, *or* activities which are a part of the same alleged criminal event or transaction") (emphasis added).

Moreover, the Special Counsel's report does not undermine the fact that this case and *Netyksho* "arise from . . . activities which are a part of the same alleged criminal event or transaction." *Id.* As explained in the government's response to the defendant's initial objection, the defendant's false statements were made before a congressional committee investigating, among other things, the criminal conduct alleged in *Netyksho*. Moreover, the defendant's false statements to the committee concerned matters discussed in the *Netyksho* indictment. The defendant's contention that this case should now be reassigned based on the Special Counsel's report is inconsistent with the plain text of the rule, which does not require that the overlapping activities themselves be criminal or that defendants be charged with the related activities. *See United States v. Smith*, Crim. No. 90-023501 (RCL), 1990 WL 91611, at *1 (D.D.C. Jun. 19, 1990) (interpreting the predecessor to Local Rule 57.12 "as allowing a related case designation when the prosecution 'arises from' activities which are part of the same criminal event or transaction, whether or not the related activities are charged").

*   *   *   *   *

The defendant fails to point to any new facts showing that his matter did not "arise[] from a common . . . search warrant" or from "activities which are a part of the same alleged criminal act or transaction" as in the *Netyksho* case.  Accordingly, the defendant's motion for reconsideration should be denied.[1]

                                          Respectfully submitted,

                                          JESSIE K. LIU
                                          U.S. Attorney for the District of Columbia

                                          By:   /s/
                                          Jonathan Kravis
                                          Michael J. Marando
                                          Assistant United States Attorneys

                                          Adam C. Jed
                                          Aaron S.J. Zelinsky
                                          Special Assistant United States Attorney
                                          555 4th Street NW
                                          Washington, D.C. 20530

---

[1] The defendant also fails to cite any harm or injustice that would result from a denial of his motion for reconsideration.  As noted in the government's initial response to defendant's objections to his case designation, "a defendant has no vested right to have his case tried before any particular judge, nor does he have a right to determine the manner in which his case is assigned to a judge."  *United States v. Keane*, 375 F. Supp. 1201, 1204 (N.D. Ill. 1974).