**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Case No.: 1:19-CR-00018-ABJ**

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

       Defendant.

_____

**REPLY TO GOVERNMENT'S RESPONSE TO STONE'S MOTION TO COMPEL**
**DISCLOSURE OF REDACTED PORTIONS OF THE MUELER REPORT**

**A.**      **The April 30, 2019 Court Colloquy**

At the status conference on April 30, 2019, the Court said, speaking of the Mueller Report:

> THE COURT:        I think it's fair to say that some portions that relate to this defendant in particular are redacted from public view for largely appropriate reasons. But has the government provided or does it intend to provide that portion of the report? I'm not talking about the entire report but the section that deals with Mr. Stone that was redacted.

> MR. KRAVIS:        Your Honor, the government does not intend to provide that portion of the report to counsel for Mr. Stone, absent an order to do so.

Transcript of April 30, 2019 Status Conference at 5, *United States v. Stone,* 1:19-CR-00018-ABJ (No. 92). The government's position is that it has complied, or is complying, with its discovery obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Jencks v. United States*, 353 U.S. 657 (1957), and *Giglio v United States*, 405 U.S. 150 (1972). "I expect that process will be substantially completed in the next – the next four to six weeks. But the Rule 16 discovery is complete." Transcript at 4.

The government continued:

> Because we are doing that, because we're providing the material itself, as we would in any criminal case, the government's position is we're not obligated to produce to the defendant redacted versions of a report that discusses or analyzes that material.

*Id*. at 7. The Court, following similar comments by the government, responded:

> THE COURT:        Well, ordinarily not, but we're in a situation where 500 pages of analysis has been made public. We're in a situation where we have Special Counsel who did report and analyze and think, and its public, largely. So is there a different standard that applies once that door is open?

*Id*. at 8. The government does not "think there is a different standard." *Ibid*.

The Defendant does. The Court, on May 10, 2019, by Minute Order, ordered the government "to submit" unredacted versions of those portions of the report that relate to defendant Stone and/or "the dissemination of hacked materials," including, but not limited to, pages 41-65 of Volume 1 of the Report, to the Court for *in-camera* review by Mary 13, 2019. . ."

The government complied. Doc. 106. While the *in-camera/ ex-parte* inquiry is a step forward, we await word from the Court as to whether or not the Defendant will have access to the materials. That access is necessary for several reasons.

First, this is not an ordinary situation. A public report has been prepared, replete with redactions which clearly relate to Roger Stone. Judge Learned Hand wrote, and the Supreme Court quoted approvingly, this axiom:

> While we must accept it as lawful for a department of the government to suppress documents, even when they will help determine controversies between third persons, we cannot agree that this should include their suppression in a criminal prosecution, founded upon those very dealings to which the documents relate, and whose criminality they will, or may, tend to exculpate. So far as they directly touch the criminal dealings, the prosecution necessarily ends any confidential character the documents may possess; it must be conducted in the open, and will lay bare their subject matter. The

2

> government must choose; either it must leave the transactions in the
> obscurity from which a trial will draw them, or it must expose them
> fully. Nor does it seem to us possible to draw any line between
> documents whose contents bears directly upon the criminal
> transactions, and those which may be only indirectly relevant. Not
> only would such a distinction be extremely difficult to apply in
> practice, but the same reasons which forbid suppression in one case
> forbid it in the other, though not, perhaps, quite so imperatively . . .

*Jencks*, 353 U.S. 672 (quoting *United States v. Andolschek*, 142 F.2d 503, 506 (2d Cir. 1944)).

And we note Justice Breyer's comments in *United States v. Armstrong*, 517 U.S. 456, (1996)

(Breyer, J. concurring in part and concurring in judgment) relating to broad discovery for criminal

defendants under Fed. R. Crim. P.  16: "[r]ather, the language and legislative history make clear

that the Rule's drafters meant it to provide a broad authorization for defendants' discovery, to be

supplemented if necessary, in an appropriate case." This is such a case.

