IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

      Defendant.

**DEFENDANT ROGER STONE'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF <u>CRIMINAL PROCEDURE 12(b)(3)(B)</u>**

    The government relies, *inter alia*, on the *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975), statement "that an indictment, 'fair upon its face,' and returned by a 'properly constituted Grand Jury,' conclusively determines the existence of probable cause…" Doc. 93 at 7. Under *Gerstein* and other cited precedents, the government writes, "Stone is not permitted to challenge the grand jury's finding that there is probable cause to believe that his false statements to HPSCI were material." *Id*.

    As for materiality, the government offers the *United States v. Boffil-Rivera*, 607 F.3d 736, 740-742, (11th Cir. 2010) comment that "[t]he statement does not have to be relied upon and can be material even if it is ignored and never read." Doc. 93 at 8. As we show below, that overbroad concept cannot support the indictment in this case, which is premised on the Special Counsel's view that there was special attention to Roger Stone.

    The government sees an impenetrable barrier to challenging the indictment, but fails to note that materiality "requires the determination of at least two subsidiary questions of purely

1

historical fact: (a) 'what statement was made?' and (b) 'what decision was the agency trying to make?' The ultimate question: (c) 'whether the statement was material to the decision,' requires applying the legal standard of materiality…to these historical facts." *Boffil-Riviera*, 607 F.3d at 741 (quoting *United States v. Gaudin*, 515 U.S. 506, 512 (1995)). *Gaudin* holds that materiality is for the jury to decide, but where the historical facts are set forth in the indictment and they omit the allegation most salient to materiality, there's no need to await a jury resolution.

The decision that HPSCI was trying to make was set forth in the "January 25, 2017 Statement on Progress of Bipartisan HPSCI Inquiry into Russian Active Measures." *See* Doc. 93 at 2. The determination of whether the alleged statements were material to the decision could not be made unless the decisionmaker's functioning has been imparied or impeded. Although the government has, in Count One, alleged "impede" (Doc. 1 at 24), nothing in the prologue of the indictment points to the decisionmaker's suggestion that it had been impeded. Several reasons render the charge invalid, despite the face of the indictment.

First, there was no referral to the Special Counsel by the decisionmaker. Had the decisionmaker's functions been impeded, a referral would have been called for. The fact that the Special Counsel's appointment was a limited one, makes the failure to allege a referral from Congress fatal to the indictment charges of obstruction and false statements.

Second, the failure to allege a referral or any other statement by the decisionmaker, that Stone's voluntary statement and/or failure to turn over documents were identified by the decisionmaker as an impediment to its decision-making, is fatal to the indictment charges of obstruction and false statements. Absent grand jury testimony representing the Committee's views and an allegation that the Committee communicated to the grand jury that Stone impeded its work, there is no basis for the grand jury to have alleged materiality – an essential element of the charges

against Stone.

The government seeks to distinguish *United States v. Safavian*, 528 F.3d 957 (D.C. Cir. 2008) by recognizing that although Stone, like Safavian, had no legal duty to disclose any information to the Committee, his failures were in being untruthful, tampering with a witness, and not disclosing records that he was under no obligation to provide. But the distinction misses the mark because Stone's complaint is that, unlike Safavian, not only did he have no duty to appear or make disclosures, the Committee did not determine that Stone's alleged failings were material to its investigation.

The conclusionary use of the word "material" in the indictment – is not sufficient when there is no allegation that Stone's voluntary testimonies were deemed by the Committee to be "material."

Respectfully submitted,

By: */s/*_____

L. PETER FARKAS
HALLORAN FARKAS + KITTILA, LLP
DDC Bar No.: 99673
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (302) 257-2019
pf@hfk.law

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL 33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301

GRANT J. SMITH
STRATEGYSMITH, PA
D.D.C. Bar No.: FL0036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301

Fax: (954) 320-6932  
Buschel@BGlaw-pa.com

CHANDLER P. ROUTMAN  
D.D.C. Bar No. 1618092  
501 East Las Olas Blvd.,  
Suite 331  
Fort Lauderdale, FL 33301  
Telephone: (954) 235-8259  
routmanc@gmail.com

Telephone: (954) 328-9064  
gsmith@strategysmith.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 21, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                              Respectfully submitted

                           ___/s/ Chandler Routman_____
                              Chandler P. Routman

*United States Attorney's Office for the District of Columbia*

Jessie K. Liu
**United States Attorney**
Jonathan Kravis
Michael J. Marando
**Assistant United States Attorneys**
Adam C. Jed
Aaron S.J. Zalinsky
**Special Assistant United States Attorneys**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393