IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

      Defendant.

**DEFENDANT ROGER STONE'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE MOTION FOR DISCOVERY <u>REGARDING SELECTIVE PROSECUTION</u>**

The parties agree that *Armstrong* applies. *See* Doc. 95 at 5. The Special Counsel's discretion is subject to constitutional limitations including the equal protection component of the Due Process Clause, which prohibits prosecutorial decisions based on arbitrary classifications, including the exercise of protected constitutional rights such as the First Amendment. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Wayte v. United States*, 470 U.S. 598, 608 (1985). With additional discovery, Stone can seek to establish: (1) he was singled out for prosecution from others similarly situated; and, (2) that the prosecution was motivated by a discriminatory purpose.

> In *Steele* and *Falk* the defendants established that they had engaged in protected first amendment activity, that they had been singled out for prosecution although the government was aware that others had violated the law, and that the government had followed unusual discretionary procedures in deciding to prosecute.

*United States v. Green,* 697 F.2d 1229, 1236 (5th Cir. 1983), citing *United States v. Steele*, 461 F.2d 1148 (9th Cir. 1972), and *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973).

Discovery provided thus far and defense counsel's inquiries make it apparent that of all the witnesses who appeared before the House Permanent Select Committee on Intelligence, ("HPSCI"), Roger Stone's transcript was the only one demanded by the Department of Justice from HPSCI. This fact is supportive of both *Armstrong* elements: (1) a showing of discriminatory effect, and (2) a showing of discriminatory intent. Stone, and Stone alone is being prosecuted when others lied about Stone to HPSCI, to agents of the Special Counsel's Office, and to the Grand Jury. That Stone has been targeted because of his exercise of First Amendment rights is now apparent given the decision to prosecute only him despite the acknowledged perfidies of others.

"If discovery is ordered, the Government must assemble from its own files documents which might corroborate or refute the defendant's claim" of selective prosecution. *Armstrong*, 517 U.S. at 468. Discovery is the first step of this process. This was an investigation in which the Special Counsel was tasked with determining the extent of Russian interference in the election and he determined that no American committed any "collusion," but nevertheless, Roger Stone has been charged when similarly situated persons have gone uncharged.

Typically, courts defer to prosecutors' competence and should give deference to the Executive Branch. *See Armstrong,* 517 U.S. at 465. But this case is unique. This is a prosecution originated by the Special Counsel's Office. It did not originate from a referral from Congress for perjury to the Department. This prosecution is also limited by its appointment. The Special Counsel is limited to matters that arose directly from "the investigation." "The investigation" specifically refers to the Special Counsel's investigation, not an audit of a separate Constitutional branch of government's investigation, nor making pre-determined people quarry for the Special Counsel. "The acting Attorney General confirmed the authority of the Special Counsel to further investigate several individuals identified by name whose conduct fell within the scope of the

investigation in the Appointment Order, including the defendant." Doc. 95 at 3. Picking and choosing among those "several individuals" was a step towards selective prosecution.

The government claims Stone is not being singled out. Doc. 95 at 7. Yet, he was ruled out as a conspirator with the Russian state and WikiLeaks before his transcript from HPSCI was transmitted. Moreover, his transcript was the only transcript transmitted to the Special Counsel. The lack of a referral from HPSCI, and the Special Counsel's targeting of Stone, are sufficient demonstrations of discriminatory effect and intent. *See Armstrong,* 517 U.S. at 456.

Prosecuting Stone because of his arbitrary classification requires discovery, including the declination memos sent to the Attorney General, so that it may be determined who the government thinks lied to Congress or the Special Counsel, but were not prosecuted. Recently members of HPSCI suggested many witnesses lied to it.[1] But the Committee apparently did not think so. The Special Counsel requested Stone's transcript *sans* any Committee referral, which the government concedes. Doc. 94 at 6. The act of singling out Stone by the Special Counsel, is a preliminary indication of selective prosecution that justifies further discovery.

