**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **ROGER J. STONE, JR.,** | **Criminal No. 19-cr-18-ABJ** |
| **Defendant.** | |

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE GOVERNMENT'S INVESTIGATION AND PROSECUTION OF THIS AND RELATED CASES

The United States of America, by and through Jessie Liu, United States Attorney for the District of Columbia, respectfully moves to exclude certain evidence and argument regarding the process for investigating and charging this and related cases. Such matters are irrelevant to this case and would create a substantial danger of unfair prejudice, confusion, and delay.

## DISCUSSION

In both his public statements and several filings in this Court, Stone has made a number of allegations of misconduct related to the investigation and prosecution of this and related cases. These include allegations of wrongdoing—by the broader Intelligence Community, FBI, Special Counsel's Office, and members of Congress—in investigating Russian interference in the 2016 presidential election and related matters.[1] These also include allegations of misconduct concerning the government's decision to investigate the matters charged here and to prosecute Stone, as well as the circumstances of Stone's arrest.[2] Any evidence or argument about these issues should be

---

[1] *See, e.g.*, Doc. 100, at 2–4 (alleging negligence and misconduct in investigating the hack of DNC files); Docs. 136-2, 136-3, 136-4 (Stone's recent Instagram posts making similar accusations); Doc. 136-9 (Instagram post urging that former CIA Director should be "charged, tried, convicted . . . and hung for treason").

[2] *See, e.g.,* Doc. 31 (alleging that government illegally leaked sealed indictment); Doc. 69,

excluded from trial because it is irrelevant to the charges in this case and also presents a serious risk of jury confusion, prejudice, and delay.

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. The definition of relevance is inclusive, *see* Fed. R. Evid. 401(a), but depends on the possibility of establishing a fact that "is of consequence in determining the action," Fed. R. Evid. 401(b). Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. *E.g.*, *United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016); *see Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). The party seeking to introduce evidence bears the burden of establishing relevancy. *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). In this case, Stone is charged with obstructing a congressional investigation in violation of 18 U.S.C. § 1505 (count 1); making numerous false statements to Congress in violation of 18 U.S.C. § 1001(a)(2) (counts 2-6); and witness tampering in violation of 18 U.S.C. § 1512(b)(1) (count 7). Doc. 1. To adjudicate these charges, the jury will, in short, have to decide whether Stone engaged in obstructive conduct or endeavored to do so, with a nexus to the HPSCI proceeding, and with a corrupt intent (count 1); whether Stone knowingly and willfully made false statements, in a matter that was part of a congressional investigation, and the statements were material (counts 2-6); and whether Stone corruptly persuaded or attempted to corruptly persuade a witness, acted knowingly and with the intent to interfere in that witness's testimony, and did so with a current or future proceeding in mind (count 7).

---

at 1-41 (alleging that the Special Counsel's appointment and investigation was unconstitutional and exceeded statutory authority); *id.* at 2-3 (alleging that the government deviated from standard practice when investigating Stone's false statements to Congress); Doc. 72, at 1-2 (same and alleging that members of Congress violated House rules); *id.* at 4 (positing the Special Counsel was not authorized to investigate the conduct charged in this case); Doc. 73, at 3-8 (alleging that the government selectively prosecuted Stone in retaliation for his support of the President); Doc. 136-6 (Instagram post suggesting misconduct in conducting Stone's arrest).

Stone's allegations of misconduct related to the investigation and prosecution of this and related cases are wholly irrelevant to the crimes charged in the Indictment and the matters that the jury will have to decide. *See, e.g.*, *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (claims of government misconduct are "ultimately separate from the issue of [a defendant's] factual guilt"); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (similar). Evidence or argument concerning these issues should therefore be excluded. *See* Fed. R. Evid. 402; *see, e.g.*, *O'Neal*, 844 F,3d at 278. The only reason to advance these categories of evidence or argument—other than generating public attention—would be to confuse jurors or to encourage jury nullification. Those purposes do not justify admitting otherwise irrelevant evidence at trial. *See United States v. Gorham*, 523 F.2d 1088, 1097-1098 (D.C. Cir. 1975) (upholding trial court's decision to preclude evidence relevant only to jury nullification); *see also United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016) (same); *United States v. Castro*, 411 Fed. App'x 415, 420 (2d Cir. 2011) (same); *United States v. Funches*, 135 F.3d 1405, 1408-1409 (11th Cir. 1998) (same).

