IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROGER J. STONE, JR.,

        Defendant.
_____/

**ROGER J. STONE'S RESPONSE TO
GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND
ARGUMENT REGARDING RUSSIAN INTERFERENCE IN THE 2016 PRESIDENTIAL
ELECTION AND COORDINATION WITH THE TRUMP CAMPAIGN (Dkt. # 153)**

The government wants to exclude evidence and argument about Russian involvement in alleged hacks of the Democratic National Committee and the Democratic Congressional Campaign Committee and the allegations of Russian coordination with individuals associated with the presidential campaign of Donald Trump. Dkt. # 153.

First, there was no Russian/Trump coordination; and second, as we have contended, with our supporting documentation, the "Russians" did not "hack." *See*, Dkt. # 158.   The government says "Russian interference" and "coordination" are irrelevant and prejudicial, however, but for the suspicions of "Russian interference" and campaign "coordination," the House investigation, which is the source of the false testimony charges against Stone, would not have occurred. The Indictment is replete with allegations relating to "stolen" documents. The government's motion details the allegations at pages 3-4 of its submission, citing to repeated Indictment allegations:  "¶¶ 3(a), (b); ¶ 10; ¶¶ 13(a)-(c); 14(c), (d); ¶ 15, 15(d)(i)-(ii), ¶ 15(e)-(h); ¶ 16(a), (c)-(d). The Indictment makes clear that the U.S. House of Representatives Permanent

Select Committee on Intelligence's ("HPSCI") investigation was all about "Russian involvement in obtaining and transmitting the documents. . . ." Dkt. #153 at 5-6.

The stated purpose of the HPSCI investigation was to investigate "Russian cyber activity" and "other active measures." *See* Indictment, Dkt. #1, ¶¶ 18-20. The Indictment of Stone thus provides the road map of the crux of the charges, *i.e.,* that the alleged "Russian interference" and the "other active measures" used to further the alleged "Russian cyber activity" *via* Wikileaks, *i.e.,* Julian Assange, became intertwined with Roger Stone, and therefore his testimony to HPSCI was allegedly material. Given the allegations in the Indictment, for the government to now say the story must be confined to "did he lie," deprives Stone of his right to tell, through evidence and/or argument, as part of his defense, "the rest of the story."

Any doubt about the now alleged entanglement of Stone with Wikileaks and Assange, and therefore with the underlying premise that Russian "hacking" is the starting point of the investigation and the Indictment, is laid to rest by the government's intention to, and request to, introduce Julian Assange into Stone's trial. *See* Dkt. #155, (Government's Motion in Limine to Admit the "Upload" or "Creation" Date for Various Videos).

In that Motion, the government wants clearance to admit a "sixth video downloaded from *YouTube.com* [with Assange] stating that he possessed emails belonging to then-candidate Hillary Clinton that would be released in the near future." Dkt. #155 at 1.[1] Thus the government now broadens the cast of characters to include the person/organization who/which is said to be the conduit for the "Russian interference," which is the genesis of the HPSCI investigation and the Indictment.

---

[1] The video is available at: https://youtu.be/x7UvbETwpwU

We have made clear that the alleged "chain of events" is constructed on a false premise: *Russians did not hack the DNC computers*. See Dkt. #158, (Roger Stone's Motion in Limine to Admit Evidence, and the declarations of William Binney and Peter Clay (Dkt. # 1001-1; 1001-3)), confirming that the metadata establishes that the downloads came directly from DNC machines, not Russian outsiders breaking in.

So, now having alleged Russian interference in the Indictment, and now wanting to parade Julian Assange/Wikileaks before the jury, the government has made apparent the need for Stone to defend himself by establishing that the construct of the House investigation and the case against him is built on an unsupportable foundation.

The government takes a too cramped view of this case. Saying "[t]he primary conduct at issue … has no relationship to the identity of the hacker or to any coordination between Russia and the Campaign" (Dkt. # 153 at 2), bespeaks a willful blindness to the Indictment's allegations and the HPSCI rationale for its "investigation." The government's offer of *United States v. Burge*, 711 F.3d 803 (7th Cir. 2013), to support its "no relationship" argument misses the mark. Burge, accused of false statements in regard to torturing an arrestee, complained that he should have been allowed to litigate whether the arrestee's civil suit was a fraud. The court said "no" because "[t]he government never took a position in the indictment or before the jury on whether Hobley [the arrestee] had been tortured or whether he was lying." *Id*. at 811. Here, the government *has* taken a position in the Indictment that "Russians" and Assange and Wikileaks are relevant to the charges against Stone, and that in effect, the Russians and Assange and Stone are all lying.

Stone should not be precluded from defending himself *via* evidence and/or argument, from having all of the story heard by a jury. The essential element of due process of law *is* the right to be heard.

## **CONCLUSION**

The government's Motion in Limine, Dkt. #153, should be denied.

Respectfully submitted,

By: */s/*_____

L. PETER FARKAS
HALLORAN FARKAS + KITTILA, LLP
DDC Bar No.: 99673
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (302) 257-2019
pf@hfk.law

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL 33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com

GRANT J. SMITH
STRATEGYSMITH, PA
D.D.C. Bar No.: FL0036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com

CHANDLER P. ROUTMAN
D.D.C. Bar No. 1618092
501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: (954) 235-8259
routmanc@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 9, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                         ___/s/ Robert Buschel _____
                                         Robert Buschel

*United States Attorney's Office for the District of Columbia*

Jessie K. Liu
**United States Attorney**
Jonathan Kravis
Michael J. Marando
**Assistant United States Attorneys**
Adam C. Jed
Aaron S.J. Zelinsky
**Special Assistant United States Attorneys**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393