UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>Defendant. | Criminal No. 19-cr-18-ABJ |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
EARLY RETURN TRIAL SUBPOENA *DUCES TECUM*
TO THE UNITED STATES HOUSE OF REPRESENTATIVES**

The United States of America, by and through Jessie Liu, United States Attorney for the District of Columbia, respectfully opposes defendant Roger Stone's motion for an early return subpoena *duces tecum* to the United States House of Representatives for the audio recording of his testimony before the House Permanent Select Committee on Intelligence. As the prosecution team has advised defense counsel, the prosecution team is working with the House on various issues related to the audio recording. In the meantime, the House has offered to arrange a time for defense counsel to listen to the audio recording at the House offices. Under these circumstances, an early return subpoena is unwarranted.

Federal Rule of Criminal Procedure 17 sets forth the procedure for issuing trial subpoenas. Rule 17(c)(1) provides that a trial subpoena "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." The Rule further states that the Court "may direct the witness to produce the designated items in court before trial," and "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The use of the words "may direct" in the Rule "affords the court authority to decide whether production before trial is permissible at all, and, if so, when." *United States v. Beckford*, 964 F.

Supp. 1010, 1020-21 (E.D. Va. 1997). The purpose of a Rule 17 subpoena requiring the production of materials prior to trial is to "prevent delays during the trial" that occur when counsel "have to inspect and read" materials "as they are introduced." *United States v. Ferguson*, 37 F.R.D. 6, 7 (D.D.C. 1965). Accordingly, pretrial production of evidence under Rule 17(c) is appropriate only when the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699 (1974).

The defendant's request for an early production subpoena to the House fails the second and third prongs of this test. The prosecution team is working with the House on various issues related to production of the audio recording, and the prosecution team will keep defense counsel advised of the status of that work. A trial subpoena to the House returnable within 20 days to be served while the House is out of session is therefore unnecessary to procure the audio recording. Moreover, as the prosecution team has advised defense counsel, the House has offered to arrange a time for defense counsel to listen to the audio recording at the House offices. Because the defense will already have the opportunity to review the recording in advance of trial, no purpose is served by an early return subpoena—the defense can prepare for trial by listening to the recording at the House offices, and production of the audio recording closer to the trial date will not unreasonably

delay the trial.

    For the foregoing reasons, Stone's motion for an early return subpoena to the House under Rule 17(c) should be denied.

                              Respectfully submitted,

                              JESSIE K. LIU
                              U.S. Attorney for the District of Columbia

By: /s/
                              Jonathan Kravis
                              Michael J. Marando
                              Assistant United States Attorneys

                              Adam C. Jed
                              Aaron S.J. Zelinsky
                              Special Assistant United States Attorney
                              555 4th Street NW
                              Washington, D.C. 20530

August 14, 2019