UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>    Defendant. | Criminal No. 19-cr-18-ABJ |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT
REGARDING RUSSIAN INTERFERENCE IN THE 2016 PRESIDENTIAL ELECTION
AND COORDINATION WITH THE TRUMP CAMPAIGN**

For the reasons set forth in the government's motion *in limine*, the Court should exclude evidence and argument regarding (1) Russian involvement in the hacks of the Democratic National Committee ("DNC") and Democratic Congressional Campaign Committee ("DCCC") computer systems and (2) allegations of Russian coordination with individuals associated with the presidential campaign of Donald Trump under Federal Rules of Evidence 402 and 403. *See* Doc. 153; *see also* Doc. 172 (government's opposition to motion to admit evidence concerning Russia's involvement in stealing the files and transferring them to Organization 1). As the government has explained, evidence on these topics is not relevant to the charges at issue and, in any event, presents a serious risk of jury confusion, prejudice and delay that substantially outweighs any minimal probative value.

Defendant Roger J. Stone, Jr. does not appear to oppose the government's motion to exclude evidence and argument regarding Russian coordination with the Trump campaign. As for the introduction of evidence about Russia's role in conducting the DNC and DCCC hacks, Stone's arguments in opposition are substantially the same as the arguments in his motion (Doc. 158) to admit evidence on these subjects, to which the government has already responded (Doc. 172).

Stone makes various assertions about "the crux of the charges" (Doc. 168, at 2) and the proper "view of this case" (*id.* at 3). But Stone appears to misunderstand the nature of the charges against him and the elements of those charges. In particular, Stone appears to be arguing that his asserted evidence that "the 'Russians' did not 'hack,'" (Doc. 168, at 1) is relevant to the materiality of his false statements to the House Permanent Select Committee on Intelligence ("HPSCI"). *See id.* at 2. As the government has explained, Stone's position rests on a misunderstanding of the legal definition of materiality, which turns on whether the statement at issue was capable of influencing the investigation and not (as Stone would have it) on the merits of the allegations underlying the investigation. Doc. 153, at 11, 12-14; *see also* Doc. 172, at 6-9. Stone does not respond to those legal arguments. Nor does he otherwise spell out why the prior allegations that triggered HPSCI's inquiry are relevant to crimes charged.

      Rather than explain why his evidence would help to establish "a step on one evidentiary route" to a fact at issue, *Old Chief v. United States*, 519 U.S. 172, 178-179 (1997) (defining relevance), Stone now asserts the government's planned case in chief establishes the relevance. These contentions lack merit. Stone suggests (Doc. 168, at 2) that the government's planned introduction of a video clip of the head of Organization 1 shows that evidence about Russia's hacking activities is relevant. But as Stone himself notes, Russia and Organization 1 are not the same thing. The Indictment alleges that Stone made false statements relating to communications with and about Organization 1, and the government is therefore introducing certain evidence to prove the falsity of those statements. As made clear in the motion to admit the video clip, the government is not offering the video clip for the truth of the matter asserted—that the head of Organization 1 had stolen emails and intended to release them—but rather to establish the chronology of Stone's communications with and about Organization 1. Doc. 155, at 1 n.1.

Seventeen days after that clip was recorded, on July 22, 2016, Organization 1 announced on Twitter the publication of emails stolen from the DNC. Three days later, on July 25, 2016, Stone emailed Person 1 telling him to "[g]et to [the head of Organization 1]" and "get the pending [Organization 1] emails." Doc. 1 ¶ 13a. This video has nothing to do with Russian involvement in the DNC and DCCC hacks, and the government does not intend to argue that the video constitutes evidence of Russian involvement in those hacks. Citing nothing, Stone additionally asserts (Doc. 168, at 3) that "the government *has* taken a position in the Indictment that 'Russians' and Assange and Wikileaks are relevant to the charges against Stone, and that in effect, the Russians and Assange and Stone are all lying." The Indictment alleges that Stone made a number of false statements to HPSCI. Doc. 1 ¶ 43. The Indictment says nothing about any statements by "the Russians" or the head of Organization 1 regarding Russian involvement in the DNC and DCCC hacks. Indeed, the Indictment mentions Russian hacking only in a single paragraph summarizing a public statement by the DNC, *id.* ¶ 2, and mentions the conduct of Organization 1 only in two paragraphs summarizing the dates of the release of documents, *id.* ¶¶ 3, 4.

In all events, even were Stone's asserted evidence relevant (which it is not), Stone wholly fails to address the government's arguments about why the evidence also should not be admitted under Federal Rule of Evidence 403. As the government has explained (Do. 153, at 16-18), evidence on this subject creates a serious risk of prejudicing the case by potentially leading the jury to believe these matters are more relevant than they are, by inviting the jury to acquit based not on the elements of the crimes charged in the Indictment but on other issues, or by painting Stone as an accessory to Russia's hacking activities. The likely-technical nature of the evidence that Stone presumably intends to introduce, and the volume and complexity of the evidence that the government would introduce in rebuttal to prove Russian involvement in the hacks, risks juror

confusion. And it is a virtual certainty that presenting evidence on these issues would result in a mini-trial within a trial that would create undue delay and waste time. Stone does not dispute any of this. Nor does he provide any basic factual background that would allow the Court (and the government) to probe those questions further. He provides no detailed description of the type or volume of evidence that he plans to introduce. Indeed, it is unclear from his motion whether he has any plan for how support his claims about Russian innocence beyond two declarations that do not actually support his claims. *See* Doc. 122, at 12 (government opposition to motion to suppress describing deficiencies in the declarations submitted in support of the motion). On that basis alone, the government's motion to exclude should be granted.

          Respectfully submitted,

          JESSIE K. LIU
          U.S. Attorney for the District of Columbia

By: /s/
    Jonathan Kravis
    Michael J. Marando
    Assistant United States Attorneys

    Adam C. Jed
    Aaron S.J. Zelinsky
    Special Assistant United States Attorney
    555 4th Street NW
    Washington, D.C. 20530

August 16, 2019