UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>Defendant. | Criminal No. 19-cr-18-ABJ |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE GOVERNMENT'S INVESTIGATION AND PROSECUTION OF THIS AND RELATED CASES**

The government's motion to exclude explained that defendant Roger J. Stone, Jr. has alleged misconduct concerning the investigation and prosecution of this and related cases. Doc. 158, at 1-5. The government's motion contended that evidence and argument on those issues is not relevant to this case and should be excluded under Federal Rule of Evidence 403. *Id.* Although Stone declares in his opposition (Doc. 169, at 1) that he "does not intend at this point . . . to put on evidence of the government's 'misconduct,'" Stone leaves open the possibility that he might do so and does not respond to the government's arguments as to why that would be improper. Specifically, Stone states that if the government calls the individual identified in the Indictment as Person 1, then Stone "may" seek to introduce evidence and argument about charging decisions related to that person. *Id.* Stone states if the government calls some unnamed "[o]ther witnesses," then Stone may choose to "question[] the government's conduct of the investigation and prosecutorial decisions," including allegations that Members of Congress violated House Rules, *id.* at 1-2—specific allegations that the government identified in its motion to exclude (Doc. 158, at 1-2 n.2). Stone suggests that if the government calls the individual identified in the Indictment as Person 2, then Stone has a particular "line of questions" on this topic that he may wish to pursue.

Doc. 169, at 3.  Stone additionally suggests that there are "numerous other possibilities" as to how he might wish to raise evidence of government misconduct or prosecutorial decision-making at trial.  *Id.*  Therefore, Stone urges that the Court should "defer decisions on relevancy and admissibility until trial, or, at the least, nearer to trial when," according to Stone, "the Court will have a clearer picture of what may be presented at trial."  *Id.*

Stone's opposition is insufficient.  An opposition to a motion *in limine* to exclude evidence must either respond to the arguments in favor of exclusion or concede the motion by disclaiming an intention to use the contested evidence.  Stone does neither.  Instead, he specifically identifies topics that the government referenced in its motion—including allegations of misconduct by Members of Congress and prosecutorial decision-making—as issues he may wish to raise at trial.  But he does not engage with the government's arguments about why evidence and argument on these issues are irrelevant and inadmissible.  Stone also suggests that if the government calls two particular witnesses, Stone may wish to pursue certain lines of questioning and introduce certain kinds of evidence and argument captured by the government's motion  But Stone does not proffer in any detail what those questions, evidence, or argument would entail.  Nor does he attempt to argue that these areas of inquiry are relevant.  Nor does he explain why they should not be excluded under Rule 403 based on the arguments set forth in the government's motion.

Rather than engage with the government's legal arguments, Stone proposes that the Court "defer decisions on relevancy and admissibility until trial." Doc. 169, at 2.  But that position is not consistent with the authority cited in the government's motion to support the proposition that the topics identified by the government are legally irrelevant and therefore can be excluded on that basis in advance of trial.  To be sure, it may be necessary to reconsider or clarify a ruling on a motion *in limine* based on unforeseen events at trial.  *See Ohler v. United States*, 529 U.S. 753,

2

758 n. 3 (2000) ("in limine rulings are not binding on the trial judge, and the judge may always change h[er] mind during the course of a trial"). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). But those realities of trial practice are not an excuse for failing to respond to legal arguments on issues that can be resolved now. At this point, Stone has a reasonably clear picture of the government's case in chief, and Stone should have a sense of his planned defense. As his response indicates, the defense has a particular plan in mind for examining certain witnesses. Stone could therefore engage with the government's arguments. And Stone's contention (Doc. 169, at 2) that this motion is "premature and overbroad" is belied by the numerous cases granting pretrial motions to exclude evidence and argument on these subjects. *See, e.g.*, *United States v. Clay*, 618 F.3d 946, 955-56 (8th Cir. 2010) (upholding district court's exclusion of evidence of selective prosecution based on pretrial factual findings), *cited in* Doc. 154, at 4; *United States v. Abboud*, 438 F.3d 554, 579-80 (6th Cir. 2006) (upholding district court decision granting motion *in limine* to exclude evidence of selective prosecution), *cited in* Doc. 154, at 4; *United States v. Abrams*, 2016 WL 107945, at *3 (D. Nev. Jan. 8, 2016) (granting pretrial motions to exclude evidence related to prosecutorial discretion and selective prosecution), *cited in* Doc. 154, at 4; *see also, e.g.*, *United States v. Daniels*, 930 F.3d 393, 404 (5th Cir. 2019) (upholding district court ruling granting motion *in limine* to preclude evidence regarding alleged government misconduct); *United States v. O'Brien*, 947 F.2d 1346 (10th Cir. 1992) (Table) (upholding district court ruling granting motion *in limine* to exclude evidence of selective prosecution).

Moreover, ruling on the government's motion to exclude improper evidence and argument on the schedule set by the Court for pretrial motions *in limine* would facilitate the orderly progress

of the trial. The government's motion *in limine* allows for the pretrial resolution of this issue without having to present potentially prejudicial evidence to the jury. It will also help the parties prepare their trial strategies and evidence and assist the Court in conducting a fair and expeditious trial. Stone should not be permitted to ignore arguments made in accordance with the scheduling order and also declare that he reserves his right to respond at a later time.

 For the reasons set forth in the government's motion, evidence and argument regarding allegations of misconduct related to the investigation and prosecution of this and related cases should not be presented at trial. If the defense believes that events during trial warrant revisiting this issue, then defense counsel should be required to ask the Court to reconsider its ruling on this motion outside the presence of the jury before presenting any such evidence or argument.

           Respectfully submitted,

           JESSIE K. LIU
           U.S. Attorney for the District of Columbia

By: /s/
   Jonathan Kravis
   Michael J. Marando
   Assistant United States Attorneys

   Adam C. Jed
   Aaron S.J. Zelinsky
   Special Assistant United States Attorney
   555 4th Street NW
   Washington, D.C. 20530

August 16, 2019