# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

        Defendant.

_____

## ROGER STONE'S REPLY TO GOVERNMENT'S OPPOSITION TO STONE'S MOTION *IN LIMINE* TO ADMIT EVIDENCE (Dkt. #172).

Defendant Roger Stone, through counsel, files this reply to the government's opposition to Roger J. Stone, Jr.'s motion in limine to admit evidence.

The government objects to Roger Stone presenting two witnesses who will testify, and demonstrate, that WikiLeaks did not receive the relevant DNC and DCCC data from the Russian state. That evidence will establish that the relevant data was "leaked" to WikiLeaks, not transferred to WikiLeaks by the Russian State. The government claims such evidence will be irrelevant, unfairly prejudicial, and cause delay and would turn the subject matter into a "mini-trial." The government states: "If a person chooses to make false statements to the government, he or she takes the risk that the false statement is material." (Motion at 14). But, the government takes the same risk:  that the alleged false statements might be deemed immaterial by the jury. [1]

_____

[1] The government wonders if the Russian state hacked and stole the relevant data and then someone else coordinated the delivery of the data to WikiLeaks. *See* Dkt. #172 n. 4. The government, nor the Mueller report proved or

Stone should be permitted to present evidence that his answers did not materially affect the congressional investigation because the Indictment makes clear that the investigation was of a "Russian state hack." The government's motion in limine seeks to introduce Assange and WikiLeaks videos into evidence helps make the point.

### a. Pleadings

Typically, the Indictment is presented to the jury during deliberations. The jury will see the following in the Indictment.

In paragraph 20 of the indictment:

> In his opening statement, STONE stated, "These hearings are largely based on a yet unproven allegation that the *Russian state* is responsible for the *hacking* of the DNC and [the Clinton Campaign chairman] and the transfer of that information to WIKILEAKS." STONE further stated that "[m]embers of this Committee" had made certain "assertions against me which must be rebutted here today," which included "[t]he charge that I knew in advance about, and predicted, the *hacking* of Clinton campaign chairman['s] email, [and] that I had advanced knowledge of the source or actual content of the WIKILEAKS disclosures regarding Hillary Clinton." (Emphasis supplied).

In paragraph 22:

> During his HPSCI testimony, STONE was asked, "So you have no emails to anyone concerning the allegations of *hacked* documents . . . or any discussions you have had with third parties about ASSANGE? You have no emails, no texts, no documents whatsoever, any kind of that nature?" (Emphasis supplied).

In paragraph 23:

> In truth and in fact, STONE had sent and received numerous emails and text messages during the 2016 campaign in which he discussed WIKILEAKS, its head, and its *possession of hacked emails*. At the time of his false testimony, STONE was still in

---

disproved this scenario. But if WikiLeaks did not receive the data from the Russian state then Stone's communications with WikiLeaks were immaterial.

possession of many of these emails and text messages, including:
(Emphasis supplied).

Combined with the allegations of paragraphs 2 and 3 of the Indictment, where it is alleged that "the DNC – through Company 1 (CrowdStrike) – "announced that it had been hacked by Russian government actors" who transferred the stolen data to WikiLeaks, it is clear that the government has adopted this theory of events.

If the jury agrees with Stone that the relevant stolen data was leaked, *i.e..* was not hacked by the Russian state, it is a step closer to finding that the alleged false statements are not as material as the government would like them to be. Materiality is an element to be determined by the jury. *United States v. Gaudin,* 515 U.S. 506, 522-23 (1995). If the foundational assumption of the congressional investigation is wrong a jury might conclude Stone's statements to HPSCI were not material.

**b.  <u>From the government's motion in limine.</u>**

In the government's filing at docket entry number 155, it asks the Court to pre-authenticate certain videos it anticipates publishing to the jury. Those videos open the door to Stone's defense that WikiLeaks received the relevant data from some entity other than the Russian state. *See United States v. Brown*, 921 F.2d 1304, 1307 (D.C. Cir. 1990) (under the "curative admissibility" doctrine, the introduction of inadmissible or irrelevant evidence by one party justifies or "opens the door" to admission of otherwise inadmissible evidence) (citations omitted).

<u>Video 2 = x7UvbETwpwU - "Julian Assange Interview Peston on Sunday"</u>
- https://youtu.be/x7UvbETwpwU
- Published July 5, 2016 by John Dey
- <u>Description</u> - "A vagabond in his childhood, a hacker in his teens and always living on teh edge, Julian Assange, co-founder of WikiLeaks"
- Content of video:

- Interview asking Assange about his views on UK leaving the EU and on Brexit.
- Calls Hillary Clinton a "transatlanticist" - i.e., someone who wants the UK to remain in the EU
- Pro-Brexit
- Ask him about the emails - Julian is asked whether or not he has the undisclosed emails, admits to publishing about "32,000" of Clinton's emails and "someone else's"
- Admits to having "upcoming leaks on Hillary Clinton" around 4:37
- Has emails that are "pending publication"
- Asked about the FBI investigation - says they have enough information about Hillary to bring an indictment, but that Lorretta Lynch won't indict her
- Asked if he wanted Trump as president - says that Trump would be "unpredictable

    Video 3 = OPkRMIEv3-1
- https://www.youtube.com/watch?v=OPkRMIEv3-I
- Alex Jones interviews Roger Stone August 12th 2016 - voter fraud and election theft
- Voting machines can be manipulated. Wanting to register new Trump voters.
- CBS this morning about cyber attack being possible.
- "Not foreign hackers, it's domestic" - Roger Stone
- Roger's accounts had been hacked within the last 48 hours before interview - "as soon as it became publicly know that I was in communication with Julian Assange"
- Minute 14:47 -  Alex Jones- "Did Assange give you any info?" Roger - "I'm not at liberty to discuss what I have"
- Published on Aug. 13, 2016 by Liberated Galaxy

Video 5 = HfrzKmeXsrI
- https://www.youtube.com/watch?v=HfrzKmeXsrI
- "Assange is going to be very influential in this election because he's going to be educating the American people about the Clintons"
- Assange is a hero - ruling elite of the left and right - Roger believes that Assange has all of the emails that Clinton Campaign thought were destroyed.
- Roger Stone Discusses The Future Plans Of WikiLeaks | 'Dana'
- Published on Aug. 16, 2016 by BlazeTV

C-SPAN Video - "Newsmakers with Roger Stone"
- https://www.c-span.org/video/?414109-1/newsmakers-roger-stone
-  Dated August 18, 2016
- Description: "Roger Stone talked about Donald Trump's presidential campaign and political evolution, what the campaign needs to do to win, and changes in Trump campaign personnel."
- Talks about relationship with Bannon and Bannon's coverage of Bill's sexual assaults
- Compares the Trump operation to the Clinton operation (campaign-wise)
- Interviews re: shakeup in the Trump campaign following Manafort's departure
- Asked about an "October Surprise" - asked if Roger's spoken with Assange, Roger says at 15:35 "No I have not spoken to Mr. Assange, I have never met with Mr. Assange, and I never said I had. I said we communicated through an intermediary, somebody who is a

mutual friend, and I believe he is in possession of all those emails that (Huma and another Clinton aide) believe that they deleted. That and a lot more..."

Stone's defense will not cause undue delay or be a "mini-trial." Two witnesses, Mr. Binney and Mr. Clay would be called as witnesses. *See* Dkt. #100-1; 100-3.  They would testify, and demonstrate to the jury, that WikiLeaks did not receive the relevant stolen data from the Russian state. Such testimony could lead the jury to conclude that Stone's answers to the stated questions do not meet the element of materiality of the false statement statute under 18 U.S.C. § 1001.

## **CONCLUSION**

The Court should enter an Order allowing Defendant to present evidence that WikiLeaks did not receive stolen "DNC," "DCCC," Podesta, and Clinton Campaign data from the Russian state.

Respectfully submitted,
By: */s/*_____

|  |  |
|---|---|
|  | BRUCE S. ROGOW |
| L. PETER FARKAS | FL Bar No.: 067999 |
| HALLORAN FARKAS + KITTILA, LLP | TARA A. CAMPION |
| DDC Bar No.: 99673 | FL Bar: 90944 |
| 1101 30th Street, NW | BRUCE S. ROGOW, P.A. |
| Suite 500 | 100 N.E. Third Avenue, Ste. 1000 |
| Washington, DC 20007 | Fort Lauderdale, FL  33301 |
| Telephone: (202) 559-1700 | Telephone: (954) 767-8909 |
| Fax: (302) 257-2019 | Fax: (954) 764-1530 |
| pf@hfk.law | brogow@rogowlaw.com |
|  | tcampion@rogowlaw.com |
|  | *Admitted pro hac vice* |

| | |
|---|---|
| ROBERT C. BUSCHEL | GRANT J. SMITH |
| BUSCHEL GIBBONS, P.A. | STRATEGYSMITH, PA |

D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com

D.D.C. Bar No.: FL0036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com

CHANDLER P. ROUTMAN
D.D.C. Bar No. 1618092
501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: (954) 235-8259
routmanc@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2019, I electronically filed the foregoing with

the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all

counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by

CM/ECF.

___/s/ _____
Robert Buschel

*United States Attorney's Office for the*
*District of Columbia*

Jessie K. Liu
**United States Attorney**
Jonathan Kravis
Michael J. Marando
**Assistant United States Attorneys**
Adam C. Jed
Aaron S.J. Zelinsky
**Special Assistant United States Attorneys**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393