## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 19-cr-18 (ABJ)** |
| **ROGER J. STONE, JR.,** | |
| **Defendant.** | |

## PROPOSED JURY INSTRUCTIONS

The United States of America and defendant Roger Stone propose the following jury

instructions.  The parties agree on all instructions unless otherwise noted in bold.

### Proposed Instructions from the Standardized Criminal
### Jury Instructions for the District of Columbia

- Instruction No. 1.102 (Preliminary Instructions Before Trial)
- Instruction No. 1.105 (Notetaking by Jurors)
- Instruction No. 1.107 (Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed)
- Instruction No. 1.202 (Cautionary Instruction on the Use of the Internet and Publicity)
- Instruction No. 2.100 (Furnishing the Jury with a Copy of the Instructions)
- Instruction No. 2.101 (Function of the Court)
- Instruction No. 2.102 (Function of the Jury)
- Instruction No. 2.103 (Jury's Recollection Controls)
- Instruction No. 2.104 (Evidence in the Case—Judicial Notice, Stipulations)
- Instruction No. 2.105 (Statements of Counsel)
- Instruction No. 2.106 (Indictment Not Evidence)
- Instruction No. 2.107 (Burden of Proof—Presumption of Innocence)
- Instruction No. 2.108 (Reasonable Doubt) (proposed language below) **(defense objects and proposes alternative instruction)**
- Instruction No. 2.109 (Direct and Circumstantial Evidence)
- Instruction No. 2.112 (Inadmissible and Stricken Evidence)
- Instruction No. 2.200 (Credibility of Witnesses)
- Instruction No. 2.203 (Witness with a Plea Agreement) (proposed language below) **(defense objects and proposes alternative instruction)**
- Instruction No. 2.207 (Law Enforcement Officer's Testimony)

1

- Instruction No. 2.208 (Right of Defendant Not To Testify) (if applicable)
- Instruction No. 2.209 (Defendant as Witness) (if applicable)
- Instruction No. 2.216 (Evaluation of Prior Inconsistent Statement of Witness) (if applicable)
- Instruction No. 2.217 (Evaluation of Prior Consistent Statement of Witness) (if applicable)
- Instruction No. 2.218 (Impeachment by Proof of Conviction of a Crime)
- Instruction No. 2.219 (Impeachment by Proof of Conviction of Pending Case, Probation or Parole) (if applicable)
- Instruction No. 2.321 (Other Crimes Evidence) **Defense objects**
- Instruction No. 2.402 (Multiple Counts, One Defendant)
- Instruction No. 2.405 (Unanimity—General)
- Instruction No. 2.407 (Verdict Form Explanation)
- Instruction No. 2.500 (Redacted Documents and Tapes)
- Instruction No. 2.508 (Cautionary Instruction on Publicity, Communication, and Research)
- Instruction No. 3.101 (Proof of State of Mind)
- Instruction No. 3.102 (Willfully Causing an Act To Be Done)
- Instruction No. 3.103 ("On or About" or "In or Around" Proof)

INSTRUCTION:

Count One: The Indictment and the Statute

Count One of the indictment charges that from in or around May 2017 through at least December 2017, within the District of Columbia and elsewhere, the defendant corruptly influenced, obstructed, impeded, and endeavored to influence, obstruct, and impede the due and proper exercise of the power of inquiry under which an inquiry or investigation was being had by the United States House of Representatives or any committee of the House of Representatives.

The relevant statute is 18 U.S.C. § 1505, which provides:

> Whoever corruptly, or by threats of force, or by any threatening letter or communication influences, obstructions, or impedes, or endeavors to influence or impede … the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress … [shall be guilty of a crime].

---------------

Authority: Indictment, Count One; 18 U.S.C. § 1505

INSTRUCTION:

Count One: Statutory Purpose

This law is designed to prevent any endeavor, whether successful or not, which is made for the purpose of corruptly influencing, obstructing or impeding any inquiry or investigation being had by the House, any committee of either House or any joint committee of the Congress.

The word "proceeding" encompasses all of the steps and stages in the performance by House committee of its investigative functions.

The sweep of the statute extends to any corrupt endeavor or effort to obstruct the due administration of the law under which a proceeding is being conducted.

**The key word of the statute is "endeavor."**  As used in the statute, "endeavor" means any effort or act, however contrived, to obstruct or interfere with the proceeding.  **It is the endeavor that is the gist of the crime.**  Success of the endeavor is not an element of the crime.

The word "corruptly" means having the improper motive or purpose of obstructing the proceeding.


---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.04, Instruction 46-23, "Obstruction of Agency Proceedings," "Statutory Purpose"

**The defense objects to this instruction.  Should the Court give this instruction, the defense objects to the bold language.**

INSTRUCTION NO. 15

Count One: Elements of Obstruction of Proceeding

In order to establish that the defendant is guilty of the charge in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that from in or about May 2017 through at least December 2017, there was an inquiry or investigation pending before the United States House of Representatives Permanent Select Committee on Intelligence ("HPSCI").

Second, that the defendant knew that the inquiry or investigation was being had by the U.S. House of Representatives or any committee of the House.

Third, that the defendant did corruptly endeavor to influence, obstruct or impede the due and proper exercise of the power of inquiry under which the investigation or inquiry was being had by HPSCI.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.04, Instruction 46-24, "Obstruction of Agency Proceedings," "Elements of the Offense"; *United States v. Bowser*, 318 F. Supp. 3d 154, 161 (D.D.C. 2018).

<u>INSTRUCTION:</u>

<u>Count One:  First Element—Proceeding Was Pending</u>

The first element the government must prove beyond a reasonable doubt is that at or about the date set forth in the indictment, an inquiry or investigation was pending before HPSCI. In this regard, you are instructed that the House Permanent Select Committee on Intelligence, or HPSCI, is a committee of the U.S. House of Representatives and that a proceeding includes an investigation of the Committee.

The question for you with respect to this element is whether that proceeding was pending on or about September 26, 2017.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.04, Instruction 46-25, "Obstruction of Agency Proceedings," "First Element—Proceeding Was Pending."

INSTRUCTION:

Count One:  Second Element—Knowledge of Proceeding in Progress

The second element the government must prove beyond a reasonable doubt is that the defendant knew that the inquiry or investigation was in progress.  In order to satisfy this element, you need only determine that the defendant knew at or about the date charged that the Committee was conducting an investigation or inquiry.

In this regard, you may take into account all of the facts and circumstances surrounding the conduct with which the defendant is charged in order to determine whether he knew or had a reasonable basis for belief that a proceeding was pending.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.04, Instruction 46-26, "Obstruction of Agency Proceedings," "Second Element—Knowledge of Proceeding in Progress."

INSTRUCTION:

Count One:  Third Element—Act of Obstructing or Impeding

The final element the government must prove beyond a reasonable doubt is that the defendant did corruptly endeavor to influence, obstruct or impede the due and proper exercise of the power of inquiry under which the investigation or inquiry was being had by HPSCI.

The word "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, **or withholding, concealing, altering, or destroying a document or other information**.  A statement is false if it was untrue when it was made and the defendant knew it was untrue at that time.  A misleading statement is one that intentionally omits information thereby concealing a material fact and creating a false impression.

Success of the endeavor is not an element of the crime.  The term endeavor is designed to reach all conduct that is aimed at influencing, intimidating and impeding the proceedings.  Thus, it is sufficient to satisfy this element if you find that the defendant made any effort or did any act for the purpose of obstructing or impeding the proceeding.

The phrase "due and proper exercise of the power of inquiry" means an inquiry within the investigative power of HPSCI.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.04, Instruction 46-27 "Obstruction of Agency Proceedings," "Third Element—Act of Obstructing or Impeding," as modified based on 18 U.S.C. § 1515(a)(3)(B) and (b).

**The defense objects to the bold language on the grounds stated in Doc. 72, at 5-6.**

INSTRUCTION:

Counts Two through Six: The Indictment and the Statute

Counts Two through Six of the indictment charge that on or about September 26, 2017, within the District of Columbia and elsewhere, in a matter within the jurisdiction of the legislative branch of Government of the United States, the defendant, knowingly and willfully made or caused to be made false, fictitious, and fraudulent statements and representations.

Count Two charges that the defendant testified falsely that he did not have emails with third parties about the head of WikiLeaks, and that he did not have any documents, emails, or text messages that refer to the head of WikiLeaks.

Count Three charges that the defendant testified falsely that his August 2016 references to being in contact with the head of WikiLeaks were references to communications with a single "go-between," "mutual friend," and "intermediary," who the defendant identified as Randy Credico.

Count Four charges that the defendant testified falsely that he did not ask the person he referred to as his "go-between," "mutual friend," and "intermediary," to communicate anything to the head of WikiLeaks and did not ask the intermediary to do anything on the defendant's behalf.

Count Five charges that the defendant testified falsely that he and the person he referred to as his "go-between," "mutual friend," and "intermediary" did not communicate via text message or email about WikiLeaks.

Count Six charges that the defendant testified falsely that he had never discussed his conversations with the person he referred to as his "go-between," "mutual friend," and "intermediary" with anyone involved in the Trump Campaign.

The relevant statute on this subject is section 1001(a)(2) of Title 18 of the United States Code.  It provides:

> Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully … makes any materially false, fictitious or fraudulent statement or representation … shall be [guilty of a crime].

---------------

Authority: Indictment, Counts Two through Six; 2 Modern Federal Jury Instructions – Criminal ¶ 36.01, Instruction 36-1, "The Indictment and the Statute."

INTRUCTION:

Counts Two through Six: The Purpose of the Statute

The purpose of § 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences that might result from such deceptive practices.

To establish a violation of § 1001, it is necessary for the government to prove certain essential elements – which I will soon describe for you – beyond a reasonable doubt.  However, I want to point out now that it is not necessary for the government to prove that the House committee was, in fact, misled as a result of the defendant's actions.  It does not matter whether the House committee was in fact misled, or even whether it knew of the misleading or deceptive act, should you find that the act occurred.  These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a mater within the jurisdiction of the government of the United States.

---------------

Authority: 2 Modern Federal Jury Instructions – Criminal ¶ 36.01, Instruction 36-2, "The Purpose of the Statute."

**The defense objects to this instruction.**

INSTRUCTION:

Counts Two through Six: Elements of the Offense of False Statements

In order to prove the defendant guilty of the crime charged, the government must prove beyond a reasonable doubt:

First, on or about September 26, 2017, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the legislative branch of the Government of the United States.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-9; "Elements of the Offense"; Instruction ¶ 36-11, "Second Element – Materiality"

INSTRUCTION:

Counts Two through Six:  First Element—Statement or Representation

The first element that the government must prove beyond a reasonable doubt is that the defendant made a statement or representation.  In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question.  It is sufficient if the defendant caused the statement charged in the indictment to have been made. Under this statute, there is no distinction between written and oral statements.

--------------

Authority: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-10, "False Statements," "Statement or Representation."

INSTRUCTION:

Counts Two through Six:  Second Element—Materiality

The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it had a natural tendency to influence, or was capable of influencing, either a decision or other function of HPSCI.  In other words, a statement is material if it was capable of influencing  the HPSCI investigation.  However, proof of actual reliance on the statement by the government is not required.  Accordingly, the government is not required to prove that the statement actually influenced a decision or other function of HPSCI.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-11, "False Statements," "Materiality," as modified based on *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014); *United States v. Safavian*, 649 F.3d 688, 691-92 (D.C. Cir. 2011); *United States v. Moore*, 612 F.3d 698, 701 (D.C. Cir. 2010).

INSTRUCTION:

Counts Two through Six:  Third Element—False, Fictitious, or Fraudulent Statement

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent.  A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the congressional committee to which it was made.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-12, "False Statements," "False, Fictitious or Fraudulent Statement."

INSTRUCTION:

Counts Two through Six:  Fourth Element—Knowing and Willful Conduct

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-13, "False Statements," "Knowing and Willful Conduct."

<u>INSTRUCTION:</u>

<u>Counts Two through Six:</u>

<u>Fifth Element—Matter Within the Jurisdiction of the United States Government</u>

As I have told you, the fifth element with respect to each count is that the statement or representation be made with regard to a matter within the jurisdiction of the legislative branch of the government of the United States.  I charge you that the United States House of Representatives is a part of the legislative branch of the United States.

To be within the jurisdiction of the legislative branch of the government of the United States means that the statement must concern an authorized function of that branch.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-40, "False Statements," "Matter Within the Jurisdiction of the United States Government."

<u>INSTRUCTION:</u>

<u>Count Seven: The Indictment and the Statute</u>

Count Seven of the indictment charges that, between in or around September 2017 and in or around January 2019, within the District of Columbia and elsewhere, the defendant knowingly and intentionally corruptly persuaded and attempted to corruptly persuade another person, namely, Randy Credico, with intent to influence, delay, and prevent Mr. Credico's testimony in an official proceeding.

The relevant statute on this subject is 18 U.S.C. § 1512(b)(1).  It provides:

> Whoever … corruptly persuades another person, or attempts to do so, with intent to … withhold testimony, or withhold a record, document, or other object, from an official proceeding … shall be [guilty of a crime].

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.09, Instruction 46-55, "The Indictment and the Statute."

INSTRUCTION:

Count Seven: Statutory Purpose

The statute is designed to protect persons who may be called to testify or give evidence in a federal proceeding—either civil or criminal— or a proceeding before the Congress, and persons who have information about a proceeding before Congress.  The integrity of the federal system of justice depends upon the cooperation of such victims and potential witnesses.  If persons with information do not come forward, produce evidence and appear when summoned, the criminal justice system will be significantly impaired. This statute was devised to make it unlawful for anyone to tamper with such a witness in the manner described by the statute.  **But the Fifth Amendment to the Constitution provides that a person can refuse to come forward, produce evidence or appear when summoned.**

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.09, Instruction 46-55, "The Indictment and the Statute"; 18 U.S.C. § 1515(a)(1)(B) (defining the term "official proceeding" as used in 18 U.S.C. § 1512 as including "a proceeding before the Congress").

**The defense objects to this instruction.  Should the Court give this instruction, the defense requests the language added in bold.  The government objects to the additional language proposed by the defense.**

INSTRUCTION:

Count Seven: Elements of the Offense

In order to prove the defendant guilty of tampering with a witness by intimidation or corrupt persuasion, the government must prove each of the following elements beyond a reasonable doubt:

First, that between in or around September 2017 and in or around January 2019, the defendant corruptly persuaded Randy Credico, or attempted to do so; and

Second, that the defendant acted knowingly and with the intent to influence the testimony of Randy Credico in an official proceeding.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.09, Instruction 46-57, "Elements of the Offense."

INSTRUCTION:

Count Seven:  First Element—Intimidation or Corrupt Persuasion

The first element the government must prove beyond a reasonable doubt is that the defendant knowingly corruptly persuaded Randy Credico, or attempted to do so.

To "corruptly persuade" means to act knowingly with a wrongful or evil purpose to convince or induce another person to engage in certain conduct.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.09, Instruction 46-58, "First Element – Defendant Used Intimidation or Corrupt Persuasion."

INSTRUCTION:

Count Seven:  Second Element—Intent To Influence Testimony

The second element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and with the intent to influence or prevent the testimony of Randy Credico in an official federal proceeding.

To act with the intent to influence the testimony of a witness means to act for the purpose of getting that witness to change or color or shade his or her testimony in some way.  It is not necessary for the government to prove that the witness's testimony was in fact changed in any way.

An official proceeding means a proceeding before Congress.  You are instructed that the hearing on September 26, 2017, before the House Permanent Select Committee on Intelligence investigating Russian interference in the 2016 U.S. Presidential election, is an official proceeding.

---------------

Authority: 2 Modern Federal Jury Instructions ¶ 46.09, Instruction 46-59, "Second Element – Intent to Influence Testimony in Court"; 18 U.S.C. § 1515(a)(1)(B) (defining the term "official proceeding" as used in 18 U.S.C. § 1512 as including "a proceeding before the Congress").

INSTRUCTION:

Count Seven: Intentionally

The government must prove beyond a reasonable doubt that the defendant acted intentionally **when he corruptly persuaded and attempted** to persuade Randy Credico with intent to influence, delay, and prevent Mr. Credico's testimony in an official proceeding. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. **That is, defendant's acts must have been the product of defendant's conscious objective** rather than the product of a mistake or accident.

---------------

Authority: 2 Modern Federal Jury Instructions, Instruction 3A-4, "Intentionally."

**The defense objects to the language in bold.**

INSTRUCTION:

Punishment

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

---------------

Authority: 2 Modern Federal Jury Instructions ¶9.01, Instruction 9-1, "Punishment."

INSTRUCTION:

Charts and Summaries (Admitted as Evidence)

The government (or defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---------------

Authority: 2 Modern Federal Jury Instructions ¶5.05, Instruction 5-12, "Charts and Summaries (Admitted As Evidence)."

INSTRUCTION:

Reasonable Doubt

The government has the burden of proving each defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him/her guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him/her the benefit of the doubt and find him/her not guilty.

---------------

Authority: Redbook, Instruction No. 2.108 (instruction from Comment section).

**The defense objects to this instruction and proposes the alternative instruction set forth on the next page.**

**INSTRUCTION:**

**Reasonable Doubt (Defense Proposal)**

Every defendant in a criminal case is presumed to be innocent. The presumption of innocence remains with the defendant throughout the trial unless and until the government has proved him guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Stone to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. Stone is charged, it's your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it's your duty to find Mr. Stone not guilty.

The government has the burden of proving Mr. Stone guilty beyond a reasonable doubt. In civil cases, it's only necessary to prove that a fact is more likely true than not, or in some cases that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason, a doubt for which you have a reason based on the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it's not an imaginary doubt, nor a doubt based on speculation or guesswork; it's a doubt based on reason. The government is not required to prove guilt beyond all doubt

**or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.**

-----------

**Authority: *United States v. Craig*, 19-CR-125 (D.D.C.), Transcript of Jury Trial, September 4, 2019 before the Honorable Judge Amy Berman Jackson, TT 3565:25 – 3567:6.**

<u>INSTRUCTION:</u>

<u>Cooperator's Testimony</u>

You have heard that Richard Gates entered into a written plea agreement with the government pursuant to which Gates agreed to testify truthfully in this case and the government agreed to dismiss certain charges filed and agreed not to pursue other charges in exchange for the witness's agreement to plead guilty and testify at trial. The government also agreed to bring any substantial assistance provided by Gates to the attention of this court for consideration at sentencing.

The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.  A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses.  You may consider whether the plea agreement the witness entered into with the government has motivated him to testify falsely against the defendant.  The testimony of a witness who has entered into a plea agreement should be considered with caution.  You should give the testimony as much weight as in your judgment it deserves.

---------------

Authority: Redbook, Instruction No. 2.203.

**The defense objects to this instruction and proposes the alternative instruction set forth on the next page.**

## INSTRUCTION:

### Cooperator's Testimony (Defense Version)

You've heard that one witness, Richard Gates, entered into a plea agreement with the government pursuant to which Mr. Gates agreed to testify truthfully in this case and the government agreed to dismiss charges against him and bring Mr. Gates's cooperation to the attention of his sentencing judge and consider filing papers with his judge so that the judge considers imposing a more lenient sentence than that judge might otherwise impose.

The government's permitted to enter into this kind of plea agreement, and you may, in turn, accept the testimony of such a witness and consider it along with all of the other evidence in determining whether the government has proved the defendant's guilt beyond a reasonable doubt. You may consider all the factors I just listed that would apply when considering the credibility of any witness. A witness who has entered into a plea agreement is under the same obligation to tell the truth under penalty of perjury as any other witness.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should, therefore, give the testimony as much weight as in your judgement it deserves.

-----------

Authority: *United States v. Craig*, 19-CR-125 (D.D.C.), Transcript of Jury Trial, September 4, 2019 before the Honorable Judge Amy Berman Jackson, TT 3570:14 – 3571:13.