UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 19-0018 (ABJ) |
| ROGER J. STONE, JR., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

At the pretrial conference held on September 25, 2019, the Court deferred ruling on that portion of the Government's Notice of Intention to Introduce Rule 404(b) evidence [Dkt. # 140] that sought the introduction of evidence related to another alleged false statement to the HPSCI, which, like the statement charged in Count Six, relates to the defendant's communications with the Trump campaign. After further review of the arguments made by the parties and the relevant authorities, and considering both the fact that the defendant has stated publicly that his alleged false statements were merely accidental, and that he is charged not only with making individual false statements, but also with corruptly endeavoring to obstruct the proceedings in general, the evidence will be admitted, with an appropriate limiting instruction. *See Lavelle v. United States,* 751 F.2d 1266, 1276 (D.C. Cir. 1985), citing *United States v. DeLoach,* 654 F.2d 763 (D.C. Cir. 1980) (given the defendant's claim that she was simply confused and did not intend to deceive Congress, evidence of false testimony in other instances was relevant to her intent and passed the threshold under Rule 404(b)). The Court further finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

The Court took the second category of 404(b) evidence set forth in the government's Notice under advisement as well. It concerns the circumstances surrounding prior dealings with the individual identified in the indictment as Person 2. While the Court continues to have concerns about devoting too much time to a largely collateral matter, and it has denied the government's sealed motion in limine [Dkt. # 159] to introduce newspaper accounts of the prior incident on the grounds that they are unduly prejudicial and contain other inadmissible character evidence, the government may introduce evidence about the incident, and Person 2 may testify about his prior dealings with the defendant in connection with that incident since they bear directly on Person 2's reaction to the defendant's alleged efforts to obstruct the committee proceedings set forth in Count One and the allegations of witness tampering in Count Seven. This evidence will be subject to an appropriate limiting instruction.

While the Court has now deemed the 404(b) evidence to be admissible, it continues to encourage the prosecution to think carefully about whether it is necessary, and about focusing and streamlining its case.

The motion in limine [Dkt. # 156] regarding the excerpt of *The Godfather: Part II* remains under advisement pending the October 25, 2019 receipt of an update from the parties concerning a potential stipulation.

AMY BERMAN JACKSON
United States District Judge

DATE: October 2, 2019