UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>                Defendant. | Criminal No. 19-cr-18-ABJ |

## GOVERNMENT'S MOTION TO SEAL EXHIBIT LISTS

The United States of America respectfully requests permission to file under seal revised exhibit lists for both parties. The government requests that the exhibit lists remain under seal until the trial starts on November 5, 2019. In support of this motion, the government states as follows.

"[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 93, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that presumption is not absolute. In *Hubbard*, the D.C. Circuit identified six factors "that might act to overcome this presumption." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). They are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (citation omitted).

Here, the *Hubbard* factors weigh in favor of temporarily sealing the parties' revised exhibit

lists until trial begins next week.  The exhibit lists reveal information that is not public, including the identities of witnesses and descriptions of exhibits as to which objections are pending. Moreover, the parties have a strong interest in keeping the exhibit lists under seal until the start of trial.  Indeed, this Court has previously allowed the parties to file under seal documents referencing possible trial exhibits or witnesses to avoid harassment of witnesses and the potential disclosure of evidence that may prejudice the defendant.  *See* Minute Order Dated Feb. 7, 2019 (granting government's motion to seal witness list); Minute Order Dated Jun. 26, 2019 (granting government's motion to file Rule 404(b) notice under seal); Minute Order Dated Sept. 9, 2019 (granting joint motion to file exhibit lists under seal).

Accordingly, the government respectfully requests that the Court permit the sealed filing of the parties' revised exhibit lists, and the revised exhibit lists remain under seal until the start of trial.  The government does not oppose the unsealing of this motion once the Court issues its ruling on the motion.  The defense does not oppose this motion.

    Respectfully submitted,

    JESSIE K. LIU
    U.S. Attorney for the District of Columbia

By: /s/ _____
    Jonathan Kravis
    Michael J. Marando
    Assistant United States Attorneys

    Adam C. Jed
    Aaron S.J. Zelinsky
    Special Assistant United States Attorney
    555 4th Street NW
    Washington, D.C. 20530

Filed: October 30, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2019, I caused a copy of this motion to seal and attachments to be served by e-mail on Bruce Rogow, Esq., Grant Smith, Esq., Robert Buschel, Esq., Chandler Routman, Esq., and Tara Campion, Esq., counsel for defendant Roger Stone.

/s/ Jonathan Kravis
Jonathan Kravis
Assistant U.S. Attorney