UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>Defendant. | Criminal No. 19-cr-18-ABJ |

## GOVERNMENT'S RESPONSE REGARDING SPECIAL UNANIMITY INSTRUCTION OR SPECIAL VERDICT FORM FOR COUNT ONE

The Court asked the parties for their views on whether the jurors should be given a special unanimity instruction regarding Count 1 (obstruction) and an accompanying special verdict form. The government does not believe that either is necessary. The categories of obstructive conduct presented to the jury are all different means of conducting a single crime alleged in Count 1—obstructing or endeavoring to obstruct the HPSCI investigation. And little risk exists of juror confusion or unfairness to the defendant. Nonetheless, the government recognizes that some courts have used or endorsed the use of special unanimity instructions where multiple categories of obstructive conduct has been alleged. In an abundance of caution, the government therefore does not oppose a special unanimity instruction tracking the language of Count 1, as described below. The government does, however, oppose a special verdict form, which may exacerbate, rather than mitigate, any risk of jury confusion.

1. The Sixth Amendment guarantees the accused in "all criminal prosecutions" a "trial, by an impartial jury." U.S. Const. amend. VI. Although a jury's verdict must be unanimous in order to convict, "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)) (internal

quotation marks omitted). A jury "need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element," in particular, "which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). The Supreme Court has "never suggested" that "jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone." *Schad*, 501 U.S. at 631 (plurality op.). Rather, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line." *Id.* at 631-632; *see id.* at 649 (Scalia, J., concurring in part and concurring in the judgment) ("[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission.").

Count 1 of the Indictment charges Mr. Stone with a single crime—corruptly influencing, obstructing, impeding, and endeavoring to influence, obstruct, and impede the HPSCI investigation. Indictment ¶ 41. That count alleges four different means by which Stone did so, *i.e.*, that Mr. Stone (1) testified falsely and misleadingly at a HPSCI hearing in or around September 2017; (2) lied about the existence of responsive records to HPSCI's requests about documents; (3) submitted and caused to be submitted a letter to HPSCI falsely and misleadingly describing communications with Randy Credico; and (4) attempted to have Randy Credico testify falsely before HPSCI or prevent him from testifying. *Id.* Section 1505 does not criminalize isolated actions; it criminalizes obstructing or endeavoring to obstruct "the due and proper exercise of the power of inquiry an investigation." 18 U.S.C. § 1505. This is all the more clear in light of Section 1505's prohibition on "endeavor[ing]" to obstruct an investigation. *Id.* "[A]n effort to influence" can qualify as an endeavor to obstruct justice. *United States v. Roe*, 529 F.2d 629, 632 (4th Cir. 1975) (18 U.S.C.. § 1503). And under general principles of attempt law, a person is guilty of an

attempt when he has the intent to commit a substantive offense and takes an overt act that constitutes a substantial step towards that goal.  *See United States v. Resendiz-Ponce,* 549 U.S. 102, 106-107 (2007).  Where a defendant endeavors to obstruct a proceeding, he may manifest that endeavor in different ways, but it is still part of a single endeavor.  Each potentially obstructive act occurs "as part of an endeavor to impede and block the flow of truthful information, in other words, a single continuous scheme."   *United States v. Sharpe*, 193 F.3d 852, 870-871 (5th Cir. 1999) (18 U.S.C. § 1503); *cf. United States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001) (holding that where statute required possession of five false documents, jury need not agree on which five documents were false, citing *Schad*); *United States v. Harris,* 959 F.2d 246, 255 (D.C. Cir. 1992) (per curiam) (holding that where statute required five members of criminal enterprise, jury need not agree on which five people were members, citing *Schad*).

2. Even where the Sixth Amendment does not require unanimity as to the means of committing a crime, when there is a sufficiently great risk of jury confusion or unfairness, a special unanimity instruction may nonetheless be called for.  *See Schad*, 501 U.S. at 633-645; *id.* at 650-651 (opinion of Scalia, J.); *United States v. Hurt*, 527 F.3d 1347, 1353 (D.C. Cir. 2008) (describing residual due process concerns); *see, e.g.*, *United States v. Ruiz*, 710 F.3d 1077, 1081 (9th Cir. 2013).

Where, as here, a defendant does not object to the proposed jury instructions and seek a special unanimity instruction, district courts are not required to give one.  *See United States v. Bikundi*, 926 F.3d 761, 789 (D.C. Cir. 2019).  And even where the objection is preserved, courts hearing obstruction cases often decline to give special unanimity instructions.  *See, e.g., United States v. Gray*, 692 F.3d 514, 520-521 (6th Cir. 2012) (18 U.S.C. § 1519); *Sharpe*, 193 F.3d at 870 (5th Cir. 1999) (18 U.S.C. § 1503); *United States v. Adams*, 200 F. Supp. 3d 141, 146 (D.D.C. 2016) ((26 U.S.C.. § 7212(a) (tax obstruction)); *see also United States v. Adams*, 150 F. Supp. 3d

32, 37-38 (D.D.C. 2015). In fact, the government is aware of one case where a court of appeals held that it was an error (albeit a harmless error) for a court sua sponte to give a special unanimity instruction that effectively altered the elements of the obstruction charge. *See United States v. Sorensen,* 801 F.3d 1217, 1237 (10th Cir. 2015) (26 U.S.C. § 7212(a) (tax obstruction)).

Nonetheless, courts hearing obstruction cases sometimes give special unanimity instructions. *See, e.g., United States v. Thomas*, 612 F.3d 1107, 1114 (9th Cir. 2010) (also using a special verdict form). The government is aware of one appellate decision expressly endorsing the use of a special unanimity instruction in a case involving different means of obstructing a proceeding in violation of 18 U.S.C. § 1505. *See United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (explaining that "[a]ny concerns about duplicity" were addressed by "properly instruct[ing] the jury on the need to be in unanimous agreement" as to which of two means of obstruction the defendant used, as well as by using a special verdict form).\*

3. Although the government respectfully believes that no special unanimity instruction is necessary here, in an abundance of caution the government would not oppose such an instruction that tracks the four means described in Count 1 of the Indictment, with the deletion of the reference to failing to turn over records. Such an instruction would read:

---

\* In a divided panel decision that predated *Schad* and was later overturned on rehearing, the D.C. Circuit suggested that courts should use special unanimity instructions where there are multiple, distinct obstructive acts and "a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. North*, 910 F. 2d 843, 873-878 (D.C. Cir. 1990) (predecessor version of 18 U.S.C. § 1505), *opinion withdrawn*, 920 F.2d 940, 950-951 (D.C. Cir. 1990) (concluding that, in light of the jury instructions as a whole, there was no genuine risk of juror confusion). *North* relied on a line of cases including *United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977), in concluding that "when an indictment charges several distinct conceptual grouping of activities in an individual count, as opposed to a single conceptual grouping of related facts, the jury must agree unanimously as to which of these distinct groupings the defendant is guilty." *North*, 910 F.2d at 876 (internal quotation marks omitted). The Supreme Court in *Schad*, however, rejected that test. 501 U.S. at 634-635.

Roger Stone has been charged with one count of obstructing a proceeding of the House Permanent Select Committee of Intelligence (HPSCI). You have heard evidence of more than one act or incident related to this count. These include that Mr. Stone (1) testified falsely and misleadingly at a HPSCI hearing in or around September 2017; (2) lied about the existence of responsive records to HPSCI's requests about documents; (3) submitted and caused to be submitted a letter to HPSCI falsely and misleadingly describing communications with Randy Credico; and (4) attempted to have Randy Credico testify falsely before HPSCI or prevent him from testifying. You may find Mr. Stone guilty on this count if the government proves beyond a reasonable doubt that Mr. Stone committed any of these acts/incidents. However, in order to return a guilty verdict on this count, (1) you must all agree that Mr. Stone testified falsely and misleadingly at a HPSCI hearing in or around September 2017; (2) or you must agree that Mr. Stone lied about the existence of responsive records to HPSCI's requests about documents; (3) or you must all agree that Mr. Stone submitted or caused to be submitted a letter to HPSCI falsely and misleadingly describing communications with Randy Credico; (4) or you must all agree that Mr. Stone attempted to have Randy Credico testify falsely before HPSCI or prevent him from testifying.

*See* Standardized Criminal Jury Instructions for the District of Columbia, Instruction No. 2.406.

The government does not believe that a further interrogatory or special verdict form is appropriate. Special verdicts are disfavored and "may in fact be more productive of confusion than of clarity." *United States v. Stonefish*, 402 F.3d 691, 697 (6th Cir. 2005); *see Black v. United States*, 561 U.S. 465, 472 & n.11 (2010). In light of the number of counts and the four different means of obstruction alleged on Count 1, the government respectfully submits that adding a special

verdict component to Count 1 would risk confusing the jury.  Juries "are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and the government sees no reason that this presumption should give way here.  The substantive false statement counts (counts 2-6) and the witness tampering count (count 7) further obviate any benefit of a special verdict form.

        Respectfully submitted,

        JESSIE K. LIU
        U.S. Attorney for the District of Columbia

By: /s/
        Jonathan Kravis
        Michael J. Marando
        Assistant United States Attorneys

        Adam C. Jed
        Aaron S.J. Zelinsky
        Special Assistant United States Attorney
        555 4th Street NW
        Washington, D.C. 20530

Dated: November 13, 2019