UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>       Defendant. | Criminal No. 19-cr-18-ABJ |

## GOVERNMENT'S SUPPLEMENTAL AND AMENDED SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the District of Columbia, hereby submits this supplemental and amended memorandum in connection with the sentencing of Roger J. Stone ("the defendant") scheduled for February 20, 2020.

### INTRODUCTION

The prior filing submitted by the United States on February 10, 2020 (Gov. Sent. Memo. ECF No. 279) does not accurately reflect the Department of Justice's position on what would be a reasonable sentence in this matter. While it remains the position of the United States that a sentence of incarceration is warranted here, the government respectfully submits that the range of 87 to 108 months presented as the applicable advisory Guidelines range would not be appropriate or serve the interests of justice in this case.

It is well established that the prosecutor "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88 (1935). This axiom does not simply apply to the process of bringing charges or securing a conviction—it also "must necessarily extend" to the point where a prosecutor advocates for a particular

sentence. *See United States v. Shanahan*, 574 F.2d 1228, 1231 (5th Cir. 1978) (reviewing sentencing conduct of prosecutor). Applying that principle here, to the specific facts of this case, the government respectfully submits that a sentence of incarceration far less than 87 to 108 months' imprisonment would be reasonable under the circumstances. The government ultimately defers to the Court as to the specific sentence to be imposed.

## DISCUSSION

The starting point in the sentencing analysis is a calculation of the defendant's applicable advisory Guidelines range. Here, as set forth in the government's initial submission, the defendant's total offense level is arguably 29 and his criminal history category is I, which would result in an advisory Guidelines range of 87 to 108 months. Notably, however, the Sentencing Guidelines enhancements in this case—while perhaps technically applicable— more than double the defendant's total offense level and, as a result, disproportionately escalate the defendant's sentencing exposure to an offense level of 29, which typically applies in cases involving violent offenses, such as armed robbery, not obstruction cases. *Cf.* U.S.S.G. § 2B3.1(a)-(b). As explained below, removing these enhancements would have a significant effect on the defendant's Guidelines range. For example, if the Court were not to apply the eight-level enhancement for threatening a witness with physical injury, it would result in the defendant receiving an advisory Guidelines range of 37 to 46 months, which as explained below is more in line with the typical sentences imposed in obstruction cases. Accordingly, it would be reasonable for the Court to conclude that the Guidelines range as calculated is unduly high on the facts of this case.

After calculating the Guidelines, the Court next turns to the statutory sentencing factors. Title 18 of the United States Code Section 3553(a) states that a sentencing court should "impose

a sentence sufficient, but not greater than necessary" to achieve the statutory goals of sentencing. In doing so, Section 3553(a) delineates several factors that the court must consider when imposing a sentence, "and the sentencing range . . . as set forth in the Guidelines" is but one of those factors. As the United States Supreme Court has stated, while a sentencing court must "give respectful consideration to the Guidelines, it is well-settled that *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough v. United States*, 522 U.S. 85, 101 (2007). In fact, the Supreme Court has stated that a sentencing court "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Section 3553(a) also directs the Court to consider, among other criteria, the "nature and circumstances of the offense," the "need to afford adequate deterrence to criminal conduct," and "the need to avoid unwarranted sentencing disparities." Here, there are several facts and circumstances supporting the imposition of a sentence below 87 to 108 months' imprisonment.

*First*, as noted above, the most serious sentencing enhancement in this case—the eight-level enhancement under Section 2J1.2(b)(1)(B) for "threatening to cause physical injury"—has been disputed by the victim of that threat, Randy Credico, who asserts that he did not perceive a genuine threat from the defendant but rather stated that "I never in any way felt that Stone himself posed a direct physical threat to me or my dog." (ECF No. 273). While Mr. Credico's subjective beliefs are not dispositive as to this enhancement, the Court may consider them when assessing the impact of applying the enhancement – particularly given the significant impact that the enhancement has on the defendant's total Guidelines range.

*Second*, the two-level enhancement for obstruction of justice (§ 3C1.1) overlaps to a degree with the offense conduct in this case. Moreover, it is unclear to what extent the

defendant's obstructive conduct actually prejudiced the government at trial.

***Third***, the Court must "avoid unwarranted sentencing disparities." *See* 18 U.S.C. § 3553(a)(6). In its prior filing, the Government directed the Court's attention to a non-exhaustive list of witness tampering, false statement, and obstruction of justice cases that resulted in sentences of thirty months (*Libby*), thirteen months (*Manafort*), six months (*Lavelle*), twelve months (*Hansen*), and thirty-five months (*Solofa*). While these cases involved lesser offense conduct, the sentences imposed constituted a fraction of the penalty suggested by the advisory Guidelines in this case.

***Finally***, the Court also should consider the defendant's advanced age, health, personal circumstances, and lack of criminal history in fashioning an appropriate sentence. As noted above, a sentence of 87 to 108 months more typically has been imposed for defendants who have higher criminal history categories or who obstructed justice as part of a violent criminal organization. *See, e.g., United States v. Bender*, 927 F.3d 1031 (8th Cir. 2019) (affirming eight-level enhancement for defendant involved in a "gang war" in Minneapolis who instructed a friend to give two fellow gang members the "green light" to "smash" cooperating witnesses); *United States v. Denham*, 436 F. App'x 627 (6th Cir. 2011); *United States v. Salazar*, 542 F.3d 139 (5th Cir. 2008) (affirming eight-level enhancement for defendant who threatened to rape and kill the wife of a cooperating witness in a drug distribution conspiracy prosecution).

## **CONCLUSION**

The defendant committed serious offenses and deserves a sentence of incarceration that is "sufficient, but not greater than necessary" to satisfy the factors set forth in Section 3553(a). Based on the facts known to the government, a sentence of between 87 to 108 months' imprisonment, however, could be considered excessive and unwarranted under the

circumstances. Ultimately, the government defers to the Court as to what specific sentence is appropriate under the facts and circumstances of this case.

                Respectfully submitted,

                TIMOTHY J. SHEA
                UNITED STATES ATTORNEY

By: /s/ *John Crabb Jr.*
     Assistant United States Attorney
     Acting Chief, Criminal Division
     N.Y. Bar No. 2367670
     United States Attorney's Office
     555 4th Street, N.W.
     Washington, D.C. 20530
     (202) 252-1794
     john.d.crabb@usdoj.gov