```
 1                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2

 3      United States of America,      ) Criminal Action
                                       ) No. 19-CR-018
 4                        Plaintiff,   )
                                       ) JURY TRIAL
 5      vs.                            ) VERDICT - PUBLIC
                                       )
 6      Roger Jason Stone, Jr.,        ) Washington, DC
                                       ) Date:  November 15, 2019
 7                        Defendant    ) Time:  11:38 a.m.
        _____
 8
                        TRANSCRIPT OF JURY TRIAL
 9                           HELD BEFORE
               THE HONORABLE JUDGE AMY BERMAN JACKSON
10                  UNITED STATES DISTRICT JUDGE
        _____
11

12                      A P P E A R A N C E S

13

14      For the Plaintiff:      Jonathan Ian Kravis
                                Michael John Marando
                                Adam Jed
15                              Aaron Simcha Jon Zelinsky
                                U.S. ATTORNEY'S OFFICE FOR THE
16                                 DISTRICT OF COLUMBIA
                                555 Fourth Street, NW
17                              Washington, DC 20530
                                (202) 252-7068
18                              Email:  Jonathan.kravis3@usdoj.gov
                                Email:  Asjz@usdoj.gov
19                              Email:  Michael.marando@usdoj.gov

20

21      For the Defendant:      Bruce S. Rogow
                                LAW OFFICE OF BRUCE S. ROGOW, P.A.
                                100 NE 3rd Avenue
22                              Suite 1000
                                Fort Lauderdale, FL 33301
23                              (954) 767-8909
                                Email:  Brogow@rogowlaw.com
24

25
```

```
 1    For the Defendant:        Robert C. Buschel
                                Tara A. Campion
 2                              BUSCHEL & GIBBONS, P.A.
                                One Financial Plaza
 3                              100 S.E. Third Avenue
                                Suite 1300
 4                              Ft. Lauderdale, FL 33394
                                (954) 530-5301
 5                              Email:  Buschel@bglaw-pa.com
                                Grant J. Smith
 6                              STRATEGYSMITH, P.A.
                                401 East Las Olas Boulevard
 7                              Suite 130-120
                                Fort Lauderdale, FL 33301
 8                              (954) 328-9064
                                Email:  Gsmith@strategysmith.com
 9                              Chandler Paige Routman
                                LAW OFFICE OF CHANDLER P. ROUTMAN
10                              501 East Las Olas Blvd.
                                Suite #331
11                              Ft. Lauderdale, FL 33316
                                (954) 235-8259
12                              Email:  Routmanc@gmail.com

13    _____

14    Court Reporter:           Janice E. Dickman, RMR, CRR, CRC
                                Official Court Reporter
15                              United States Courthouse, Room 6523
                                333 Constitution Avenue, NW
16                              Washington, DC  20001
                                202-354-3267
17                              Email:  JaniceDickmanDCD@gmail.com

18                                   *   *   *

19

20

21

22

23

24

25
```

1              THE COURTROOM DEPUTY:  Your Honor, this is criminal

2     case number 19-18, the United States of America v. Roger Stone.

3     The defendant is present in the courtroom.

4              Parties, please approach the lectern, identify

5     yourself for the record.

6              MR. KRAVIS:  Good morning, Your Honor.  Jonathan

7     Kravis for the United States.  With me at counsel table are

8     Michael Marando, Aaron Zelinsky, Adam Jed, and Amanda Rohde

9     from the D.C. U.S. Attorney's office, and FBI Special Agent

10    Christopher Keefe.

11             THE COURT:  Good morning.

12             MR. BUSCHEL:  Good morning, Judge.  Robert Buschel,

13    Chandler Routman, Tara Campion, Grant Smith, Bruce Rogow, on

14    behalf of Roger Stone.

15             THE COURT:  All right.  And I note the defendant is

16    present.

17             We received a note from the jury.  Have both sides

18    had an opportunity to see it?

19             MR. KRAVIS:  Yes, Your Honor.

20             MR. BUSCHEL:  Yes.

21             THE COURT:  All right.  Before we bring the jury in,

22    can I just see counsel at the bench?

23             (Bench discussion:)

24    ████████████████████████████████████████████████████

25    ████████████████████████████████████████████████████████



```
1   ████████████████████████████████████████████
2   ████████████████████████████████████████████
3   ██████████████████████████████████████
4           █████████████████████████████
```

5            (Open court:)

6            THE COURT:  All right.  You can bring the jury in.

7            Oh, Mr. Haley, there's one more thing.

8            I want to encourage everyone in the audience to

9   maintain the same decorum they have throughout these

10  proceedings -- which I very much appreciated -- out of respect

11  for the jury, the defendant, and these proceedings.  I don't

12  think there should be audible reactions in this courtroom to

13  anything that transpires from here on out.

14            If you want to talk about the verdict or jump up and

15  discuss it or exclaim, you have every right to have a seat in

16  the overflow courtroom, where you're welcome to do that.  But

17  here, I expect everyone to conduct themselves with decorum.

18            Thank you.

19            (Jurors enter courtroom.)

20            THE COURTROOM DEPUTY:  Jury is present, Your Honor.

21            THE COURT:  All right.  You can proceed, Mr. Haley.

22            THE COURTROOM DEPUTY:  Will the foreperson please

23  rise?

24            Have you reached a verdict in this case?

25            THE FOREPERSON:  We have.

1          THE COURTROOM DEPUTY:  May I have the verdict,

2    please.

3          Will the defendant please rise.

4          Count I, obstructing a proceeding.  As to Count I of

5    the indictment, obstruction of an official proceeding, in

6    violation of 18 United States Code §§ 1505 and 2, we, the

7    members of the jury, unanimously find Mr. Stone guilty.

8          Count 2, false statement.  As to Count 2 of the

9    indictment, making a false statement, in violation of 18

10   United States Code §§ 1001(a)(2) and (2), that is, that Stone

11   testified falsely that he did not have emails with third

12   parties about Julian Assange, and that he did not have any

13   documents, emails, or text messages that referred to Julian

14   Assange, we, the members of the jury, unanimously find

15   Mr. Stone guilty.

16         Count 3, false statement.  As to Count 3 of the

17   indictment, making a false statement, in violation of 18

18   United States Code §§ 1001(a)(2) and (2), that is, that Stone

19   testified falsely that his August 2016 references to being in

20   contact with Julian Assange were references to communications

21   with a single go-between, mutual friend, and intermediary, who

22   Stone identified as Randy Credico, we, the members of the jury,

23   unanimously find Mr. Stone guilty.

24         Count number 4, false statement.  As to Count 4 of

25   the indictment, making a false statement, in violation of 18

U.S. Code §§ 1001(a)(2) and (2), that is, that Stone testified falsely that he did not ask the person he referred to as his go-between, mutual friend, and intermediary to communicate anything to Julian Assange, and did not ask the intermediary to do anything on Stone's behalf, we, the members of the jury, unanimously find Mr. Stone guilty.

Count 5, false statement.  As to Count 5 of the indictment, making a false statement, in violation of 18 United States Code §§ 1001(a)(2) and (2), that is, that Stone testified falsely that he and the person he referred to as his go-between, mutual friend, and intermediary did not communicate via text message or email about WikiLeaks, we, the members of the jury, unanimously find Mr. Stone guilty.

Count 6, false statement.  As to Count 6 of the indictment, making a false statement, in violation of 18 United States Code §§ 1001(a)(2) and (2), that is, that Stone testified falsely that he had never discussed his conversations with the person he referred to as his go-between, mutual friend, and intermediary with anyone involved in the Trump campaign, we, the members of the jury, unanimously find Mr. Stone guilty.

Count 7, witness tampering.  As to Count 7 of the indictment, tampering with witness, in violation of 18 United States Code § 1512(b)(1), we, the members of the jury, unanimously find Mr. Stone guilty.

1          THE COURT:  Counsel for the defendant, are you

2     requesting a poll at this time?

3          MR. BUSCHEL:  Yes, please.

4          THE COURT:  All right.  Mr. Haley.

5          THE COURTROOM DEPUTY:  Ladies and gentlemen of the

6     jury, as your juror seat number is called, please rise and in a

7     clear voice indicate that your vote on all seven counts were

8     the same as what was just published.

9          Juror seat number one?

10         JUROR NO. 1:  Yes.

11         THE COURTROOM DEPUTY:  Juror seat No. 2?

12         JUROR NO. 2:  Yes.

13         THE COURTROOM DEPUTY:  Juror seat No. 3?

14         JUROR NO. 3:  Yes.

15         THE COURTROOM DEPUTY:  Juror seat No. 5?

16         JUROR NO. 5:  Yes.

17         THE COURTROOM DEPUTY:  Juror seat No. 6?

18         JUROR NO. 6:  Yes.

19         THE COURTROOM DEPUTY:  Juror seat No. 7?

20         JUROR NO. 7:  Yes.

21         THE COURTROOM DEPUTY:  Juror seat No. 8?

22         JUROR NO. 8:  Yes.

23         THE COURTROOM DEPUTY:  Juror seat No. 9?

24         JUROR NO. 9:  Yes.

25         THE COURTROOM DEPUTY:  Juror seat No. 10?

1        JUROR NO. 10:  Yes.

2        THE COURTROOM DEPUTY:  Juror seat No. 11?

3        JUROR NO. 11:  Yes.

4        THE COURTROOM DEPUTY:  Juror seat No. 12?

5        JUROR NO. 12:  Yes.

6        THE COURTROOM DEPUTY:  Juror seat No. 13?

7        JUROR NO. 13:  Yes.

8        THE COURT:  Defense can be seated.

9        All right.  Members of the jury, your service in this

10   case has concluded.  And we appreciate the attention that

11   you've paid and your service in this matter.

12        Before I release you back to the jury room to

13   retrieve your belongings, I also want to now release you from

14   the instructions that I have been giving you on a daily basis

15   since the trial began.  You are now free, although you are not

16   required, to discuss this case with anyone you choose.  You're

17   free to read about it, to talk about it.  All of the

18   instructions that I have been giving you on a regular basis are

19   hereby -- you're relieved of them.

20        I thank you very much for your service.

21        Mr. Haley, if you can take them back to the jury

22   room.

23        (Jurors leave the courtroom.)

24        THE COURT:  At the conclusion of the government's

25   case I reserved ruling on the defendant's Rule 29 motion.  Do

1    you want have the opportunity to put something in writing with

2    respect to the motion?  I know you filed a written motion, but

3    if you would like to put something in writing, the government

4    would like to respond to it, we can do that.

5              MR. BUSCHEL:  I don't think that's required, Judge.

6    We'll stand on our memo.

7              THE COURT:  All right.  Okay.  Does the government

8    want to respond to the defendant's motion in writing?

9              MR. KRAVIS:  Your Honor, if the defense is not

10   requesting any further briefing, we will rest on the arguments

11   that we made at the conclusion of our case.

12             THE COURT:  All right.  I'm going to deny the motion,

13   but I will do a short written order that deals with each of the

14   counts.

15             We need to set a date for further proceedings, for a

16   sentencing in this matter.  And we need to talk about the

17   conditions of the defendant's release.  Let's set the date

18   first.

19             How much time do we need, Mr. Haley?

20             THE COURTROOM DEPUTY:  Seventy-five days, Your Honor.

21             THE COURT:  When does that come out to be?

22             THE COURTROOM DEPUTY:  One second.  That will be --

23   approximately January 29.

24             THE COURT:  All right.  So I think we're looking at a

25   sentencing in early February.  The week of February 3rd; 5th or

1    the 6th?  Does anybody --

2              MR. KRAVIS:  Any day is fine for the government.

3              THE COURT:  All right.

4              MR. BUSCHEL:  Same.  Any day.

5              THE COURT:  Why don't we make it Thursday, February

6    6th, 10 a.m.  And sentencing memoranda will be due on

7    Thursday, January 30th.

8              Does the government have a position with respect to

9    the defendant's release pending the sentencing date?

10             MR. KRAVIS:  Yes, Your Honor.  The government moves

11    for the defendant to be remanded to custody.

12             THE COURT:  All right.  What would be the basis for

13    that at this time?

14             MR. KRAVIS:  Your Honor, throughout the pendency of

15    these proceedings the defendant has shown an unwillingness or

16    inability to abide by the conditions of release that the Court

17    set for him.  The Court has already held two hearings on that

18    issue.  I would note that as recently as last night the

19    defendant gave a message to a colleague in the news media to

20    broadcast to his audience about this case, in violation of a

21    court order that this Court entered nine months ago.

22             As the Court noted at the show cause hearing back in

23    February, the defendant's inability or unwillingness to abide

24    by those orders affects the safety of the community for

25    purposes of the Bail Reform Act.

1         At the time that the trial began and the pretrial

2     proceedings, there was a presumption in favor of release.  And

3     I think that by the time the trial started, that presumption

4     was the only reason that the defendant was free to remain on

5     release during the pendency of the case.  In light of the

6     jury's verdict, that presumption has now shifted and I think

7     that given the defendant's failure to comply with these orders

8     in the past, that he cannot make the showing necessary to

9     overcome that presumption.

10         I would note, finally, that the charges of which the

11     defendant has been -- now stands convicted are serious and they

12     include obstruction of justice and tampering with a witness.

13         THE COURT:  All right.  I understand that figure in

14     the news claimed to have received a message from the defendant.

15     I don't know if we know that that's in fact the case.

16         So let me hear from the defense.

17         MR. ROGOW:  I think the Court has seen that Mr. Stone

18     has complied with everything that's required of him in terms of

19     being here, attending, paying careful attention.  What was said

20     last night by Mr. Jones I have no personal knowledge of.  I

21     read the same thing this morning.  And I don't know if that is

22     accurate, what Mr. Jones said.

23         But in any event, I don't see this as being similar

24     to the kind of problems we had before.  And we did have

25     problems before.  And I think that Mr. Stone has, certainly,

1    because the Court was very clear about what he should not do,

2    and he complied with that.  And we made every effort to make

3    sure that he complied with that.

4           I recognize the Court's frustration in the past with

5    Mr. Stone.  And all I can say is, is that he understands the

6    gravity of it.  He understands the gravity and the importance

7    of the Court's instructions, and he will comply with the

8    Court's instructions.

9           I think the important thing is, at the moment, that,

10   since we have no knowledge, other than what we read in the

11   paper this morning about the Alex Jones incident -- Alex Jones

12   was not on the no-contact list, and I think that this

13   communication with him -- I'm not quite sure exactly what it

14   was all about.  I remember one time Your Honor said that --

15          THE COURT:  There's not a no-contact list.  What he

16   was prohibited from doing was making communications about the

17   case.  And so, if he communicated to Alex Jones -- who is a

18   media figure -- about the case, that would be inconsistent with

19   my order.

20          I believe that since the time I entered the order, at

21   least the third time, or the second time, that Mr. Stone has

22   largely adhered to it, and we have not had to reconvene and we

23   have not had to deal with problems of that nature.  He has been

24   here for every court appearance.  I have no reason to believe

25   that he's not going to be here at his next court appearance.

1   And I'm not sure, that while there were -- there was a rough

2   start, that since the orders have been entered, that I have a

3   basis to conclude at this point that he's not going to comply

4   with them.

5          I will release him on his current conditions pending

6   the sentencing date.  Ordinarily I would release the defendant

7   from the media communication order at this time since its

8   primary purpose was to ensure a fair and impartial jury, but in

9   this case the order was also one of his conditions of release

10  and its purpose was to ensure the safety of members of the

11  community, in particular people who are connected to the case.

12         I continue to have a serious concern, given the

13  nature of some of the publicity that has attended these

14  proceedings.  And so, therefore, any request to be released

15  from that condition of his release needs to be made in writing.

16  However, I think that the order I'm entering is trying to be as

17  fair as possible to the defendant, given the fact that the

18  burden shifts after there's been a conviction.

19         I'm still willing to give him the benefit of the

20  doubt and let him go home and await the sentencing.  But at

21  this point, until I change it in writing, he is still bound by

22  the order that is a condition of his release about not speaking

23  about this case.

24         MR. ROGOW:  Understood.

25         THE COURT:  I'm happy to read anything you submit on

1    that, but I'm not going to change it at this time.

2              MR. ROGOW:  Thank you.  Understood, Your Honor.

3              THE COURT:  All right.  Is there anything further I

4    need to take up on behalf of the defense at this time?

5              MR. ROGOW:  No.

6              THE COURT:  Is there anything further I have to take

7    up on behalf of the government at this time?

8              MR. KRAVIS:  No.  Thank you, Your Honor.

9              THE COURT:  All right.  As I've said throughout this

10   trial, I believe that everyone within the confines of the well

11   of the court has conducted themselves with tremendous

12   professionalism and civility, notwithstanding their commitment

13   to very different versions of this case.  And I appreciated

14   having all of you in this courtroom and I appreciate the

15   quality of the lawyering that went on here and the

16   professionalism that you showed.  Thank you.

17                            *   *   *

18

19

20

21

22

23

24

25

16

CERTIFICATE OF OFFICIAL COURT REPORTER


    I, JANICE DICKMAN, do hereby certify that the above and
foregoing constitutes a true and accurate transcript of my
stenographic notes and is a full, true and complete transcript
of the proceedings to the best of my ability.

                        Dated this 15th day of November, 2019




                        _____

                        Janice E. Dickman, CRR, CMR, CCR
                        Official Court Reporter
                        Room 6523
                        333 Constitution Avenue, N.W.
                        Washington, D.C.  20001