```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA


     United States of America,      ) Criminal Action
                                    ) No. 19-CR-018
                    Plaintiff,      )
                                    ) SCHEDULING CONFERENCE
     vs.                            )
                                    ) Washington, DC
     Roger Jason Stone, Jr.,        ) Date:  February 18, 2020
                                    ) Time:   11:00 a.m.
                    Defendant       )
     _____
                  TRANSCRIPT OF SCHEDULING CONFERENCE
                              HELD BEFORE
                 THE HONORABLE JUDGE AMY BERMAN JACKSON
                       UNITED STATES DISTRICT JUDGE
     _____


                        A P P E A R A N C E S


     For Plaintiff:     **JOHN D. CRABB**
                        **J.P. COONEY**
                        U.S. ATTORNEY'S OFFICE FOR THE
                          DISTRICT OF COLUMBIA
                        555 Fourth Street, NW
                        Washington, DC 20530
                        (202) 252-1794
                        Email:  John.d.crabb@usdoj.gov
                        Email:  Joseph.cooney@usdoj.gov


     For Defendant:     **Seth Ginsberg**
                        Law Office of Seth Ginsberg
                        299 Broadway, Suite 1405
                        New York, NY  10007
                        (212) 227-6655
                        **Bruce S. Rogow**
                        LAW OFFICE OF BRUCE S. ROGOW, P.A.
                        100 NE 3rd Avenue
                        Suite 1000
                        Fort Lauderdale, FL 33301
                        (954) 767-8909
                        Email:  Brogow@rogowlaw.com
```

```
For Defendant:        Robert C. Buschel
                      Tara A. Campion
                      BUSCHEL & GIBBONS, P.A.
                      One Financial Plaza
                      100 S.E. Third Avenue
                      Suite 1300
                      Ft. Lauderdale, FL 33394
                      (954) 530-5301
                      Email:  Buschel@bglaw-pa.com
                      Grant J. Smith
                      STRATEGYSMITH, P.A.
                      401 East Las Olas Boulevard
                      Suite 130-120
                      Fort Lauderdale, FL 33301
                      (954) 328-9064
                      Email:  Gsmith@strategysmith.com
```

___

```
Court Reporter:       Janice E. Dickman, RMR, CRR, CRC
                      Official Court Reporter
                      United States Courthouse, Room 6523
                      333 Constitution Avenue, NW
                      Washington, DC  20001
                      202-354-3267
                      Email:  JaniceDickmanDCD@gmail.com

                            *  *  *
```

1              THE COURTROOM DEPUTY:  Ladies and gentlemen, good
2    morning.  This is criminal case No. 19-18, United States of
3    America v. Roger J. Stone, Jr.  This is a telephone conference
4    call.
5              Your Honor, can you hear from where you are at?
6              THE COURT:  Yes, I can.  And can everyone hear me?
7              THE COURTROOM DEPUTY:  Can counsel for the government
8    hear the Judge?
9              MR. CRABB:  Yes, Your Honor.
10             THE COURT:  All right.  Identify the rest of the
11   people.
12             THE COURTROOM DEPUTY:  Will counsel for the
13   government please identify themselves for the record?
14             MR. CRABB:  Good morning, Your Honor.  John Crabb and
15   J.P. Cooney for the United States.
16             THE COURTROOM DEPUTY:  Will an attorney from the
17   defense please identify himself and his colleagues for the
18   record?
19             MR. SMITH:  Yes, sir.  Your Honor, this is Grant
20   Smith.  In my office I have the defendant, Roger Stone.  Also
21   on the call for the defense is Bruce Rogow, Tara Campion,
22   Robert Buschel, and Seth Ginsberg.
23             THE COURT:  All right.  And I just want to confirm
24   that Mr. Stone is there and he's listening and he can hear?
25             THE DEFENDANT:  Yes, Your Honor, I can.  Thank you.

1              THE COURT:  All right.  Thank you.  And I recognize
2     that was Mr. Stone speaking.
3              Mr. Haley, can you confirm that this call is on a
4     speaker phone and that the courtroom is open to the public?
5              THE COURTROOM DEPUTY:  It is, Your Honor.
6              THE COURT:  All right.  This call is for scheduling
7     purposes only.  I don't intend to discuss the merits of the
8     motion or the sentencing at this time.  And I do appreciate
9     everyone making themselves available on short notice to discuss
10    scheduling issues.
11             I saw this morning that the defense has docketed an
12    amended version of the motion it filed the other day.  Does the
13    government have any objection to the docketing of the amended
14    motion?
15             MR. CRABB:  No, Your Honor.
16             THE COURT:  All right.  So that motion for leave to
17    file the amended version will be granted.
18             The question I want to ask both sides is this:  The
19    federal rule pursuant to which this motion has been filed
20    permits the filing of motions not only prior to the resolution
21    of a case after verdict, but three years after a verdict or
22    judgment in a case.  And I've looked and I am unable to find
23    any law that would require that such a motion be resolved
24    before sentencing.  And it certainly seems inconsistent with
25    the notion that you could file such a motion more than three

1    years -- up to three years after your judgment was entered at
2    sentencing.
3              Is the government aware of any law that would require
4    that we resolve this motion before the sentencing which is
5    scheduled for Thursday?
6              MR. CRABB:  Your Honor, this is John Crabb.  No,
7    we're not aware of anything that would require that.  And we
8    believe it's appropriate to go forward with sentencing on
9    Thursday.
10             THE COURT:  All right.  Is the defense aware of any
11   law that would require a ruling of the motion before the
12   sentencing?
13             MR. GINSBERG:  Your Honor, this is Seth Ginsberg.  We
14   are not aware of any law that would require it to be decided
15   before sentencing.  However, although the law does allow for a
16   motion to be filed for up to three years after a verdict, when
17   the evidence that supports a motion comes to your attention --
18   one's attention immediately and the motion is filed timely, it
19   is our view that it would be appropriate to decide the motion
20   before sentencing and before judgment is entered so that
21   whatever the result of the motion, it will be part of the
22   record and, therefore, available for appeal, if one should
23   follow.
24             THE COURT:  I understand the concern about appeal.
25   And I want to say, first, that I haven't made a determination

1    yet whether there's going to be a hearing, or if there is a
2    hearing, what it would consist of.  I agree that under any
3    circumstances this motion should be handled expeditiously, but
4    I also don't think it should be handled in a rush fashion and I
5    believe I'm likely to want to rule on it in writing, as I did
6    on the previous motion.
7              Also, it is possible that there may be legal issues
8    raised at the sentencing that could prompt additional motions.
9    So, it may also make sense to proceed with the sentencing so
10   that rather than having piecemeal post-trial rulings in the
11   event that the defendant decides to challenge something that
12   happens at sentencing, everything can be addressed in one
13   order.
14             Assuming I would be willing to extend the deadline
15   for the notice of appeal and defer any execution of the
16   sentence until after I had ruled on any post-trial motions,
17   including the pending motion, would the defense have an
18   objection to proceeding as scheduled on Thursday?
19             MR. GINSBERG:  Respectfully, yes, Your Honor.  We
20   believe that this issue goes to the heart of this case and it's
21   such a fundamental issue that it should be resolved before any
22   further proceedings are had.  Had this issue not developed as
23   it is, it's possible that the entire proceeding would have been
24   different.  So we think that it's appropriate to address this
25   motion before proceeding to sentencing and we would object.

1    THE COURT: Well, one thing I notice is that you did
2 not file along with your motion any motion seeking to delay the
3 sentence. We wouldn't even be having this conversation if I
4 hadn't brought it up. And I'm not sure I understand what the
5 prejudice to the defense would be, if I said you don't have to
6 file your notice of appeal, the District Court can extend the
7 time pursuant to the Federal Rules of Appellate Procedure until
8 X days after I rule on this motion.
9    I, frankly, don't see how we would have the time, if
10 I decide to have a hearing -- and I'm not entirely sure it's
11 necessary, but I may wish to do it in an abundance of
12 caution -- how we would have time to do it before Thursday.
13    But, I also think we've put the sentencing off once,
14 there's been a lot of work that's gone into the sentencing on
15 behalf of all of the parties, and it makes sense to proceed,
16 since there's no harm that would flow to the defendant. If his
17 post-trial motion is granted, obviously the sentence would no
18 longer be an issue. So --
19    MR. GINSBERG: Well, Your Honor raises --
20    THE COURT: Why didn't you move to delay it when you
21 filed the motion, if you thought it was necessary?
22    MR. GINSBERG: We were focused on the underlying
23 issue and we didn't consider that issue at the time, Your
24 Honor. Nevertheless, as Your Honor pointed out, it's unclear
25 what the proceedings will be from this point forward, when the

1    government files its opposition or whatever submission it's
2    going to file in response to the motion, we may want an
3    opportunity to reply based on what they have said.  And if the
4    Court is going to have a hearing, well, certainly we think the
5    hearing should happen before the sentencing.
6              We do appreciate the accommodation that the Court has
7    offered in terms of extending the time to file a notice of
8    appeal, and that would certainly be our second choice.
9              THE COURT:  And I could either delay the execution of
10   the sentence, if -- whatever the terms of it may be, or even
11   delay the entry of the judgment until after it's been resolved.
12   I think there's a lot of ways -- I can understand that if
13   there's any aspect of the sentence that the defendant believes
14   he shouldn't have to serve, that he doesn't want to start
15   serving it while this motion is pending.  So I'm willing to
16   make sure that there are no consequences that flow from the
17   announcement of what the sentence would be at the sentencing
18   hearing.
19             But, it seems to me prudent to deal with it.  And
20   then there may be other issues that you want to raise or, as
21   you say, a reply to the opposition, which was filed today, and
22   I think that then we would have ample time to do whatever
23   anybody wanted to do.  And, you know, again, I just don't see
24   any case law that says I would have to proceed by resolving the
25   motion first.

1          MR. GINSBERG:  No, and we appreciate that, Your

2     Honor.  And I'm not aware of enough case law that says the

3     Court has to proceed with sentencing first.  It just seems like

4     it would be the, sort of, natural course for things to proceed.

5     And although sentencing was adjourned once, the sentence -- the

6     verdict in this case came out at the end of November, we're

7     only now in mid-February.  It's not an extremely long time

8     since the verdict until sentencing and an additional couple of

9     weeks would not, I don't think, prejudice anyone.

10          THE COURT:  Does the government have a point of view?

11     I think that delaying this sentence would not be a prudent

12     thing to do under all the circumstances, unless I'm required to

13     do so.  Does the government have a point of view?

14          MR. CRABB:  Your Honor, this is John Crabb for the

15     government.  We believe the sentencing should go forward and

16     that the Court has provided adequate protections for the

17     defendant's rights and we are strongly in favor of going

18     forward with the sentencing on Thursday.

19          THE COURT:  All right.  I'm going to keep the

20     sentencing where it is.  I want to read the government's

21     opposition before I decide whether to have a hearing.  I only

22     had a chance to scan it briefly.  And if we have one, it will

23     be scheduled very promptly and I will rule promptly.  And I

24     will ensure that the execution of sentence and the deadline for

25     the filing of a notice of appeal will be deferred to ensure

1  that the defendant has had the benefit of the ruling on the
2  motion before filing any notice of appeal.
3              All right.  I have one other matter I want to take
4  up.  There was an attorney who entered his appearance on the
5  case today, Mr. Cooney.  And I want to ask, there was a lawyer
6  by the name of John Cooney at a law firm where I practiced back
7  in the '80s, and I would like to know if this is the same
8  gentleman?
9              MR. COONEY:  Good morning, Your Honor.  This is J.P.
10 Cooney.  It is not and I am not related to that John Cooney.
11             THE COURT:  Okay.  All right.  Thank you.
12             All right.  Is there anything further that I need to
13 take up at this time on behalf of the government?
14             MR. CRABB:  Your Honor, thank you.
15             THE COURT:  Anything further on behalf of the
16 defendant?
17             (No response.)
18             THE COURT:  Okay.  All right, everyone, I'll see you
19 on Thursday morning.  And if I'm going to schedule a hearing,
20 you'll either see a notice or Mr. Haley will contact you about
21 that, as he ordinarily does.  Thank you, everyone.
22             MR. GINSBERG:  We appreciate the opportunity to be
23 heard.
24             MR. CRABB:  Thank you, Your Honor.
25                             *   *   *

CERTIFICATE OF OFFICIAL COURT REPORTER

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 18th day of February 2020

_____

Janice E. Dickman, CRR, CMR, CCR
Official Court Reporter
Room 6523
333 Constitution Avenue, N.W.
Washington, D.C.  20001