IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case 1:19-cr-00018-ABJ

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

    Defendant.

_____/

**DEFENDANT ROGER STONE'S MOTION FOR JUDICIAL DISQUALIFICATION**

Defendant, Roger J. Stone, Jr., files this Motion for Judicial Disqualification, pursuant to 28 U.S.C. § 455(a), in advance of oral arguments related to Defendant Stone's Motion for a New Trial (Dkt. # 309-2).

**ARGUMENT**

The issue at hand arises from the Defendant's pending Motion for a New Trial (Dkt. # 309-2) and statements made by Judge Berman-Jackson during the Defendant's Sentencing Hearing on February 20, 2020. Stone's argument for a new trial rests on newly discovered information indicating that there was juror misconduct during Mr. Stone's trial, thereby depriving him of his constitutional right to be tried by an impartial jury. Defendant's Motion has not been ruled on, and in fact, the Defendant's Reply to the Government's Opposition is not yet due, nor has a hearing been set. The Court must still consider whether any juror interviews are appropriate in light of the allegations. However, given the statements made by Judge Berman-Jackson during the Sentencing Hearing, recusal under 28 U.S.C § 455(a) is warranted in order to protect the integrity and impartiality of the judicial system.

1

28 U.S.C. § 455(a) states, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[A] showing or appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality is all that must be demonstrated to compel recusal." *United States. v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981).

The goal of section 445 is to "avoid even the *appearance* of partiality." *Liljeberg v. Health Servs. Acquisition Corp.* 468 U.S. 847, 860 (1988). "In addressing the mere appearance of partiality, section 455 addresses not only fairness to the litigants but also the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *In re School Asbestos Litigation*, 977 F.2d 764, 776 (3d. Cir. 1992). "It has been argued that any 'public comment by a judge concerning the facts, applicable law, or merits of a case that is *sub judice* in his court or any comment concerning the parties or their attorneys would raise grave doubts about the judge's objectivity and his willingness to reserve judgment until the close of the proceeding.'" *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (quoting William G. Ross, *Extrajudicial Speech: Charting the Boundaries of Propriety,* 2 GEO. J. LEGAL ETHICS 589, 598 (1989)). Disqualification under section 455(a) is appropriate even after a final judgment is entered in certain situations. *See Microsoft Corp.*, 253 F.3d at 116.

Stone's Motion for New Trial is directly related to the integrity of a juror. It is alleged that a juror misled the Court regarding her ability to be unbiased and fair and the juror attempted to cover up evidence that would directly contradict her false claims of impartiality.

Nevertheless, at Mr. Stone's sentencing, the Court emphatically stated its views regarding both of the defendant and the jurors in his trial:

>Everyone depends on our elected representatives to protect our elections from foreign interference based on the facts. No one knows where the threat is going to come from next time or whose side they're going to be on, and for that reason the dismay and disgust at the defendant's belligerence should transcend party. The dismay and the disgust at the attempts by others to defend his actions as just business as usual in our polarized climate should transcend party. The dismay and the disgust with any attempts to interfere with the efforts of prosecutors and members of the judiciary to fulfil their duty should transcend party. Sure, the defense is free to say: So what? Who cares? T. 87.
>
>But, I'll say this: Congress cared. The United States Department of Justice and the United States Attorney's Office for the District of Columbia that prosecuted the case and is still prosecuting the case cared. **The jurors who served with integrity under difficult circumstances cared.** The American people cared. And I care.

T.88

Recusal is required based on the entirety of the above and this statement in particular: "The **jurors who served with integrity** under difficult circumstances cared." 2/20/20 Tr. 88:7-8 (emphasis added). Whether the subject juror (and perhaps others) served with "integrity" is one of the paramount questions presented in the pending Motion. The Court's ardent conclusion of "integrity" indicates an inability to reserve judgment on an issue which has yet been heard. Moreover, the categorical finding of integrity made before hearing the facts is likely to "lead a reasonably informed observer to question the District Judge's impartiality. Public confidence in the integrity and impartiality of the judiciary is seriously jeopardized when judges…share their thoughts about the merits of pending…cases." *Microsoft Corp.,* 253 F.3d at 114-115 (D.C. Cir. 2001). The premature statement blessing the "integrity of the jury" undermines the appearance of impartiality and presents a strong bias for recusal.

## **CONCLUSION**

The Court should grant this Motion for Judicial Recusal based on the arguments presented above.

Respectfully submitted,

By: */s/*_____

ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL  33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
   *Admitted pro hac vice*

SETH GINSBERG
N.Y. Bar No. 2628444
299 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 227-6655
*Admitted pro hac vice*

GRANT J. SMITH
STRATEGYSMITH, PA
D.D.C. Bar No.: FL0036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February  2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                    ___/s/ Robert C. Buschel_____
                                        Robert C. Buschel

*United States Attorney's Office for the District of Columbia*

Timothy J. Shea
**United States Attorney**
J.P. Cooney
John Crabb, Jr.
**Assistant United States Attorneys**

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

      Defendant.

_____/

# **ORDER**

Before the Court is Roger J. Stone's Motion for Judicial Disqualification, Defendant's motion and otherwise being fully advised,

It is therefore ORDERED AND ADJUGED that the Motion is GRANTED.

DONE AND ORDERED in Washington, DC, this _____ day of _____, 2020.

 

                                                              AMY BERMAN JACKSON
                                                              United States District Judge

cc:     all counsel of record