IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case 1:19-cr-00018-ABJ

UNITED STATES OF AMERICA,

v.

**UNDER SEAL**

ROGER J. STONE, JR.,

    Defendant.

_____/

**DEFENDANT ROGER J. STONE'S MOTION TO OPEN THE HEARING IN
SUPPORT OF AMENDED MOTION FOR NEW TRIAL**
**(Juror Misconduct)**

Roger Stone submits this motion to open the hearing on the Amended Motion for New Trial regarding juror misconduct, to unseal all of the documents filed in connection with the motion and related docket entries, and to have all further filings and proceedings publicly available. The hearing is set for February 25, 2020 at 2:00 p.m.

**MEMORANDUM IN SUPPORT OF AN OPEN HEARING**

Roger Stone has moved for a new trial as the result of juror misconduct that deprived him of his right to be tried by an impartial jury. In an abundance of caution, Stone requested that the Court seal the motion papers, given that it involves jury issues. In light of the strong presumption in favor of open judicial proceedings and public access to documents filed in connection with a criminal case, Stone now requests that the Court unseal the documents filed in connection with this motion and that all proceedings held in connection with this motion be held in open court.

"In all criminal prosecutions, the accused shall enjoy the right to a . . . public trial." U.S. Const. amend. VI. The Supreme Court teaches that in criminal cases, there is a presumption that the courtroom will be open to the public. *See Press-Enterprise Co. v. Superior Court of Calif.*, 464 U.S. 501, 509-10, 104 S. Ct. 819 (1984); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980). This presumption is rebuttable, but courtroom closings "must be rare and only for cause shown that outweighs the value of openness." *Id*. at 509. The presumption on open proceedings is not easily rebutted:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Waller v. Georgia*, 467 U.S. 39, 45, 104 S. Ct. 2210 (1984) (citation and internal quotation marks omitted); *see also Press-Enter. Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 509-10 (1984) (holding that jury selection should presumptively not be closed absent particularized showing of need for closed proceedings).

The presumption that our courts should be open and that all proceedings should be heard publicly has its historical roots starting under English law. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980). Public proceedings are critical to engendering confidence in, and respect for, judicial proceedings and determinations. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. When a criminal trial is conducted in the open, there is at least an opportunity both for understanding the system in general and its workings in a particular case." *Id.* at 572. The idea of a public trial is a form of "community therapeutic value." *Id.*

Jury selection should not take place behind closed doors, a lesson learned in the *Greg Craig* trial.  *See Presley v. Georgia,* 558 U.S. 209, 214 (2010).  Given a defendant's right to have the jury selection process in open court, a post-trial inquiry about a juror's integrity should similarly not take place behind closed doors.  Moreover, prior to determining to proceed under seal, the Court must consider alternatives other than closure.  *Press-Enter. Co.,* 464 U.S. at 509.

Thus, under long-established precedent, Stone's motion for a new trial should be resolved in open court.  The motion involves a juror, *who publicly disclosed her role in the trial,* and is grounded on the fact that the juror concealed her explicit and implicit bias by failing to disclose her active anti-Stone and anti-Trump sentiment, evidenced by her multiple social media postings that directly reference her strong political bias and knowledge of the Stone prosecution in direct contradiction of her responses during voir dire.  In addition, she actively discussed, on various social media platforms, alleged Russian interference in the 2016 election – the *raison d'etre* of both the "Mueller investigation" and the House Committee inquiry.

This Court ordered a hearing set for February 25, 2020 to be conducted under seal in a closed courtroom. The Court should conduct the hearing in public and on the record; and, an evidentiary hearing should also be conducted in public.  At this point, there is no secret about the identity of the juror or the grounds of her misconduct.

The Roger Stone trial was open to the public.  For the most part, jury selection was public. The individual voir dire was done in an open courtroom, and the jurors protected by the assignment of a number.  As noted, the juror has publicly identified herself.  Indeed, her publication of a tweet in support of the government is what drew the public attention and initiated the "crowdsourcing" research of her social media platforms, which provided evidence in support of the motion for new trial.  That crowdsourcing has led to numerous publications of her

3

identity and the specific social media communications that demonstrate the intentionally misleading nature of her voir dire responses. There is no value in closing the hearing. There is value in maintaining the presumption of an open hearing.  A juror interview or a discussion about the subject juror should not be closed.  If closed, it will engender more questions about the confidence to be had in the proceedings in this case.

There has been no showing here as to the need for closed proceedings.  Furthermore, there are surely less restrictive means that could be employed to address any concerns the Court may have.

## CONCLUSION

The Court should conduct an open hearing on the motion for new trial regarding juror misconduct and should unseal the papers filed in connection with the motion and all docket entries, and any further filings should be on the public docket.

Respectfully submitted,
By: /s/_____

ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL  33301
Telephone: (954) 767-8909
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*

SETH GINSBERG
N.Y. Bar No. 2628444
299 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 227-6655
*Admitted pro hac vice*

GRANT J. SMITH
STRATEGYSMITH, PA
D.D.C. Bar No.: FL0036
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301

Telephone: (954) 328-9064  
gsmith@strategysmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

*United States Attorney's Office for the District of Columbia*

John D. Crabb, DOJ  
JP Cooney, DOJ

By: */s/ Robert Buschel*  
ROBERT C. BUSCHEL