## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ROGER J. STONE, JR.,

      Defendant.

AMERICAN BROADCASTING
COMPANIES, INC.,

CABLE NEWS NETWORK, INC.,

CBS BROADCASTING INC.,
o/b/o CBS NEWS,

DOW JONES & COMPANY, INC.,

THE ASSOCIATED PRESS,

THE NEW YORK TIMES CO.,

WP CO. LLC,
d/b/a THE WASHINGTON POST,

      Proposed Intervenors.

Case No. 1:19-cr-00018-ABJ

Leave to file GRANTED

_Amy B. Jackson_     3/25/20

Amy B. Jackson      Date
United States District Judge

### COMBINED MOTION TO INTERVENE AND FOR PUBLIC ACCESS
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to Local Criminal Rule 47, Proposed Intervenors American Broadcasting

Companies, Inc., Cable News Network, Inc., CBS Broadcasting Inc. on behalf of CBS News,

Dow Jones & Company, Inc., The Associated Press, The New York Times Company, and WP

Company LLC d/b/a/ The Washington Post (collectively, the "Media Coalition"), by and through

undersigned counsel, respectfully seek to intervene in this matter for the limited purpose of

asserting the public's rights of access to court proceedings and records, and respectfully move

1

this Court for an order allowing their representatives access to the hearing in the above-captioned

matter scheduled for 2:00 PM on February 25, 2020 (the "February 25 Hearing") and to related

filings.  In support of this motion the Media Coalition states as follows:

## I.     The Media Coalition May Intervene For The Limited Purpose Of Challenging A Restriction To The First Amendment Right Of Access.

The Supreme Court has long held that "representatives of the press and general public

must be given an opportunity to be heard on the question of their exclusion" from judicial

proceedings.  *Globe Newspapers Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) (internal

marks and citations omitted).  The D.C. Circuit has likewise stated that, because "[t]he first

amendment guarantees the press and the public a general right of access to court proceedings and

court documents unless there are compelling reasons demonstrating why it cannot be observed,"

courts must "give the public and press an opportunity to intervene and present their objections to

the court" *before* that right of access is restricted.  *Washington Post v. Robinson*, 935 F.2d 282,

289 (D.C. Cir. 1991); *cf. EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir.

1998) (recognizing that third parties, including news organizations, "may be allowed to

permissively intervene" in civil matters "for the limited purpose of seeking access to materials

that have been shielded from public view either by seal or by a protective order").  Because the

Court proposes to close the presumptively-open February 25 Hearing and has maintained related

filings under seal, the Media Coalition should be permitted to intervene for the limited purpose

of opposing those restrictions based on the First Amendment and common-law rights of access.

## II.    The Press And Public Should Be Permitted To Attend The February 25 Hearing And Access Related Filings.

As the Court knows, press organizations, including the members of this Media Coalition,

have sought to vindicate the First Amendment and common-law rights of access to the records of

this matter since its inception.  *See In re Access to Certain Sealed Court Records*, No. 1:19-mc-

00029-CRC (D.D.C) (seeking access to the warrants, applications, supporting affidavits, and returns relating to all search or seizure warrants relevant to this prosecution). This motion asserts the same rights of access, though this time as they apply to a presumptively open judicial *proceeding* – namely, the February 25 Hearing – as well as related filings. The Media Coalition accordingly incorporates by reference its briefing on these right-of-access issues in *In re Access to Certain Sealed Court Records*, No. 1:19-mc-00029-CRC, Dkt. Nos. 1-1 and 15, as if fully set forth here.

Suffice it to say, however, that "[t]he First Amendment guarantees a qualified right of public access to criminal proceedings." *In re Application of WP Co.*, 201 F. Supp. 3d 109, 117 (D.D.C. 2016) (citing *Globe Newspaper*, 457 U.S. at 603-04). The Court should therefore allow public access to the February 25 Hearing and unseal the related filings absent a showing that closure "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). Specifically, to overcome the constitutional access right, the party seeking closure must demonstrate that:

1. There is a ***substantial probability*** of prejudice to a ***compelling*** interest if the right is not limited. *Press-Enter. Co. v. Super. Ct.* ("*Press-Enterprise II*"), 478 U.S. 1, 13-14 (1986); *Press-Enter. Co. v. Super. Ct.* ("*Press-Enterprise I*"), 464 U.S. 501, 510 (1984); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580-81 (1980).

2. There is ***no alternative*** to a limitation of the access right that will adequately protect against the threatened harm. *Press-Enterprise II*, 478 U.S. at 13-14; *Robinson*, 935 F.2d 282, 289-90 (D.C. Cir. 1991).

3. Restricting access will ***effectively*** protect against the threatened harm. *Press-Enterprise II*, 478 U.S. at 14; *Robinson*, 935 F.2d at 291-92.

4. The restriction on access is ***narrowly tailored*** to minimize the harm to the public's access rights. *Press-Enterprise II*, 478 U.S. at 13-14; *Robinson*, 935 F.2d at 287; *see also Shelton v. Tucker*, 364 U.S. 479, 488 (1960) (even "legitimate and substantial" interests "cannot be pursued by means that broadly stifle fundamental personal liberties").

Since the motion set to be argued at the February 25 Hearing (Dkt. No. 313) is currently

sealed, as is the Defendant's motion to open the February 25 Hearing to the public (Dkt. No.

332), the Media Coalition does not presently know what precise issues have led the Court to

close the February 25 Hearing or maintain the related filings under seal.  In recently denying

Defendant Stone's motion seeking the Court's disqualification, however, the Court stated that the

motion is "based on alleged juror misconduct," that it "raises questions concerning the

completeness of one juror's responses during the jury selection process, and it speculates about

exposure to prejudicial extra-record material during deliberations," and that "it does not include

any allegations, or set out any facts, impugning the integrity of any other juror or jurors."  Feb.

23, 2020 Order (Dkt. No. 333) at 2-3.  Given that there already has been public reporting about

such allegations, however, it is unlikely any party can demonstrate that closure of the February

25 Hearing and continued sealing of the related filings could still be essential to preserve higher

values and is narrowly tailored to serve that interest.  *See, e.g.*, Yolanda Jones, "Tomeka Hart

breaks silence about serving as juror on Roger Stone trial," *Daily Memphian*, Feb. 12, 2020,

https://dailymemphian.com/section/metrocity-of-memphis/article/10707/tomeka-hart-roger-

stone-juror; Josh Gerstein, "Judge sets hearing on Roger Stone's new-trial motion," *Politico*,

Feb. 24, 2020, https://www.politico.com/news/2020/02/24/roger-stone-hearing-new-trial-motion-

117126 ("The defense motion is believed to refer to a woman who has identified herself as the

foreperson of the jury at Stone's weeklong trial last November, Tomeka Hart.").

Indeed, the need for public access to the February 25 Hearing, which will address

"alleged juror misconduct," is further heightened by recent statements made by President Trump

asserting that one of the jurors in this case was "obviously tainted . . . was an activist against

Trump, said bad things about Trump and said bad things about Stone" and "somehow weaseled

her way onto the jury." *See* Emma Bowman, "Judge Rejects Roger Stone's Attempt To Remove Her From His Case," *NPR*, Feb. 24, 2020, https://www.npr.org/2020/02/24/808723608/judge-rejects-roger-stones-attempt-to-remove-her-from-his-case.  Whatever the merits of Defendant's motion and the President's accusations may be, these allegations are better adjudicated in public than in private, as "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572.  Especially given the highly public criticism regarding this case by the President himself, it is crucial for the public to be provided access to the February 25 Hearing and the related filings to avoid questions that inevitably would arise from a sealed proceeding.

## CONCLUSION

For all the foregoing reasons, the Media Coalition respectfully requests that the Court grant this motion, allow access to the February 25 Hearing, and unseal any related filings.

Dated:  February 25, 2020             Respectfully submitted,

BALLARD SPAHR LLP

/s/ Jay Ward Brown
Jay Ward Brown (D.C. Bar No. 437686)
Matthew E. Kelley (D.C. Bar No. 1018126)
Maxwell S. Mishkin (D.C. Bar No. 1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1136
Fax: (202) 661-2299
brownjay@ballardspahr.com
kelleym@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, I caused the foregoing to be filed and served electronically via the Court's ECF system upon all counsel of record.

*/s/ Jay Ward Brown*
Jay Ward Brown