UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-cr-18-ABJ |
| ROGER J. STONE, JR., | (Filed Under Seal) |
| Defendant. | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT ROGER J. STONE'S MOTION TO OPEN THE HEARING IN SUPPORT OF AMENDED MOTION FOR NEW TRIAL (ECF NO. 332)**

The defendant, Roger J. Stone, seeks to open the hearing on his Amended Motion for New Trial alleging misconduct by an individual juror. Just as the defendant's recent disqualification motion (ECF No. 331) "appears to be nothing more than an attempt to use the Court's docket to disseminate a statement for public consumption that has the words 'judge' and 'biased' in it", ECF No. 333 at 6, this motion appears to be nothing more than an attempt to fuel its public campaign to undermine the jury's verdict through a frivolous juror misconduct claim. Compromising the privacy of one or all 12 of the citizens who performed the vital civic duty of serving as trial jurors is not necessary to protect the defendant's and the public's right to an open proceeding. Rather, the right to an open proceeding can be protected by swiftly publishing redacted pleadings, transcripts, and orders, much like this Court already set out to do with respect to the first new trial motion. *See* ECF No. 288. What is more, the Court and parties can and should reevaluate the need and scope of sealing as the proceedings carry on and evaluate whether even less restrictive measures are appropriate. The motion to open the hearing should be denied.

As the defense acknowledges in its motion (at 3), jury selection in this trial was for the most part public, occurring in an open courtroom with juror identities and privacy rights protected

by (1) the assignment of a number, (2) the sealing of juror questionnaires, and (3) individualized voir dire occurring at the bench. ███████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████ That procedure was appropriate under the circumstances and supported by applicable law, as it limited access to private information about jurors in a manner no broader than necessary to ensure the defendant's Sixth Amendment rights to a fair and impartial jury and public trial. *See United States v. Aguiar*, 894 F.3d 351, 355 (D.C. Cir. 2018); *see also United States v. Bruno*, 700 F. Supp. 2d 175, 182 (N.D.N.Y. 2010) ("The interest in protecting jurors' privacy rights strengthens the integrity of our justice system by assuring their rights to safety and privacy and by encouraging candor of impaneled and prospective jurors and future venire.") (citing *United States v. King*, 140 F.3d 76, 79 (2d Cir. 1998)). The defendant's new trial motion, however, is not the trial of the case—it is, essentially, an ancillary proceeding to which his Sixth Amendment right to a public trial is not squarely at stake. The right of access to the public at large, however, unquestionably remains at issue.

The only reason the defense puts forth (at 3) for altering in these post-trial proceedings the well-reasoned course this Court took during pre-trial voir dire, is that Juror ███, who is the subject of the defense new trial motion, "publicly disclosed her role in the trial." But the defense cites no authority—because there is none—for the broad proposition that a juror's post-trial statements automatically necessitates that the Court reveal a juror's identity and other personal information where there otherwise exists good cause to keep it private. Moreover, the defense position ignores the fact that a hearing on the motion could implicate the privacy interests of other jurors as well,

2

whom this Court has ordered to appear in the event the Court deems it necessary to question them.[1] Even if the defense were correct—which it is not—that Juror ▇ public statements should result in disclosure of her identity and other personal information, that argument would not extend to the other 11 citizens on the jury.



In light of ▇ the public attention surrounding this trial, the risk that opening the hearing will have to further publicizing Juror ▇ identity, other personal information, and role in the case is sound justification for keeping the hearing closed—irrespective of Juror ▇ previous decision to disclose her role as a juror in the trial. *Cf. United States v. Edmond*, 52 F.3d 1080, 1090-92 (D.C. Cir. 1995) (affirming district court's decision to impanel anonymous jury as necessary to protect jurors' interest in remaining free from real or perceived threats).

The defense motion entirely ignores the availability of a reasonable measure available to protect both the jurors' interest in privacy and the right of public access to these proceedings. Publishing redacted copies of the pleadings, transcripts, and orders related to the motion, as the Court has already begun to do with respect to the first new trial motion, *see* ECF No. 288, strikes

---

[1] As set forth in our opposition to the new trial motion (ECF No. 311), the Government opposes an evidentiary hearing. The defense new trial motion fails to allege newly discovered evidence rebutting Juror ▇ veracity during voir dire, and its claim that she violated the Court's social media order is rooted in a baseless conspiracy theory. Neither Juror ▇ nor the 11 other citizens who served on the jury should be subjected to additional questioning. The new trial motion should be denied on the papers.

the right balance between the jurors' interest in privacy and the defendant's and public's interest in an open proceeding. Pleadings and transcripts are capable of being redacted to eliminate references to information that risks revealing jurors' identities while still affording the public complete access to the subject of the defense's motion and the basis for the Court's eventual decision. Additionally, the Court and parties can and should reevaluate as the proceedings carry on whether less restrictive measures would adequately protect the privacy of jurors while affording sufficient public access to the proceedings—a subject the parties and Court can take up at this Tuesday's sealed hearing and in the future.

The current defense posture on this motion—especially in light of the baseless motion to disqualify it filed Friday night, *see* ECF Nos. 331, 333—reflects more gamesmanship than conviction. The motion is inconsistent with the redactions the defense has already proposed to its new trial motion (ECF No. 318). As the Government noted in the cover pleading to our proposed redactions (ECF No. 320), the defense's proposed redactions are under-inclusive and over-inclusive. The proposed redactions are under-inclusive insofar as there remain references that risk betraying Juror ▮▮ identity; and they are over-inclusive insofar as the redactions conceal the information Juror ▮▮ disclosed in voir dire and hide what questions the defense asked of Juror ▮▮. The defense proposal would thereby release to the public partial information fueling a conspiracy-laden narrative that the jury in this case was hijacked, while keeping secret the fact that the information regarding Juror ▮▮ political affiliation and viewpoint, about which the defense now complains, was disclosed in the juror's questionnaire and was the subject of individual voir dire. The strategy behind the defense tactic of filing this motion is all the more clear from the fact that it did not also move to fully unseal the proceedings related to its first new trial motion.

The Government cannot help but note the obvious fact that the defense motion to open the hearing on its juror misconduct claim presents a strategic windfall with respect to its public campaign to undermine confidence in the jury's verdict. A court order keeping the hearing closed will inevitably fuel conspiracy theories that the defendant's prosecution was politically motivated and that his conviction came at the hands of a biased judge and hijacked jury. Nonetheless, keeping the hearing closed is fully supported by the law and is the right thing to do. Private citizens who serve as jurors under circumstances as difficult as those presented in this case are entitled to privacy and security. And the public interest in understanding and evaluating the defense's claim is sufficiently promoted by publishing redacted pleadings, transcripts, and orders. The motion should be denied.

    Respectfully submitted,

    TIMOTHY J. SHEA
    D.C. Bar #437437
    United States Attorney for the
    District of Columbia

By: /s/ J.P. Cooney
    J.P. COONEY, D.C. Bar #494026
    Assistant United States Attorney
    Chief, Fraud & Public Corruption Section

/s/ John D. Crabb
JOHN D. CRABB JR., N.Y. Bar #2367670
Assistant United States Attorney
Acting Chief, Criminal Division

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing sealed pleading was served via email to counsel for the defendant, Roger J. Stone, on February 24, 2020.

/s/ J.P. Cooney
J.P. COONEY, D.C. Bar No. 494026
Assistant United States Attorney
Chief, Fraud & Public Corruption Section