```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


   United States of America,      ) Criminal Action
                                   ) No. 19-CR-018
              Plaintiff,           )
                                   ) JURY QUESTIONNAIRE
   vs.                             )
                                   ) Washington, DC
   Roger Jason Stone, Jr.,         ) September 12, 2019
                                   ) Time:  10:00 a.m.
              Defendant.           )
_____

            TRANSCRIPT OF JURY QUESTIONNAIRE
                PROCEEDINGS HELD BEFORE
         THE HONORABLE JUDGE AMY BERMAN JACKSON
              UNITED STATES DISTRICT JUDGE
_____

                    A P P E A R A N C E S

   For Plaintiff:      Jonathan Ian Kravis
                       U.S. ATTORNEY'S OFFICE FOR THE
                         DISTRICT OF COLUMBIA
                       555 Fourth Street, NW
                       Washington, DC 20530
                       (202) 252-7068
                       E-Mail:  Jonathan.kravis3@usdoj.gov


   For Defendant:      Robert C. Buschel
                       Tara A. Campion
                       BUSCHEL & GIBBONS, P.A.
                       One Financial Plaza
                       100 S.E. Third Avenue
                       Suite 1300
                       Ft. Lauderdale, FL 33394
                       (954) 530-5301
                       E-mail:  Buschel@bglaw-pa.com

_____

   Court Reporter:        Janice E. Dickman, RMR, CRR
                          Official Court Reporter
                          United States Courthouse, Room 6523
                          333 Constitution Avenue, NW
                          Washington, DC  20001
                          202-354-3267
```

1            THE COURT:  Good morning, everybody.  I brought you
2    in here because I can't figure out how to have a bench
3    conference in the ceremonial courtroom, and I figured it would
4    be better just to talk about a few things on the record before
5    I went in there, and we'll just start with the jury selection
6    process when I get there.
7            I did communicate with counsel and let everybody know
8    back on -- what is the date of this?  It looks like August
9    30th -- that I thought we should have at least a lawyer from
10   each side present.  And I said the defendant may waive his
11   presence.  Ordinarily when there's a waiver, it's a written
12   waiver, and I understand he's not here.
13           So, first, I guess, I would like to know what your
14   position is about whether his presence would even be required
15   under Rule 43.  Seems to fall somewhere between a trial stage
16   and just a technical hearing because we're not going to hear
17   from the jurors today.  I'm literally going to instruct them
18   and we're all going to leave the room.  And certainly, he
19   appears to be voluntarily absent, if it is a trial stage.  So
20   I'm not going to scrap the proceedings.  We're going to go
21   forward.
22           But, I guess what I think would be helpful, to just
23   clarify the record, would be to get a written waiver,
24   nunc pro tunc, saying that he knew he had a right to be here
25   and he voluntarily waived it.

1          Do you agree with all of that?
2          MR. BUSCHEL:  Yes, Judge.  We will provide the Court
3    with a written waiver.  And he does waive his appearance today
4    and we should proceed.
5          THE COURT:  Okay.  All right.  That's all I wanted to
6    cover.  And then, I guess, at the end, after I read the
7    instructions -- I just want to make sure everybody understands
8    what the process is -- we will leave.  Courtroom will be sealed
9    and it will just be the jurors and Mr. Hailey.  If they have
10   any questions, they'll ask Mr. Haley.  He will need a number to
11   contact you so that when he has collected all of the
12   questionnaires, he will contact you for copying.
13         What you need to do is make three copies of all the
14   questionnaires and then return the original to John, along with
15   my copy.  And then one copy is for you and one copy is for the
16   defense.  And then each side is welcome to make as many more
17   copies for their co-counsel as they want to to expedite the
18   process, but the government only has to make one for you.
19         So you need to be somewhere as soon as they're
20   available -- I don't know whether it's easier for you to get
21   them directly or bring them all in to John.
22         MR. KRAVIS:  We have actually discussed this in
23   advance.  The defense has received -- in lieu of receiving hard
24   copies, if they can receive PDF copies so they don't have to
25   carry all of the paper back with them on the plane.  And in

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | case it takes me longer to make the copies, we have offered to       |
| 2  | scan the questionnaires at the U.S. Attorney's Office and            |
| 3  | provide them through a secure file transfer system that we've        |
| 4  | been using for discovery to the defense electronically.              |
| 5  |       THE COURT:  Okay.  Well, that's fine with me, if |
| 6  | that's fine with you.  You're nodding, so --                         |
| 7  |       MR. BUSCHEL:  Yes.                |
| 8  |       MS. CAMPION:  Yes, Your Honor.    |
| 9  |       THE COURT:  So then you need to make a set for me. |
| 10 |       MR. KRAVIS:  Yes.                 |
| 11 |       THE COURT:  And then get the originals back to |
| 12 | Mr. Haley.                                                           |
| 13 |       MR. KRAVIS:  Yes, Your Honor.     |
| 14 |       THE COURT:  So then I don't think I'm going to need |
| 15 | to call you to the bench for anything.  You've seen the              |
| 16 | introductory instructions that I plan to read.  Does anybody         |
| 17 | have any objections to those instructions?                           |
| 18 |       MR. BUSCHEL:  No.                 |
| 19 |       MR. KRAVIS:  No objection, Your Honor. |
| 20 |       THE COURT:  Then I'll just proceed, without calling |
| 21 | you back to the bench at the end and asking you if you're            |
| 22 | satisfied.                                                           |
| 23 | And when I introduce you to the jury, I'll ask each                  |
| 24 | of you to stand up.  Maybe I can ask you to stand up and             |
| 25 | introduce yourself and then you can just say the names of your       |

1   co-counsel.  And I'll ask you and you can stand up and
2   introduce yourself and introduce co-counsel who is present and
3   then just say the names of the other lawyers on the team.
4           All right.  Okay.  Well, then we need to get Jan set
5   up inside and you guys can come back in and then when we're
6   ready, you can tell John to come get me and I'll come in.
7           All right.  Thank you, everybody.
8           MS. CAMPION:  Thank you, Your Honor.
9           (The following proceedings take place in the
10  ceremonial courtroom:)
11          THE COURT:  Good morning.
12          THE JURORS:  Good morning.
13          THE COURT:  Now, that is weak.  I think we can do a
14  little bit better.  Good morning.
15          THE JURORS:  Good morning.
16          THE COURT:  There we go.
17          All right.  My name is Amy Jackson and I would like
18  to welcome you to the U.S. District Court for the District of
19  Columbia.  As you know, you've been asked to come here today to
20  be part of the process of selecting a jury.  Before we get
21  started, I want to thank you very much for taking time out of
22  your busy lives to assist the Court and our entire system of
23  justice by coming here today to participate in this process.
24          We have a system in this country that entitles people
25  to have their claims and the charges against them tried by

1  juries.  And that system simply would not work if we didn't
2  have people who showed up to serve on those juries.  So thank
3  you for being part of the selection process, even if you don't
4  ultimately get selected.
5      You've been asked to come to court today as a
6  potential juror in the case of *United States versus Roger J.*
7  *Stone*.  This is a criminal case.  I'm going to ask the attorney
8  for the government to introduce himself to you and also
9  identify the names of the other members of the team.
10     MR. KRAVIS:  Good morning, everyone.  My name is
11 Jonathan Kravis and I represent the government in this matter.
12 Also representing the government in this matter are Michael
13 Marando, Aaron Zelinsky, and Adam Jed, all with the U.S.
14 Attorney's Office for the District of Columbia.  Thank you.
15     THE COURT:  Thank you.
16     And counsel for defense, could you introduce
17 yourselves?
18     MR. BUSCHEL:  Thank you, Judge.  I'm Robert Buschel.
19 With me is Tara Campion.  On our team is Bruce Rogow, Chandler
20 Routman, and Grant Smith.
21     THE COURT:  This case arises out of events that
22 occurred in 2016 through 2018, including the testimony of Roger
23 Stone before Congress.  In particular, before the U.S. House of
24 Representatives Permanent Select Committee on Intelligence, the
25 HPSCI, on September 26th, 2017.  At that time the Committee was

1  investigating Russian interference in the 2016 U.S.
2  presidential election.  And the defendant testified before the
3  Committee in connection with its investigation.
4        The charges against the defendant arise out of his
5  September 26, 2017 testimony on the Committee's investigation.
6  The defendant is charged with one count of obstructing a
7  Congressional proceeding, five counts of making false
8  statements to Congress, and one count of tampering with a
9  witness to that proceeding.
10       The defendant has pled not guilty and he is presumed
11 to be innocent of all of the charges unless and until the
12 government proves him guilty beyond a reasonable doubt.
13       The trial is supposed to begin on November 5th and to
14 last approximately two to three weeks.  People who are selected
15 to serve as jurors will not be sequestered; they will go home
16 every night and will have their evenings and their weekends to
17 themselves.  And I can also assure you that if for some reason
18 we are sitting during the week of Thanksgiving, we will not be
19 in session on the Wednesday before Thanksgiving -- unless all
20 of the participants in the trial, including the jurors, agree
21 that Wednesday will be available -- and we will not sit that
22 Thursday or that Friday.
23       During the trial your contact with other people will
24 not be restricted.  But beginning now and continuing until you
25 have been excused from further service by the Court, you will

1   not be permitted to talk about the case with anyone or to read,
2   watch or listen to any press coverage the case might receive.
3   I will provide you with more information about that in a
4   moment.
5              As you can probably tell from looking around the
6   room, we have more people sitting here than we are ultimately
7   going to need for a single trial.  When we pick a jury, not
8   just in this case but in all cases, our goal is to make sure
9   that we are picking a group of people who don't have personal
10  knowledge about the facts of the case or the people involved in
11  the case.  Also, we're trying to pick people who can be
12  completely open and fair to both sides and base their verdict
13  just on the evidence and the law that I will tell you applies
14  and not on any information they've heard or expertise they've
15  developed or opinions they've formed before they ever got to
16  the courtroom.
17             To that end, we have a system where we ask
18  prospective jurors a series of questions.  And to do it well
19  and to protect both sides' rights to a fair trial, it's
20  fundamental that you be honest and open in answering the
21  questions and that you answer each one as completely and
22  accurately as you can.
23             In this case we're taking the extra step of posing
24  questions to you first in writing, and that's the only thing
25  that's going to happen today.  This way we can obtain important

1       information from all of you at the same time, and that should
2       streamline the process of questioning you individually, if you
3       are brought back to do that later.
4                Some of the questions may seem personal, but they're
5       all designed to help ensure that we have a fair and impartial
6       jury.  In case you are concerned about this, I want to assure
7       you that your names are not going to be made public at this
8       time and it's our intention that your answers to these
9       questionnaires will not be made public.
10               To protect your identity, the only part of the
11      questionnaire that includes your name is the certification you
12      will sign on the last page.  And if, on the date you return for
13      the completion of the jury selection process, we need to
14      discuss your answers with you, you're not going to have to talk
15      in front of all the other jurors.  We're going to let you speak
16      to the parties in the case one at a time.
17               Courtrooms are, as you know, they're open to the
18      public, so if there is a particular question at that time that
19      you think is particularly personal, you will be permitted to
20      request permission to give your answer to me and to the lawyers
21      in private, at the bench.  Ultimately, though, we may not need
22      to talk to all of you, or we may end up excusing someone we did
23      talk to.  If that happens to you, it's not because we don't
24      like you or we think that you said something inappropriate or
25      improper, we have more than you -- we do have more of you than

1     we need and there may be a reason why you're not one of the
2     people who should be selected for this case or it may be that
3     we simply didn't need you.
4            Another way we make sure that the decision at the end
5     of the trial is based only on what was put on the record in the
6     courtroom is the jurors are always told that they cannot talk
7     about the case or any issues related to the case among
8     themselves or with anyone else until the trial is over.  And as
9     I've just mentioned, that rule is going to go into effect right
10    now.  While you're in this courtroom today, when you return for
11    jury selection, or at any other time, you may talk to each
12    other about pretty much any topic, but you should not talk
13    about what you are about to learn about the case or about the
14    issues that come up in the written questionnaire.
15           Also, from this day forward, you may not talk or
16    communicate about this case or your potential jury service with
17    anyone else, including your own family.  And when I say do not
18    communicate about this case, that includes using the phone or a
19    computer or texting or blogging or instant messaging or
20    Facebook or Instagram or any other form of electronic
21    communication, or even writing a letter, if anybody does that
22    anymore.
23           You can tell your close friends and family members or
24    your employer that you were called to court in connection with
25    serving on a jury in a criminal case, but that's all.  Also, do

1   not let anyone, including friends, family members, court
2   personnel, other members of the jury or anyone involved in this
3   case talk to you about your views or any aspect of this case or
4   this questionnaire, except officially in the courtroom.
5             The need to have a fair trial also means that from
6   this point onward you must not read anything whatsoever about
7   this case.  Please do not go home and search the internet or
8   consult newspapers or magazines or any other news or social
9   media source to find out what it's all about or who these
10  people are.  And you should try to avoid receiving any
11  information about the case from news media.  If it comes to
12  your attention inadvertently, which it may, please click on
13  something else or ignore the headline or change the channel.
14            This means you shouldn't read any blogs or posts
15  about the case on social media.  So if you receive automatic
16  alerts from any source, you may have to change your Twitter
17  feed or your push notifications, news subscriptions or your RSS
18  feeds.  If you happen to hear the questions being discussed,
19  you should simply turn and walk away from the conversation, or
20  if it's a topic on TV, leave the room or change the channel.
21  Also, you may not post anything about the case yourself.
22            I hope and expect that each of you will do your best
23  to comply with these instructions.  If there are compelling
24  reasons why you will be unable to do that, there will be a
25  place on the questionnaire where you can tell me why not.

1            Now I'm going to distribute the questionnaires, pens
2    you can use to fill them out, and some pads you can use in case
3    you want some backing to lean on.
4            While we're doing that, the first thing I need to ask
5    you to do is to turn off your cell phones and put them away.
6    And I mean off.  They should not vibrate or hum, and you
7    certainly should not be consulting them in the courtroom while
8    you're completing the questionnaire.
9            Next, I'm going to ask you to swear or you may affirm
10   that your answers will be truthful.  Would all of you please
11   stand and raise your right hands.
12           THE COURTROOM DEPUTY:  Do you solemnly swear or
13   affirm that the answers you are about to give to the questions
14   you receive will be true and accurate to the best of your
15   knowledge?
16           THE JURORS:  Yes.
17           THE COURT:  Thank you.  You can be seated.
18           When you get to the last page of the questionnaire,
19   you will see that you are required to sign it and affirm,
20   again, that your answers are truthful.  Your answers will be
21   given the same effect as a statement made to the Court under
22   oath.  Once you begin filling out the questionnaires, the
23   lawyers and I are going to leave the courtroom.  My courtroom
24   deputy clerk, John Haley, will remain, and you should hand your
25   completed questionnaire to him when you are done.  If you have

1   any questions about what to do, please speak to him
2   individually; don't ask anyone else sitting around you.
3            If you need extra space to answer any question,
4   please don't write on the back of the page.  There is an extra
5   page at the end for longer answers, if you need it.
6            Please try to write clearly and legibly, and please
7   try not to use tiny little letters.  We are going to be making
8   copies of these questionnaires for the lawyers and for me and
9   so it's going to be important that they continue to be legible
10  as they make it through the Xerox machine.
11           Jurors who are going to be asked to return to
12  continue to participate in the jury selection process will be
13  required to return, as I told you, on November 5th.  And you're
14  going to be able to call in to court before then to find out if
15  you're on the list of people who must return.  At the very
16  latest, that information will be available at the end of the
17  day on Friday, November 1.  If there's a call-in date sooner,
18  we will let you know.
19           Thank you again for your -- what?  You're looking at
20  me.
21           THE COURTROOM DEPUTY:  Jury told me November 4.
22           THE COURT:  Tuesday?  Monday?  Well, we're going to
23  shoot for Friday.  And if you don't hear the information you
24  need on Friday, then you'll call in that Monday, on the 4th.
25  But we'd like you to be able to plan.  So hopefully we will

1    have made our decisions about which of you needs to come back.
2    And it will still be more jurors than we need, but it will
3    probably not be this entire group.  So check the call-in number
4    on the 1st.
5              Thank you again for your cooperation and your candor
6    and your time.  Mr. Haley will now give you your supplies.
7              We'll wait for the process to be completed and then
8    we can all be excused also.
9              A PROSPECTIVE JUROR:  Judge?
10             THE COURT:  Yes.
11             A PROSPECTIVE JUROR:  Are we excused for the day
12   after completing the questionnaires today?
13             THE COURT:  Yes.
14             Do they need to return to the jury lounge before they
15   leave, or can they just leave from here?  Mr. Haley, do you
16   know?
17             THE COURTROOM DEPUTY:  If they need a slip for their
18   employment, they will go back to the jury office on the fourth
19   floor.
20             THE COURT:  If not, you can just leave after you
21   complete the questionnaire.  That's all that is happening at
22   this point.
23             Yes, sir?
24             A PROSPECTIVE JUROR:  Your Honor, if there is a
25   reason for an excuse, like no longer living in the District by

1    November, will we be excused today, or will we need to call in
2    November, even if we're gone long before then?
3                THE COURT:  I don't know the answer to that question.
4    You should certainly put that on the questionnaire.  But I
5    think you should go back to the jury office before you leave
6    and ask that question.
7                A PROSPECTIVE JUROR:  Thank you, Your Honor.
8                THE COURT:  All right.
9                A PROSPECTIVE JUROR:  Your Honor, if we have a
10   scheduled trip before the 4th, should we cancel it, not knowing
11   what's going to happen on the 4th?  Or --
12               THE COURT:  No.  I think you should put, perhaps,
13   when the trip is on the form.  Are you supposed to be back by
14   November 5th?
15               A PROSPECTIVE JUROR:  No.
16               THE COURT:  Oh.  You should probably also discuss
17   that with -- so that was not scheduled when you got the summons
18   asking you if you were available?
19               A PROSPECTIVE JUROR:  No.
20               THE COURT:  All right.  I think you should probably
21   discuss that with the jury office also before you leave.
22               A PROSPECTIVE JUROR:  Your Honor?
23               THE COURT:  Yes?
24               A PROSPECTIVE JUROR:  If we call on that date and are
25   not selected to move forward in the jury selection process, do

```
1    we still receive credit for having participated in this
2    process?
3              THE COURT:  Credit in terms of being called back
4    again?
5              A PROSPECTIVE JUROR:  Correct.
6              THE COURT:  I don't know that question -- the answer
7    to that question either.  I think, having been summoned here,
8    that counts as being summoned by this Court.  We have nothing
9    to do with the fact that they will call you every two years on
10   the nose at Superior Court.  So this doesn't excuse you from
11   that.  But I think you've now been a part of a jury here.
12             And also, if you call back and it turns out you are
13   not asked to return, then at that point you would be excused
14   from the requirement that you not read or talk about the case.
15   Please don't do anything until you know whether you're coming
16   to court or not.
17             (Pause.)
18             THE COURT:  Again, thank you all for your time and
19   your careful consideration of these questions.
20             Counsel can be excused and the court reporter can be
21   excused.  And you can let me know if you need me for anything.
22             THE COURTROOM DEPUTY:  Yes, I will, Judge.  Thank
23   you.
24                            *  *  *
25             CERTIFICATE OF OFFICIAL COURT REPORTER
```

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 11th day of March, 2020.

/s/_____

Janice E. Dickman, CRR, RMR, CRC
Official Court Reporter
Room 6523
333 Constitution Avenue NW
Washington, D.C. 20001