Leave to file the motion for leave to
file an amicus brief granted
July 17, 2020

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

*Amy B. Jack*

The Court notes that this grant of leave
is only for the Clerk of Court to file this
motion on the docket. The Court has
not yet ruled on the merits of the
motion for leave to file the amicus
brief.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-18-ABJ |
| | ) | |
| ROGER STONE, JR., | ) | |
| | ) | **MOTION FOR LEAVE TO FILE** |
| *Defendant.* | ) | **LETTER BRIEF OF AMICI CURIAE** |
| | ) | **PROFESSORS ETHAN LEIB AND** |
| | ) | **JED SHUGERMAN** |

Ronald A. Fein (D.D.C. Bar No. #MA0012)
John Bonifaz
Ben Clements
Free Speech For People
1320 Centre St. #405
Newton, MA 02459
(617) 244-0234 (tel)
(512) 628-0142 (fax)
rfein@freespeechforpeople.org

*Counsel for amici curiae*

In accordance with this Court's minute order of February 28, 2019 and Local Rule 7(o), Professors Ethan Leib and Jed Shugerman respectfully move this Court for leave to file a letter brief of amici curiae. As grounds for this motion, amici state:

1.      Ethan J. Leib is the John D. Calamari Distinguished Professor of Law and Jed Handelsman Shugerman is Professor of Law at Fordham Law School. The amici are experts in, and have published scholarship regarding, the limits of the presidential clemency power, including in particular the following: Ethan J. Leib & Jed Handelsman Shugerman, *Fiduciary Constitutionalism: Implications for Self Pardons and Non-Delegation*, 17 GEORGETOWN J. OF LAW & PUB. POL'Y 463 (2019); Andrew Kent, Ethan J. Leib & Jed Handelsman Shugerman, *Faithful Execution and Article II*, 132 HARV. L. REV. 2111 (2019).

2.      Amici seek to advise the Court of issues that are not likely to be raised by either the United States or by the defendant. In particular, amici seek to advise the Court of reasons why the "Executive Grant of Clemency" executed by President Donald John Trump with respect to the defendant in this matter, *see* ECF No. 393-1, is or may not be constitutionally valid. This position is adverse to that of the defendant, but the United States will not adequately represent amici's interest in presenting these issues because the Department of Justice will not question the validity of an executive grant of clemency issued by the president.

3.      The matters to be discussed in the proposed amicus brief are relevant to the disposition of the case because, if the commutation of Mr. Stone's sentence was constitutionally infirm, or if this Court determines that further proceedings are necessary to consider the question of whether the commutation of Mr. Stone's sentence was constitutionally infirm, then a revised surrender date may be appropriate.

4.      Mr. Stone's counsel has indicated that he does not consent to amicus participation. Undersigned counsel contacted counsel for the United States regarding consent, but was not able to determine whether the United States grants its consent before this filing.

5.      This motion and the proposed brief are timely. Although "there is no rule of Federal Criminal Procedure that permits non-parties to join the proceedings to put their two cents in," Minute Order (Mar. 15, 2019), this motion is filed just one day after the Court's deadline for submission of the Executive Grant of Clemency that is the subject of the proposed amicus brief.

6.      This court has discretion to accept amicus briefs. "Court have permitted parties to file amicus briefs where 'the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *In re Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, No. 14-228, 2014 WL 4094565, *7 (D.D.C. Aug. 8, 2014) (quoting *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *Hard Drive*

*Prods., Inc. v. Does 1-1, 495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (internal

quotation marks and citations omitted) ("Amicus participation is normally

appropriate when (a) a party is not represented competently or is not

represented at all, (b) the amicus has an interest in some other case that may

be affected by the decision in the present case, or (c) when the amicus has

unique information or perspective that can help the court beyond the help

that the lawyers for the parties are able to provide.").

## CONCLUSION

For the foregoing reasons, amici respectfully request that the Court

grant this motion and permit their participation in this case as amici curiae.

Respectfully submitted,

> Ronald A. Fein (D.D.C. Bar No. #MA0012) *
> John Bonifaz
> Ben Clements
> Free Speech For People
> 1320 Centre St. #405
> Newton, MA 02459
> (617) 244-0234 (tel)
> (512) 628-0142 (fax)
> rfein@freespeechforpeople.org
> *Counsel for amici curiae*

DATED: July 15, 2020

---

* Mr. Fein is a member in good standing of the bar of this Court. Mr. Bonifaz
and Mr. Clements are members in good standing of the bar of the Supreme
Judicial Court of Massachusetts who do not practice at an address in the
District of Columbia. Their participation in this motion is appropriate under
Local Criminal Rule 44.1(c).

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, I electronically transmitted the foregoing to the Clerk of Court at dcd_cmecf_cr@dcd.uscourts.gov, and that service on both the United States and the defendant Roger J. Stone will be accomplished by email to counsel.

/s/ Ronald A. Fein

Ronald A. Fein (D.D.C. Bar #MA0012)
Legal Director, Free Speech For People
1320 Centre St #405
Newton, MA 02459

4