IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      v.                            Criminal Action No. 19-cr-18 (ABJ)

ROGER J. STONE, JR.,

      Defendant.

### ROGER J. STONE, JR.'s RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE LETTER BRIEF OF AMICI CURIAE PROFESSORS ETHAN LEIB AND JED SHUGERMAN

The Court should deny proposed amici's motion for leave to file a "letter brief" in this action (ECF # 396) due to (1) a lack of jurisdiction; (2) the lack of any rule providing for amicus filings in criminal cases; and (3) assuming *arguendo* that Local Civil Rule 7(o) regarding amicus filings in civil cases is applicable in a criminal case, the failure to meet the requirements of the Rule.

First, the Court should deny the motion because jurisdiction is vested in the United States Court of Appeals for the District of Columbia. On April 30, 2020, Stone filed a notice of appeal indicating his intent to appeal from the Judgment in a Criminal Case, entered on February 20, 2020 (ECF # 328), the sentence imposed, and all underlying orders. ECF # 376, Notice of Appeal. As a result, jurisdiction of all matters within the ambit of the Notice of Appeal was transferred to the Court of Appeals. *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (holding that filing of notice of appeal divests district court of jurisdiction). Moreover, even with respect to the issue of the surrender date, which is the issue on which proposed amici seek to pin their motion, the Court of Appeals did not remand the matter to the district court. Consequently, the Court should deny the motion due to lack of jurisdiction.

Second, "as the Court has emphasized on multiple occasions already, there is no rule of Federal Criminal Procedure that permits non-parties to join the proceedings to put their two cents in . . . ." Minute Order, March 15, 2019.  The Court denied previous requests to file amicus briefs on this basis and should do so here.[1]

Third, even were proposed amici able to overcome the first two obstacles to their motion—and they cannot—assuming *arguendo* the applicability of Local Civil Rule 7(o) to a criminal action, the motion fails under the plain language of Rule 7(o), which requires that "[a] motion for leave to file an amicus brief shall concisely state . . . why the matters asserted are relevant to the disposition of the case."  LCvR 7(o).  Here, there are simply no pending issues in this Court to which "the matters asserted [in the motion] are relevant to the disposition of the case."  *Id.*[2]

Proposed amici attempt to avoid this requirement by referencing the Court's July 13, 2020 minute order.  On July 13, 2020, "[i]n response to questions raised by the U.S. Probation Office," the Court ordered the parties to provide the Court with "a copy of the Executive Order commuting the defendant's sentence and to address the question of the scope of the commutation, in particular, whether it involves the sentence of incarceration alone or also the

---

[1] *See also United States v. Manafort*, 17-cr-201 (ABJ), Minute Order, November 29, 2017 ("There are many places and means available for a private citizen to express his views about matters of public interest, but the fact is, the Court's docket is not one of them.  It is the record of official proceedings related to criminal charges . . . and for the benefit of all parties concerned and the public, it must be maintained in an orderly fashion *and in accordance with court rules.* The movant is correct in his assertion that under different circumstances, *in civil cases,* 'friends of the court' may seek permission to file briefs, *see* Local Civil Rule 7(o), but those circumstances do not pertain here." (emphasis supplied)).

[2] Given that proposed amici have requested permission to file a "letter brief," the proposed filing would also run afoul of Local Civil Rule 7(o)(5), which requires that an amicus brief comply with Fed. R. App. P. 29(a)(4), which sets forth formatting and disclosure requirements.

period of supervised release." Minute Order, July 13, 2020.  The minute order does not question the validity of the grant of clemency or call for the parties to address that issue.  On its face, the order plainly seeks only information relevant to an inquiry from Probation, which the parties promptly provided.  Thus, there is no matter pending before the Court requiring disposition on which proposed amici can offer any relevant information.  Accordingly, the Court should deny the motion for this reason, also.

Proposed amici cite *In re: Search of Info. Associated with @mac.com that is Stored at Premises Controlled by Apple, Inc. ("In re: Search of Info.")*, 13 F. Supp. 3d 157 (D.D.C. 2014) (denying application for leave to file amicus brief), in support of their application.  That case is inapposite, because, unlike the instant action, it involved an issue that was then being litigated by the parties, which, as discussed above, is not the case here.  Indeed, proposed amici quote language from *In re: Search of Info*. stating that amicus briefs may be permitted where "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found *in the parties' briefs*."  ECF # 396 at 3 (quoting *In re: Search of Info.*) (internal quotation marks omitted) (emphasis supplied).  Implicit in the fact that the quoted language refers to potential deficiencies "in the parties' briefs" is that *the parties* must be litigating an issue before the court can contemplate permitting amicus to participate.  As there is no such issue present here, *In re: Search of Info*. provides no support for proposed amici's motion.

Proposed amici also cite *Hard Drive Prods. v. Does 1-1,495*, 892 F. Supp. 2d 334 (D.D.C. 2012), for the proposition that "[a]micus participation is normally appropriate when (a) 'a party is not represented competently or is not represented at all,' (b) 'the amicus has an interest in some other case that may be affected by the decision in the present case,' or (c) 'when the amicus has unique information or perspective that can help the court beyond the help that the

3

lawyers for the parties are able to provide.'" ECF # 396 at 4 (quoting *Hard Drive Prods.*). *Hard Drive Prods.* is inapplicable here, however, given that none of the circumstances that it identifies as warranting the inclusion of amicus is present in this action.

Also cited in proposed amici's motion is *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003). In *Voices for Choices*, the Seventh Circuit denied leave for amicus to participate in the action and noted numerous reasons for restricting the participation of amicus to protect the judicial process. Among the court's concerns regarding the participation of amicus is the burden on judges from excessive briefing; the potential for parties to abuse the privilege as a means to avoid briefing limitations; the time and costs imposed on parties to read and respond to amicus briefs; and the use of an amicus brief "to inject interest group politics into" the judicial process. *Id*. at 544 (citing *NOW, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000)).

The concerns raised in *Voices for Choices* are amply illustrated by the instant motion. There is no doubt that granting the motion would impose on both the Court and the parties the need to expend time and resources to read and respond to any filing of proposed amici. More importantly, however, the concern that amicus briefs may be utilized "to inject interest group politics into" the judicial process cannot be ignored here. Indeed, counsel for proposed amici, who are officers and directors of Free Speech for the People, plainly have a political agenda that they seek to further through the filing of a brief. https://freespeechforpeople.org/about/.

A cursory examination of the group's website quickly reveals the group's political agenda, which includes, *inter alia*, (1) a petition calling for the impeachment of President Trump; (2) a campaign to dissolve the Trump Organization; (3) calls for financial contributions to support their agenda; and (4) advertisements hawking publications that support their agenda.

https://freespeechforpeople.org/#.  The Court should not permit the judicial process to be coopted to inject interest group politics into this closed action.[3]

It is not, and should not be, the role of amicus to inject issues into a case, but rather to assist a court in disposing of an issue that may not otherwise be fully litigated.  To allow proposed amici to insert an issue for the parties to litigate would set a precedent for unlimited intrusions into the judicial process.  Furthermore, should the Court permit proposed amici to file a brief in this closed action, it will open the floodgates to what will surely be a deluge of amici seeking to join the fray.  The questions that proposed amici seek to resolve are indeed political ones that are best reconciled through the political process.

---

[3] As noted in footnote 1, *supra*, amicus filings must comply with Fed. R. App. P. 29(a)(4), which requires amici to disclose whether "a party's counsel" or "a person—other than amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing . . . or submitting the brief and, if so, identifies each such person." As reflected in Free Speech for the People's 2019 annual report, it receives financial support from several organizations, including Need to Impeach. 2019 Annual Report at 6, https://freespeechforpeople.org/about/.

## CONCLUSION

It is respectfully submitted that the Court should deny proposed amici leave to file a brief in this action, because (a) this Court lacks jurisdiction, (b) there is no rule of law allowing for amicus in criminal cases, and (c) proposed amici have failed to satisfy the requirements of Local Civil Rule 7(o), assuming *arguendo* that the Rule applies in criminal cases.

Dated: July 24, 2020

Respectfully submitted,

| | |
|---|---|
| /s/ Seth Ginsberg<br>SETH GINSBERG<br>Attorney at Law<br>299 Broadway, Suite 1405<br>New York, New York 10007<br>212-227-6655<br>srginsberg@mac.com<br>Admitted *pro hac vice* | /s/ Grant J. Smith<br>GRANT J. SMITH<br>STRATEGYSMITH, PA<br>D.D.C. Bar No.: FL0036<br>401 East Las Olas Boulevard<br>Suite 130-120<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 328-9064<br>gsmith@strategysmith.com |

/s/Paul D. Kamenar
PAUL D. KAMENAR
D.C. Bar No. 914200
1629 K Street, N.W.
Suite 300
Washington, D.C. 20006
(301) 257-9435
pdkamenar@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 24, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I further certify that the foregoing is being served this day on counsel for proposed amici via email.

/s/ Seth Ginsberg
SETH GINSBERG
Attorney at Law
299 Broadway, Suite 1405
New York, New York 10007
212-227-6655
srginsberg@mac.com
Admitted *pro hac vice*