UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) ) Crim. Action No. 19-0018 (ABJ) |
| ROGER J. STONE, JR., | ) ) ) |
| Defendant. | ) ) |

**ORDER**

      Ronald A. Fein, John Bonifaz, and Ben Clements have filed a motion for leave to file an amicus submission in this case addressing the legality and propriety of the commutation of the defendant's sentence by the President of the United States. Mot. for Leave to File Letter Brief of Amici Curiae [Dkt. # 396]. Putting aside the fact that there is no federal or local rule addressing the participation of amici in criminal cases, such requests are generally considered based on whether they would assist the court in determining an issue that is pending before it – not to originate a request for relief. *See* Local Civil Rule 7(o) ("A motion for leave to file an amicus brief shall concisely state . . . why the matters asserted are relevant *to the disposition* of the case.") (emphasis added); Fed. R. App. Proc. 29(3)(B) (same); *see also Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (holding that courts "have permitted parties to file amicus briefs where the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs") (internal quotation marks omitted); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008), quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) ("An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . , or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied."). Here, there is no motion or question to be decided pending before the Court – indeed, there is no case pending before the Court. Since there is no mechanism in the Federal Rules of Criminal Procedure for a member of the public, even a well-intentioned law professor, to intervene in a criminal case and ask the Court to take action, much less, to revive one that has been terminated, the motion [Dkt. # 396] is hereby DENIED.

*/s/ Amy B. Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: July 29, 2020