The redacted portions of the Special Counsel's Report claim secrecy/privilege for "harm

to ongoing matters" and assert exceptions under the Freedom of Information Act (FOIA), claiming

they may contain, *inter alia*:

> **Exemption 7(A)** – records or information compiled for law enforcement purposes,
> the release of which could reasonably be expected to interfere with enforcement
> proceedings;
> **Exemption 7(B)** – records or information compiled for law enforcement purposes,
> the release of which would deprive a person of a right to a fair trial or impartial
> adjudication;
> **Exemption 7(C)** – records or information compiled for law enforcement purposes,
> the release of which could reasonably be expected to constitute an unwarranted
> invasion of personal privacy;
> **Exemption 7(E)** – records or information compiled for law enforcement purposes,
> the release of which would disclose techniques or procedures for law enforcement
> investigations or prosecutions.

*See* 5 U.S.C. §§ 552(b)(7)(A), (B), (C), and (E). The "ongoing matter" upon which harm may be

inflicted is Roger Stone's right to a fair trial. What does "reasonably be expected" mean in the

context of this unusual case of a printed report? That the "government is complying with its

discovery obligations in this case" (Doc. 94 at 8), is not sufficient because this criminal prosecution is annotated in the Report and that is unique. It is the outgrowth of a specially commissioned investigation into "Russian interference with the 2016 presidential election and related matters,"[1] an investigation which resulted in a focus on Roger Stone. That Report, which concluded that neither Roger Stone, nor any other American, was guilty of any criminal conduct vis-a-vis Russian interference, collusion with Russia, or disloyalty to the country, or to the President, has a special focus on Stone.

Roger Stone is in the dock based on an allegation which is extensively discussed in the Special Counsel's Report. Stone is entitled to disclosure of the redacted sections in the Report. Judge Hand's admonition that "the prosecution necessarily ends any confidential character the document may possess…and will lay bare their subject matter" is relevant here. *Andolschek*, 142 F.2d at 506.

The Department of Justice Manual, Section 9-5.000[2] recognizes that *Brady* and *Giglio* discovery is not always enough, and the government has acknowledged that it has not yet even completed that constitutionally required task. Section 9-5.001 provides for "[d]iscovery of exculpatory and impeachment information beyond that which is constitutionally and legally required."

> Department policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt and innocence. As a result, this policy requires disclosure by prosecutors of information beyond

[1] Office of the Deputy Att'y Gen., Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters*, May 17, 2017, *available at* https://www.justice.gove/opa/press-release/file/967231/download.

[2] U.S. Dep't of Justice, U.S. Attorneys' Manual § 9.5001 (2018), available at https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings.

that which is "material" to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999).

*See* Attorneys' Manual § 9.5001(C). Section C, parts 1 and 2 of the Attorneys' Manual, provide some guidance:

1. **Additional exculpatory information that must be disclosed**. A prosecutor must disclose information that is inconsistent with any element of any crime charged…or that establishes a recognized affirmative defense…
2. **Additional impeachment information that must be disclosed**. A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence – including but not limited to witness testimony…regardless of whether it is likely to make the difference between conviction and acquittal of the defendant…

The 9-5.001 Disclosure Policy promises are especially relevant here - a Special Counsel Report that the government says "discusses or analyzes" the materials it is obligated to provide to Roger Stone. *See* Transcript of April 30, 2019 Status Conference at 7. An *in-camera* inspection does not suffice. The defendant's right to a fair trial requires that he has access to that which the Special Counsel has now reported about him, and his case, and prosecution, so he and his counsel can determine whether any of that information may assist in his defense, in any way.

## <u>CONCLUSION</u>

The government's unredacted submissions to this Court should be shared with counsel for Roger Stone. Only then can a principled decision be made as to whether or not those materials, and perhaps more, are necessary to the fair administration of justice in this case.

Respectfully submitted,

By: */s/*_____

L. PETER FARKAS
HALLORAN FARKAS + KITTILA, LLP
DDC Bar No.: 99673
1101 30th Street, NW

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.

Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (302) 257-2019
pf@hfk.law


ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com

CHANDLER P. ROUTMAN
D.D.C. Bar No. 1618092
501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: (954) 235-8259
routmanc@gmail.com

100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL  33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

GRANT J. SMITH
STRATEGYSMITH, PA
D.D.C. Bar No.: FL0036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 21, 2019, I electronically filed the foregoing with the

Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all

counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by

CM/ECF.

___/s/ Chandler Routman _____
Chandler P. Routman

*United States Attorney's Office for the*
*District of Columbia*

Jessie K. Liu
**United States Attorney**
Jonathan Kravis
Michael J. Marando
**Assistant United States Attorneys**
Adam C. Jed
Aaron S.J. Zalinsky
**Special Assistant United States Attorneys**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393