The government argues that referencing others, like Jerome Corsi and Randy Credico, is of no value because they are not similarly situated to Stone; they did not lie to Congress; they lied to federal investigators or the Grand Jury. Doc. 95 at 7. But "a lie is a lie." The government's distinction demonstrates that Roger Stone *is* being singled out by the government's cramped view

---

[1] Press Release, U.S. House of Representatives Permanent Select Committee on Intelligence, House Intelligence Committee Sends Criminal Referral on Erik Prince to DOJ (April 30, 2019), https://intelligence.house.gov/news/documentsingle.aspx?DocumentID=630; Gregg Re, *Nunes to send eight criminal referrals to DOJ concerning leaks, conspiracy amid Russia probe*, Fox News, Apr. 7, 2019. (https://www.foxnews.com/politics/nunes-to-send-eight-criminal-referrals-to-justice-dept-concerning-leaks-conspiracy-amid-russia-probe), (The first reference in this footnote was a referral by HPSCI, voted upon and then sent to the Department of Justice. The second reference is a "referral" by one member that at least alerted the Department, as opposed to Stone, which never was referred either way).

of "similarly situated." In *United States, v. Smith,* 231 F.3d 800, 810 (11th Cir. 2000), the court wrote:

> [W]e define [a] 'similarly situated' person for selective prosecution purposes as one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant – so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the government's enforcement priorities and enforcement plan – and against whom the evidence was as strong or stronger than that against defendant.

Lying to Congress, lying to federal agents, lying to the grand jury, is the same conduct for purposes of selective prosecution analysis. The fact the government wishes to draw a line between/among lies, evidences its effort to make Stone a solitary wrongdoer. But, in so doing, it has revealed the similarities and the need for discovery to divulge the faces, facts, and the formulas used to distinguish Stone from the alleged liars found in the course of the Special Counsel's exploration of Russian interference/collusion.

Proof that Corsi, Credico, and others are similarly situated to Stone is a step beyond this Court's Order that the government, "direct [the defense's] attention to anything that you believe fits within the category of *Brady* material." *See* Transcript of March 14, 2019 Hearing at 10:12-16, *United States v. Stone*, 1:19-CR-00018-ABJ (No. 66). In a letter from the government dated April 26, 2019, there is a clear illustration that other witnesses (including Randy Credico) involved in this case lied to investigators, such as HPSCI, but were not prosecuted.[2] Since the Court's Order the government has not provided any communication, labeled as such, that directs the defense's attention to any *Brady* material, nor any fully formed explanation of why some liars were given a pass, and others prosecuted. Discovery is warranted, in order to show "that the government was

---

[2] The letter was served on defense counsel on April 26, 2019 and is filed under seal pursuant to this Court's February 1, 2019 Protective Order re: Discovery as Exhibit 1 Defendant Roger Stone's Reply to the Government's Opposition to the Motion for Discovery Regarding Selective Prosecution.

aware that others had violated the law, and the government had followed unusual discretionary procedures in deciding to prosecute." *United States v. Green, supra* discussing *Steele* and *Falk*.

Respectfully submitted,

By: */s/*_____

| | |
|---|---|
| L. PETER FARKAS<br>HALLORAN FARKAS + KITTILA, LLP<br>DDC Bar No.: 99673<br>1101 30th Street, NW<br>Suite 500<br>Washington, DC 20007<br>Telephone: (202) 559-1700<br>Fax: (302) 257-2019<br>pf@hfk.law | BRUCE S. ROGOW<br>FL Bar No.: 067999<br>TARA A. CAMPION<br>FL Bar: 90944<br>BRUCE S. ROGOW, P.A.<br>100 N.E. Third Avenue, Ste. 1000<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 767-8909<br>Fax: (954) 764-1530<br>brogow@rogowlaw.com<br>tcampion@rogowlaw.com<br>*Admitted pro hac vice* |
| ROBERT C. BUSCHEL<br>BUSCHEL GIBBONS, P.A.<br>D.D.C. Bar No. FL0039<br>One Financial Plaza, Suite 1300<br>100 S.E. Third Avenue<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 530-5301<br>Buschel@BGlaw-pa.com | GRANT J. SMITH<br>STRATEGYSMITH, PA<br>D.D.C. Bar No.: FL0036<br>FL Bar No.: 935212<br>401 East Las Olas Boulevard<br>Suite 130-120<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 328-9064<br>gsmith@strategysmith.com |

CHANDLER P. ROUTMAN
D.D.C. Bar No. 1618092
501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: (954) 235-8259
routmanc@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 21, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          ___/s/ Chandler Routman_____
                                                  Chandler P. Routman

*United States Attorney's Office for the District of Columbia*

Jessie K. Liu
**United States Attorney**
Jonathan Kravis
Michael J. Marando
**Assistant United States Attorneys**
Adam C. Jed
Aaron S.J. Zalinsky
**Special Assistant United States Attorneys**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393