Stone's allegations of selective prosecution, for example, have no bearing on the charges here. A "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Claims of selective prosecution are thus "entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which []he was charged." *Washington*, 705 F.2d at 495 (D.C. Cir.); *see, e.g.*, *Regan*, 103 F.3d at 1082 (selective prosecution is "ultimately separate from the issue of [a defendant's] factual guilt"); *see also United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (whether another person was charged did "not make the facts relating to [defendant's] knowledge and participation . . . more or less probable"). For that reason, court after court has held evidence

and argument about prosecutorial motivations are irrelevant and should be excluded.  *See, e.g.*, *United States v. Clay*, 618 F.3d 946, 955-956 (8th Cir. 2010); *United States v. Abboud*, 438 F.3d 554, 579-580 (6th Cir. 2006); *United States v. Berrigan*, 482 F.2d 171, 174-176 (3d Cir. 1973).[3] Stone's allegations of other misconduct are similarly irrelevant and should be excluded.  *See, e.g.*, *United States v. Abrams*, No. 14-cr-69, 2016 WL 107945, at *3 (D. Nev. Jan. 8, 2016) (excluding "[e]vidence related to decisions of prosecutorial discretion," "[a]ssertions of outrageous government conduct," and "[a]ssertions of vindictive or selective prosecution"); *see also United States v. Wylie*, 625 F.2d 1371, 1378 (9th Cir. 1980) (asserted "outrageous involvement by the government agents" is not a matter for the jury).

Stone's allegations should also be excluded because they pose significant risks of unfair prejudice, confusing or misleading the jury, and undue delay.  *See* Fed. R. Evid. 403.  Even if evidence related to Stone's allegations had "marginal relevance" to this case (which it does not), the "likely (and presumably intended) effect" would be "to shift the focus away from the relevant evidence of [Stone's] wrongdoing" to matters that are, at most, "tangentially related."  *United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) (upholding exclusion of evidence of alleged misconduct by FBI agent).  This would "risk[] needlessly delaying the trial" and "create[] the very real possibility that the jury would improperly discredit the government's case."  *Id.*  Courts regularly exclude such evidence when it would waste time during trial and would risk confusing or misleading the jury.  *See, e.g.*, *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011)

---

[3] *See also, e.g.*, *United States v. Farrar*, 338 F. Supp. 3d 1186, 1190-1191 (D. Haw. 2018); *United States v. Kosinski*, No. 16-cr-148, 2017 WL 4953902, at *3 (D. Conn. Oct. 31, 2017); *United States v. Crinel*, No. 15-cr-61, 2016 WL 6441249, at *14-*15 (E.D. La. Nov. 1, 2016); *United States v. Rodella*, 59 F. Supp. 3d 1331, 1361 (D. N.M. 2014); *United States v. Avery*, No. 11-cr-405, 2011 WL 13136810, at *2 (C.D. Cal. Dec. 15, 2011); *United States v. Fontenot*, No. 10-cr-65, 2010 WL 4056194, at *1 (M.D. La. Oct. 14, 2010); *United States v. Safavian*, No. 05-cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008).

(collecting cases about exclusion of evidence of prior charging decisions); *United States v. Blowers*, 268 Fed. App'x 504, 506 (9th Cir. 2008) (upholding exclusion of cross-examination on issues of selective prosecution, because "it would be needlessly time-consuming and confusing"); *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at \*3 (E.D. La. May 14, 1997) ("any probative value" of "evidence concerning the motivation of the prosecution" is "substantially outweighed by its potential for unfair prejudice and for misleading the jury."). Courts similarly exclude evidence on those bases when it is far more likely to invite jury nullification than to elucidate an issue that is properly for the jury to decide. *See United States v. Perez*, 459 Fed. App'x 191, 198 (3d Cir. 2012); *Castro*, 411 Fed. App'x at 420; *United States v. Cropp*, 127 F.3d 354, 358-359 (4th Cir. 1997).

## CONCLUSION

For the foregoing reasons, Stone should not be permitted to introduce evidence or make arguments to the jury about allegations of government misconduct when investigating this and related cases, the circumstances of Stone's arrest, or selective prosecution.

Respectfully submitted,

JESSIE K. LIU
U.S. Attorney for the District of Columbia

By: /s/
Jonathan Kravis
Michael J. Marando
Assistant United States Attorneys

Adam C. Jed
Aaron S.J. Zelinsky
Special Assistant United States Attorney
555 4th Street NW
Washington, D.C. 20530

July 26, 2019

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **ROGER J. STONE, JR.,** | **Criminal No. 19-cr-18-ABJ** |
| **Defendant.** | |

## <u>ORDER</u>

This matter having come before the Court on the Government's Motion in Limine to Exclude Evidence and Argument Regarding the Government's Investigation and Prosecution of This and Related Cases, and the Court having reviewed the parties' submissions, and for good cause shown, it is

On this _____ day of _____, 2019, hereby:

ORDERED that the Government's motion is GRANTED and the defendant shall not be permitted to introduce evidence or make arguments to the jury about allegations of government misconduct when investigating this and related cases, the circumstances of Stone's arrest, or selective prosecution.

_____
HON. AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE